UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

James Louis Roden Sr.,
Plaintiff,

v.

Elaine Michelle Reamer

Case No. 5:26-cv-00081-XR

and

COUNTY OF GUADALUPE, TEXAS
*Defendants*

FILED
FEB 04 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

## NOTICE OF DISABILITY, REQUEST FOR REASONABLE ACCOMMODATIONS, AND NOTICE REGARDING RELIANCE ON ASSISTANCE

TO THE HONORABLE COURT:

Plaintiff, James Louis Roden Sr., respectfully submits this Notice to advise the Court of his disabilities and related limitations, and to request reasonable accommodations to ensure meaningful access to the Court and fair participation in these proceedings.

### I. Plaintiff's Age, Veteran Status, and Medical Condition

Plaintiff is a nearly 78-year-old United States Army veteran who suffers from multiple serious medical conditions, including severe mobility limitations and a terminal illness. His medical condition substantially impairs major life activities, including walking, sitting upright for extended periods, writing, typing, and sustained verbal communication.

Plaintiff's physical condition confines him largely to bed or limited seating and prevents him from traveling or participating in legal proceedings without significant assistance.

### II. Communication and Cognitive Processing Limitations

Due to illness, pain, fatigue, and the effects of medical treatment, Plaintiff experiences substantial difficulty with sustained communication and information processing. These limitations include:

- Rapid fatigue when speaking or concentrating for extended periods;
- Difficulty organizing and articulating complex thoughts without assistance;
- Difficulty reviewing lengthy or dense legal filings independently;
- Slowed cognitive processing, particularly under time pressure or stress.

Plaintiff retains decision-making authority and understanding of his case, but he cannot efficiently or reliably communicate, draft, review, or respond to legal filings without assistance.

### III. Reliance on Assistance for Drafting and Communication

Because of the above limitations, Plaintiff necessarily relies on assistance from trusted individuals to help him:

- Read and review incoming mail and court filings;
- Organize facts, timelines, and legal issues;
- Draft pleadings, motions, and responses for filing with the Court;
- Meet procedural requirements and deadlines.
- Consideration of mail transit delays affecting Plaintiff's receipt and filing of documents, including reasonable extensions where service is made by mail.

All filings submitted in this case reflect Plaintiff's own positions, intent, and authorization, even when physically drafted or organized with assistance. Plaintiff's reliance on such assistance is the direct result of disability and medical necessity, not strategy or delegation of control. Such assistance does not include the provision of legal advice, but is limited to physical, organizational, and communication support necessitated by disability.

### IV. Financial Limitations Resulting From Plaintiff's Arrest

Plaintiff further advises the Court that his current inability to retain legal counsel is not due to lack of diligence, but to severe financial depletion resulting from the arrest and criminal proceedings that form the basis of this civil-rights action.

Following his arrest, Plaintiff was required to post a substantial bond and incur significant expenses associated with defending himself against the charges that were ultimately declined. These events exhausted Plaintiff's remaining liquid assets.

Plaintiff is retired, lives on limited fixed income, and faces substantial ongoing medical expenses related to serious and terminal illness. As a result, Plaintiff has been unable to retain private counsel on an upfront or hourly basis despite good-faith efforts to do so.

Plaintiff remains actively interested in securing legal representation and is willing to work with counsel on a contingency or alternative arrangement should such representation become available. In the interim, Plaintiff proceeds pro se out of necessity rather than choice.

### V. Requested Reasonable Accommodations

Pursuant to Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Court's inherent authority to manage its docket, Plaintiff respectfully requests reasonable accommodations, including but not limited to:

1. Liberal construction of Plaintiff's filings in light of documented disability;
2. Reasonable extensions of time for responding to filings where necessary;
3. Consideration of Plaintiff's reliance on assistance when evaluating filings or delays;
4. Flexibility regarding in-person appearances, including allowance for telephonic or remote video (Zoom) participation where appropriate.

These accommodations are requested solely to ensure parity, access, and fairness, not to seek advantage. Plaintiff respectfully reserves the right to request additional reasonable accommodations should his medical condition change or should procedural circumstances require.

### VI. Notice Regarding Continuation of Action in Event of Death or Incapacitation

Plaintiff further advises the Court that, due to his advanced age and serious medical condition, there exists a possibility of future incapacitation or death during the pendency of these proceedings.

In such event, Plaintiff expressly intends that this civil-rights action continue pursuant to Federal Rule of Civil Procedure 25, through any duly retained counsel on behalf of Plaintiff's estate or a proper successor or representative.

Plaintiff further advises the Court that, if necessary and appropriate under Rule 25, a family member — including Plaintiff's son, James Louis Roden Jr. — may seek substitution in a representative capacity, subject to the Court's approval and applicable law.

This notice is provided solely to preserve continuity of the action and to avoid unnecessary delay or confusion in the event substitution becomes necessary.

## VII. Purpose of This Notice

Plaintiff submits this Notice to ensure the Court is fully informed of his limitations and circumstances, to avoid adverse inferences based on disability-related delays or communication constraints, and to preserve meaningful access to the judicial process.

Plaintiff respectfully thanks the Court for its consideration.

*[Signature]*

Respectfully submitted,

**James Louis Roden Sr.**
Plaintiff, Pro Se
jrodensr@gmail.com


Date: 02/01/2026



**PRIORITY® FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT
APPLY PRIORITY MAIL POSTAGE HERE

**PRIORITY MAIL**

James Roden Sr.
555 Tahoe Ct.
League City TX 77573

U.S. District Clerks Office
262 West Nu[...]
San Antonio, Te[...]

EXPECTED DELIVERY DAY: 02/03/26
USPS TRACKING® #
9505 5114 4607 6031 4129 78

For international shipments, the maximum weight is 4 lbs.

Retail
U.S. POSTAGE PAID
PM
LEAGUE CITY, TX 77573
JAN 31, 2026
**$11.95**
78207
0 Lb 1.10 Oz
RDC 03
S2324P502483-75

CV-1[...]

RECEIVED
FEB - 4 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

sion: 10 x 5