Case 5:26-cv-00081-XR   Document 8   Filed 03/02/26   Page 1 of 20

FILED
MAR 02 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR., Plaintiff, | § § § | |
| v. | § § | Civil Action No. <u>5:26-cv-00081-XR</u> |
| **Elaine Michelle Reamer** in her individual capacity, | § § § § | |
| and | § § | |
| COUNTY OF GUADALUPE, TEXAS, Defendants. | § § | |

## PLAINTIFF JAMES LOUIS RODEN SR.'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 8

### I. INTRODUCTION

1. Defendants move to dismiss Plaintiff James Louis Roden Sr.'s Complaint under Federal Rule of Civil Procedure 8, arguing that the pleading is excessively lengthy and therefore fails to provide a "short and plain statement" of the claims.

2. Respectfully, the motion mischaracterizes both the structure and substance of the Complaint.

)

3. Rule 8 requires a complaint to provide fair notice of the claims and the grounds upon which they rest. It does not impose a numerical page limit, nor does it require the omission of necessary factual detail in complex constitutional litigation.

4. Plaintiff's Complaint satisfies Rule 8. It is organized chronologically, divided into clearly labeled sections, and structured into separately pleaded counts that identify the governing constitutional or statutory provision and the specific defendant against whom each claim is asserted.

5. The factual background proceeds in linear order from the underlying investigation, to the arrest and bond conditions, to post-arrest developments and eventual declination of prosecution.

6. The counts are clearly separated, identify the applicable legal standards, and tie specific factual allegations to the elements of each claim.

7. This action involves multiple constitutional and statutory claims, including unlawful seizure under the Fourth Amendment, material omissions under *Franks v. Delaware*, malicious prosecution, due process violations, ADA Title II and Section 504 claims, and municipal liability under *Monell*.

8. Because Defendants assert qualified immunity and other defenses, Plaintiff was required to plead specific, non-conclusory factual allegations demonstrating violations of clearly established law.

9. The level of detail contained in the Complaint reflects that requirement and ensures that Defendants are fully apprised of the nature of the claims against them.

10. The Complaint does not lump defendants together indiscriminately, does not rely on vague collective allegations, and does not obscure which facts support which causes of action.

11. While the Complaint is detailed, its length is a function of the number of constitutional claims asserted and the documented factual record underlying those claims.

12. Dismissal under Rule 8 is therefore unwarranted.

13. In the alternative, should the Court determine that any portion of the Complaint would benefit from clarification or streamlining, Plaintiff respectfully requests leave to amend.

14. Plaintiff proceeds pro se and has made a good-faith effort to comply with federal pleading standards while presenting a clear and chronological record of constitutional violations.

15. For these reasons, Defendants' Rule 8 motion should be denied.

## II. RULE 8 STANDARD

### A. Rule 8 Requires Intelligibility, Not Minimalism

16. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

17. The purpose of Rule 8 is to ensure that a complaint provides fair notice of the claims and the grounds upon which they rest. It does not impose a strict page limitation or require that complex constitutional claims be reduced to skeletal summaries.

18. Courts evaluating Rule 8 challenges examine whether the pleading is intelligible, organized, and sufficient to allow the defendant to frame a responsive pleading—not whether the complaint could have been written in fewer pages.

19. Length alone does not render a complaint noncompliant where the allegations are structured, chronological, and element-based.

20. Defendants rely on cases such as *Gordon v. Green* and *Alanis v. Texas* to argue that dismissal is appropriate.

21. Those cases are materially distinguishable.

22. In *Gordon*, the pleading reportedly exceeded 4,000 pages and was described as unmanageable and incomprehensible. The dismissal in that case was driven by extraordinary magnitude and lack of intelligibility.

23. Plaintiff's Complaint is approximately 147 pages—less than one-twentieth of the length at issue in *Gordon*—and is divided into clearly labeled sections with numbered paragraphs.

24. In *Alanis*, the court dismissed a pleading that was characterized as rambling, conclusory, and difficult to decipher, lacking coherent organization of claims and defendants.

25. By contrast, Plaintiff's Complaint is structured chronologically from the outset, beginning with the underlying investigation, proceeding through arrest and bond conditions, and concluding with post-arrest developments and declination of prosecution.

26. The counts begin around page 80 of the Complaint and are separately labeled, each identifying the constitutional or statutory basis of the claim and the specific defendant against whom the claim is asserted.

27. Each count sets forth the applicable legal standard and ties specific factual allegations to the elements of that claim.

28. The Complaint does not consist of stream-of-consciousness narrative, nor does it require Defendants or the Court to speculate as to which facts support which legal theories.

29. The structure of the pleading allows a reader to trace the timeline of events and understand how the alleged omissions, misstatements, and post-arrest conduct give rise to specific constitutional violations.

30. That a complaint is detailed does not make it unintelligible.

31. Rule 8 requires clarity, not minimalism.

32. Because the Complaint is structured, decipherable, and organized by count and defendant, it satisfies the Rule 8 standard.

**B. Pro Se Pleadings Are Liberally Construed**

33. It is well established in the Fifth Circuit that pleadings filed by pro se litigants are to be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys.

34. Courts are instructed to interpret pro se complaints with flexibility to ensure that potentially meritorious constitutional claims are not dismissed due to technical imperfections in drafting.

35. Plaintiff James Louis Roden Sr. proceeds pro se in this matter.

36. Plaintiff is an elderly litigant who has disclosed medical limitations and has made a good-faith effort to comply with the Federal Rules of Civil Procedure while presenting a detailed record of the events underlying his constitutional claims.

37. The Complaint itself includes a dedicated section addressing pleading sufficiency and the applicable Twombly/Iqbal standards. See Compl. at 14–16 (Section VI, "Pleading Sufficiency").

38. In that section, Plaintiff expressly acknowledges the governing pleading standards and articulates how the factual allegations satisfy the elements of the claims asserted.

39. The inclusion of a pleading-sufficiency section further demonstrates that the Complaint was structured deliberately, not haphazardly.

40. Plaintiff's effort to organize the pleading chronologically, separate each count, identify the relevant defendants, and articulate the legal standards applicable to each claim reflects good-faith compliance with Rule 8.

41. When construed liberally and evaluated in light of Plaintiff's pro se status, the Complaint provides fair notice of the claims and the grounds upon which they rest.

42. To the extent the Court determines that any clarification would be helpful, the appropriate remedy is amendment rather than dismissal.

## III. THE COMPLAINT IS STRUCTURED AND NOT A SHOTGUN PLEADING

### A. The Complaint Is Chronologically Organized

43. Defendants characterize the Complaint as excessive and difficult to follow. A review of the pleading's structure demonstrates the opposite.

44. The Complaint begins with a clearly labeled introduction and background section on page 1, setting forth the foundational context of the case.

45. The "Nature of the Action" section appears at page 7, identifying the constitutional and statutory bases of the claims.

46. The "Parties" section appears at page 10, identifying Plaintiff and each Defendant with specificity.

47. The "Jurisdiction and Venue" section appears at page 13, setting forth the statutory basis for this Court's authority.

48. The "Pleading Sufficiency" section appears at page 14, expressly acknowledging and applying the Twombly and Iqbal pleading standards.

49. The detailed factual background begins at page 16 and proceeds in chronological order through the investigative events, arrest, bond conditions, post-arrest developments, and ultimate declination of prosecution.

50. Each major event is presented in sequence with dates, documentary references, and contextual explanation.

51. The narrative is not random or disjointed; it advances in temporal order to allow the reader to understand the progression of events giving rise to the constitutional claims.

52. The Complaint then transitions to separately labeled counts beginning at approximately page 80.

53. Each count identifies the legal theory asserted, the specific defendant against whom it is brought, and the factual allegations supporting that claim.

54. This structure permits the Court and Defendants to follow the factual sequence without guesswork and to understand precisely how each phase of the timeline relates to the claims asserted.

55. The presence of clearly delineated sections, page headings, and chronological progression is inconsistent with the hallmarks of a shotgun or unintelligible pleading.

56. The Complaint therefore satisfies Rule 8's requirement of clarity and fair notice through its deliberate chronological organization.

## B. Each Count Identifies the Defendant and Legal Basis

57. Defendants' assertion that the Complaint constitutes a shotgun pleading is further contradicted by the clear separation of counts and identification of defendants within the pleading.

58. Each count is separately titled, identifies the constitutional or statutory basis of the claim, and specifies the defendant against whom the claim is asserted.

59. Count 1 asserts a Fourth Amendment unlawful seizure and false arrest claim under 42 U.S.C. § 1983 against Defendant Sergeant Elaine M. Reamer in her individual capacity.

60. Count 2 asserts a malicious prosecution claim under the Fourth Amendment and § 1983 against Defendant Reamer in her individual capacity and, where applicable, asserts related municipal liability allegations under Monell.

61. Count 3 asserts a Fourteenth Amendment due process claim against Guadalupe County.

62. Count 4 asserts a claim under Title II of the Americans with Disabilities Act against Guadalupe County.

63. Count 5 asserts a claim under Section 504 of the Rehabilitation Act against Guadalupe County.

64. Count 6 asserts a claim for denial of access to courts against Guadalupe County.

65. Count 7 asserts municipal liability under Monell v. Department of Social Services against Guadalupe County based on alleged policy, custom, or practice.

66. The Complaint does not indiscriminately attribute conduct to "Defendants" without specification.

67. Where conduct is attributed, it is attributed to a named actor or to the County under a clearly labeled municipal liability theory.

68. The pleading therefore allows each Defendant to understand precisely which claims are directed at them and to prepare an appropriate response.

69. The separation of counts, identification of legal bases, and specification of defendants is inconsistent with the characteristics of a shotgun pleading.

70. The Complaint's structure reflects deliberate organization rather than confusion or conflation.

### C. The Complaint Contains Specific, Non-Conclusory Factual Allegations

71. Defendants' motion suggests that the Complaint is excessive or argumentative. A review of the factual allegations demonstrates that the pleading is specific, date-driven, and supported by identifiable documentation.

72. The Complaint references sworn affidavits executed by named individuals and identifies the substance of those affidavits as they relate to the alleged tampering narrative and subsequent contradictions.

73. The Complaint references a recorded March 18, 2025 telephone call in which statements were made regarding the truthfulness of prior affidavits and the absence of firsthand knowledge.

74. The Complaint identifies a notarized verification letter and notary log confirming execution of a November 15, 2024 affidavit, directly contradicting later sworn testimony denying its authenticity.

75. The Complaint sets forth the specific bond conditions imposed upon Plaintiff, including no-contact restrictions and travel limitations, and alleges the duration of those restrictions.

76. The Complaint references medical documentation and disability-related records relevant to Plaintiff's physical condition and to the ADA-based claims asserted against the County.

77. The Complaint identifies the filing of an Internal Affairs complaint and the absence of documented corrective action.

78. The Complaint references formal ADA notices and related communications submitted to County officials.

79. The Complaint identifies motions for examining trial and other procedural filings submitted in the state criminal matter, as well as the absence of timely judicial review.

80. The Complaint alleges a 190-day delay between arrest and declination of prosecution, during which Plaintiff remained subject to legal restraints.

81. The Complaint references the formal declination letter issued by the prosecution and the date on which the criminal matter was terminated.

82. These allegations are not abstract accusations. They are tied to specific dates, specific documents, and specific recorded statements.

83. The Complaint therefore provides Defendants with sufficient factual detail to admit, deny, or otherwise respond to each allegation.

84. Because the pleading sets forth concrete facts supported by identifiable documentary materials, it does not constitute conclusory or speculative pleading under Rule 8.

85. The level of specificity reflects compliance with federal pleading standards, particularly in a case where qualified immunity and municipal liability are at issue.

## IV. INCORPORATION AND EXHIBITS DO NOT CREATE CONFUSION

86. Defendants argue that the Complaint's incorporation of prior paragraphs and references to exhibits render it confusing or noncompliant with Rule 8.

87. Incorporation by reference is a standard and accepted practice in federal pleading.

88. Courts routinely permit plaintiffs to incorporate previously pleaded factual allegations into subsequent counts to avoid unnecessary repetition and to preserve clarity.

89. A pleading becomes problematic only where incorporation is indiscriminate and makes it impossible to determine which facts support which claims.

90. That is not the case here.

91. In this Complaint, the factual background is presented chronologically and is then incorporated into separately pleaded counts that identify the governing legal standard and the specific elements of each claim.

92. Each count applies the incorporated facts to the elements of that particular cause of action, rather than leaving the reader to speculate as to relevance.

93. The incorporation language therefore promotes organization and efficiency rather than confusion.

94. Defendants likewise challenge the volume of exhibits referenced in the Complaint.

95. The exhibits cited are documentary materials—such as sworn affidavits, recorded communications, bond orders, medical documentation, ADA notices, and official correspondence—that provide factual support for the allegations.

96. The exhibits do not replace factual pleading; the factual allegations themselves are clearly set forth in the body of the Complaint.

97. References to documentary materials enhance clarity by identifying the source of specific factual assertions.

98. Defendants have not identified a single paragraph within the Complaint that is incomprehensible, contradictory, or incapable of being answered.

99. The absence of any specific example of confusion undermines Defendants' claim that incorporation or exhibit references render the Complaint unintelligible.

100. Because the Complaint remains organized, element-based, and tied to identifiable factual materials, incorporation by reference and citation to exhibits do not violate Rule 8.

## V. QUALIFIED IMMUNITY REQUIRES FACTUAL DETAIL

101. Defendants' Rule 8 motion overlooks a central procedural reality: Defendant Sergeant Reamer asserts qualified immunity.

102. When qualified immunity is raised, a plaintiff must plead specific, non-conclusory facts demonstrating the violation of clearly established constitutional rights.

103. The Fifth Circuit requires plaintiffs to allege particularized facts showing what the officer knew, what actions were taken, and how those actions violated clearly established law.

104. In claims alleging unlawful seizure and false arrest under *Franks v. Delaware*, specificity is essential. A plaintiff must identify the alleged omissions or misrepresentations and explain how inclusion of the omitted information would negate probable cause.

105. Likewise, claims of malicious prosecution and continued seizure under *Manuel v. City of Joliet* require detailed allegations concerning the duration of restraint, the dissipation of probable cause, and the timing of prosecutorial action.

106. Plaintiff's Complaint provides that level of detail.

107. The pleading identifies the contents of the arrest-warrant affidavit, the alleged omissions, the contradictory sworn statements, the notarized verification, the recorded communications, and the duration of bond restrictions.

108. It further alleges the absence of timely judicial review, including the lack of an examining trial and the delay between arrest and declination of prosecution.

109. These allegations are not decorative; they are necessary to satisfy the heightened pleading burden applicable when qualified immunity is at issue.

110. Stripping the Complaint of factual specificity in the name of brevity would undermine the Court's ability to evaluate whether clearly established law was violated.

111.    Detailed allegations concerning medical documentation, disability status, and bond conditions are also directly relevant to Plaintiff's ADA and due process claims.

112.    Plaintiff is an elderly individual with documented medical limitations, and the Complaint alleges that those limitations were known to County officials during the period of continued restraint.

113.    The inclusion of those medical and disability-related facts is necessary to evaluate the ADA and constitutional claims asserted.

114.    The Complaint's length therefore reflects the complexity of the constitutional issues presented and the need to plead particularized facts in response to a qualified immunity defense.

115.    The presence of detailed, date-specific allegations does not indicate disorder; it indicates compliance with federal pleading standards governing civil rights litigation.

116.    Rule 8 should not be used to compel a plaintiff to plead constitutional claims with less specificity than governing precedent requires.

117.    Because Plaintiff's factual detail is necessary to permit proper adjudication of qualified immunity and related defenses, the Complaint's length reflects necessity rather than noncompliance.

## VI. IN THE ALTERNATIVE – LEAVE TO AMEND

118.    Plaintiff respectfully maintains that the Complaint satisfies Rule 8 and provides fair notice of the claims asserted.

119.     However, should the Court determine that any portion of the Complaint would benefit from clarification or streamlining, Plaintiff respectfully requests leave to amend rather than dismissal.

120.     Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires.

121.     Plaintiff is prepared to file a streamlined amended complaint that addresses any specific structural concerns identified by the Court while preserving the substantive constitutional and statutory claims asserted.

122.     Plaintiff respectfully requests that any guidance provided by the Court identify particular areas requiring clarification so that amendment may be targeted and efficient.

123.     Plaintiff further requests that any amendment order avoid imposing a rigid page limitation that would prevent the pleading of specific factual allegations necessary to overcome qualified immunity and to support ADA and municipal liability claims.

124.     The factual detail included in the Complaint reflects a good-faith effort to comply with federal pleading standards in a case involving multiple constitutional theories and documented medical considerations.

125.     Accordingly, in the alternative, Plaintiff respectfully requests leave to amend without prejudice.

## VII. CONCLUSION

126.     For the foregoing reasons, Defendants' Motion to Dismiss under Rule 8 should be denied.

127. The Complaint is structured, chronological, and element-based, and it provides fair notice of the claims asserted and the defendants against whom those claims are directed.

128. In the alternative, should the Court determine that clarification or streamlining is warranted, Plaintiff respectfully requests leave to amend without prejudice and with appropriate guidance.

129. Plaintiff respectfully requests such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ James Louis Roden Sr.*
James Louis Roden Sr.
1555 Tahoe Court
League City, Texas 77573
Email: jrodensr@gmail.com
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>27th</u> day of February, 2026, a true and correct copy of the foregoing Plaintiff James Louis Roden Sr.'s Response to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 8 was served upon counsel of record in accordance with the Federal Rules of Civil Procedure by depositing the same in the United States Mail, certified mail return receipt requested, addressed as follows:

Stephen B. Barron
Blair J. Leake
WRIGHT & GREENHILL, P.C.
4700 Mueller Blvd., Suite 200
Austin, Texas 78723

and by electronic mail to:

sbarron@w-g.com
bleake@w-g.com

*James Louis Roden Sr.*
James Louis Roden Sr.

18

Dear District Clerk,

Inclosed are two separate filings for two separate cases. One is for James Louis Roden Sr and the other is for James Louis Roden Jr. The case numbers are on the Response to the Motion to Dismiss. Thank you for your help and understanding.

Thank you,
James Louis Roden Sr.

PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL    FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE** — Retail

**P** US POSTAGE PAID
$11.95
Origin: 77573
02/27/26
4850300573-34

PRIORITY MAIL®

0 Lb 8.60 Oz
RDC 03

EXPECTED DELIVERY DAY: 03/03/26

C009

SHIP TO:
262 W NUEVA
SAN ANTONIO TX 78207-4529

USPS TRACKING® #
9505 5114 4609 6058 5440 56

FROM:
James Roden Jr. & Sr.
1555 Tahoe Ct.
League City TX 77573

SCREENED BY CSC
MAR -2 2026

TO:
U.S. District Clerk's Office
262 West Nueva St
San Antonio TX 78207

RECEIVED
MAR - 2 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

CY-1
CY-4