IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00081-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
|     *Defendants*. | § | |

**DEFENDANT ELAINE MICHELLE REAMER'S
REPLY IN SUPPORT OF RULE 8 DISMISSAL**

TO THE HONORABLE UNITED STATES JUDGE:

Defendant, **Guadalupe County Sergeant Elaine Michelle Reamer,** now files this Reply in Support of the Motion to Dismiss Plaintiff James Louis Roden Sr.'s Original Complaint pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and would show the Court as follows:

## I.   ARGUMENTS & AUTHORITIES

**A. Plaintiff admits in his Response that he is capable of filing a "streamlined" amended complaint. This Court should accept Plaintiff's admission and require Plaintiff to file that "streamlined" amended complaint.**

1. In Response to Sgt. Reamer's Motion to Dismiss pursuant to Rule 8, Plaintiff Roden Sr. asserts that he "is prepared to file a streamlined amended complaint that addresses any specific structural concerns identified by the Court…".[1] This Court should accept Plaintiff's admission and require Plaintiff to file that streamlined amended complaint subject to page limitations.

2. Plaintiff's Original Complaint is 147 pages and attached a plethora of exhibits—all of which are sealed on the Court's docket because Plaintiff failed to make the necessary redactions on those exhibits in compliance with Federal Rule of Civil Procedure 5.2.[2] In arguing against dismissal, the gravamen of Plaintiff's argument is that his case is complex and therefore required voluminous pleadings and copious exhibits. District Courts regularly adjudicate much more complex cases, and Courts have rejected arguments by *pro se* litigants who claim that their case's inherent complexity excuse them from pleading their case with "short and plain statements" as required by Rule 8.[3]

3. While *pro se* pleadings are entitled to be liberally construed, that standard does not require "Defendants and the Court to sift through" hundreds of pages.[4] At bottom, U.S. District Courts in Texas "have held that prolix and/or confusing complaints should be dismissed because such pleadings make it difficult for the defendant to file a responsive pleading and for the court

---

[1] Pl. Resp. in Opp. to Rule 8 Mot. to Dismiss, ¶ 121, Dkt. 8.
[2] FED. R. CIV. P. 5.2 (requiring redactions for privacy protection in filings made with the Court).
[3] *Vanderbol v. State Farm Mut. Auto Ins. Co.*, No. 4:19-CV-119-SDJ-KPJ, 2020 WL 7327996, at *4 – *5 (E.D. Tex. Sept. 1, 2020), report and recommendation adopted in part, No. 4:19-CV-119-SDJ, 2020 WL 6866393 (E.D. Tex. Nov. 23, 2020), aff'd, No. 20-40875, 2021 WL 2577611 (5th Cir. Mar. 1, 2021) (dismissing a *pro se* plaintiff's argument that his claims "inherently require[d] lengthy and complex pleadings…".)
[4] *Id*. at *4.

to conduct orderly litigation."[5] Here, Plaintiff's current original complaint would undoubtably prejudice these Defendants if it were not dismissed with instructions to replead. Pursuant to Rule 8, Sgt. Reamer would be forced to individually answer and respond to over 450 paragraphs and admit or deny each individual allegation that "fairly respond[s] to the substance of the allegation."[6]

4.  Sgt. Reamer accordingly asks this Court to save her from that burden and grant the Defense's Rule 8 Motion to Dismiss. Plaintiff Roden states he is capable of a streamlined complaint. Accordingly, he will not be prejudiced by this Court requiring him to abide by his representation.

   **B. The Defense re-urges a request for reasonable page limitations on Plaintiff's Amended Complaint and suggest 35 pages. Additionally, the Defense urges an instruction that any Exhibits filed with the Court to support any amended pleadings be appropriately redacted under Rule 5.2.**

5.  In *Alanis*, Judge Biery granted a motion to dismiss pursuant to Rule 8, and required the Plaintiff to file an amended complaint that was "limited to 25 pages, including exhibits, plainly and concisely stating all of her claims."[7] Here, the Defense asks for more modest limitations considering the sheer breadth of the claims *pro se* Plaintiff Roden appears to be attempting in this action.

6.  The Defense respectfully suggests that any amended complaint be limited to 35 pages—exclusive of exhibits.

---

[5] *Id*. (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 – 76 (7th Cir. 1994).
[6] FED. R. CIV. P. 8(2).
[7] *Alanis v. U.S. Bank Nat'l Ass'n*, No. SA23CV749FBHJB, 2024 WL 626622, at *2 (W.D. Tex. Jan. 31, 2024), report and recommendation adopted, No. SA-23-CV-749-FB, 2024 WL 845881 (W.D. Tex. Feb. 27, 2024).

7.      However, the Defense would further respectfully urge that this Court require any exhibits filed by Roden in support of his pleadings be in compliance with Federal Rule 5.2[8] and other applicable redaction requirements—so that they be filed on the Court' docket where practicable[9] and subjected to the Defense's scrutiny without the need to file a Motion to access sealed filings.

## II.     PRAYER

8.      For the reasons set forth herein, Defendant, Guadalupe County Sergeant Elaine Michelle Reamer respectfully requests the Court to dismiss Plaintiff's Complaint without prejudice, and additionally, or in the alternative, order Plaintiff to file and serve an amended complaint that complies with Rule 8, subject to page limitations deemed appropriate by the Court, and to grant Defendant any further relief, at law or equity, to which she may be justly entitled.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By:      /s/ Stephen B. Barron
Stephen B. Barron
State Bar No. 24109619
sbarron@w-g.com
Blair J. Leake
State Bar No. 24081630
bleake@w-g.com
**ATTORNEYS FOR DEFENDANTS,
ELAINE MICHELLE REAMER AND
COUNTY OF GUADALUPE, TEXAS**

---

[8] Pursuant to Rule 5.2 (6), some *pro se* filing are not subject to redactions. However, none of these exceptions apply here in this 42. U.S.C §1983 case brough under the auspices of this Court federal question jurisdiction pursuant to 28 U.S.C. §1331.

[9] The Defense is sensitive to the fact that some of the Exhibits purportedly proffered by Roden with his Original Complaint likely could not be publicly filed even with Rule 5.2 redactions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2026, a true and correct copy of the foregoing document was caused to be served upon parties of record via E-File/E-Service/EMail, in accordance with the Federal Rules of Civil Procedure.

**James Louis Roden Sr.**
1555 Tahoe Court
League City, Texas 77573
Email: jroclcnsr@gmail.com
*Pro Se Plaintiff*

                                                          /s/ Stephen B. Barron
                                                          Stephen B. Barron