**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**James Louis Roden Sr.,**                                    **Case No. 5:26-cv-00081**
Plaintiff,

v.

**ELAINE MICHELLE REAMER and
Guadalupe County, et al.,**
*Defendants.*

**PLAINTIFF'S MOTION TO PRESERVE EVIDENCE AND REQUEST FOR EXPEDITED
CONSIDERATION**

Plaintiff James Louis Roden Sr., proceeding pro se, respectfully moves this Court for an

Order directing Defendants to preserve relevant evidence within their possession, custody,

or control, and in support thereof states as follows:

**I. INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from Plaintiff's arrest

and prosecution related to allegations involving tampering with a witness. Central to

Plaintiff's claims are the communications, investigative materials, and electronically stored

information ("ESI") that formed the basis of the investigation and arrest.

Plaintiff has reason to believe that critical evidence includes communications between

Defendants and third parties, as well as internal communications among law enforcement

and prosecutorial personnel, which directly relate to the investigation, probable cause

determination, and initiation of criminal proceedings against Plaintiff.

1

Plaintiff previously issued preservation requests in or about May 2025 and again upon filing this lawsuit. Despite such notice, the risk of loss or destruction of electronically stored information remains ongoing due to routine data retention policies and system limitations.

## II. LEGAL STANDARD

Federal courts possess inherent authority to enter orders preserving evidence to prevent spoliation and to ensure the integrity of judicial proceedings. See *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (2004).

Additionally, under Federal Rule of Civil Procedure 37(e), a party has a duty to preserve electronically stored information when litigation is reasonably anticipated.

## III. NEED FOR PRESERVATION

The evidence at issue includes electronically stored information and communications that are:

- Central to Plaintiff's claims of false arrest, malicious prosecution, and constitutional violations;

- Potentially subject to routine deletion or overwriting;

- Not otherwise accessible to Plaintiff absent formal discovery.

Such evidence includes, but is not limited to, communications reflecting:

- The origin of allegations against Plaintiff;

- The involvement of third parties in the investigation;

- The decision-making process leading to Plaintiff's arrest and prosecution;

- Internal coordination between law enforcement and prosecutorial entities.

## IV. REQUEST FOR PRESERVATION

Plaintiff respectfully requests that the Court order Defendants, including Guadalupe County, the Guadalupe County Sheriff's Office, and the Guadalupe County Attorney's Office, to preserve all documents, communications, and electronically stored information within their possession, custody, or control relating to Plaintiff, the investigation, and the alleged charges.

### A. Communications Involving Plaintiff

All communications referencing or concerning Plaintiff **James Louis Roden Sr.**, the investigation, or the alleged offense.

### B. Communications with Third Parties (As Maintained by Defendants)

All communications within Defendants' possession between Defendants and third parties—including but not limited to:

- Shelby Jane Koelle

- Cody Lane Koelle

- Andrea Martin Koelle

- John Green (attorney for Michael Allen Walker)

- Melissa Cortez (private investigator)

3

**to the extent such communications relate to Plaintiff or the investigation.**

**C. Internal Government Communications**

All internal communications among personnel of:

- Guadalupe County Sheriff's Office (including Officer Elaine Reamer and investigators)

- Guadalupe County Attorney's Office (including Jessica Johnson, Ileen Rangel, Jonathan Amdur, David Willborn, and others)

**to the extent such communications relate to Plaintiff, the investigation, arrest, prosecution, or Public Information Act requests.**

**D. Electronically Stored Information (ESI) and Metadata**

Defendants shall preserve all electronically stored information in its native format, including associated metadata, to the extent such information relates to Plaintiff, the investigation, arrest warrant affidavit, or prosecution.

This includes:

- Arrest warrant affidavits (including drafts and revisions)

- Records reflecting review, approval, and execution of the warrant

- Emails and electronic communications

- Investigative reports, notes, and case files

- Internal documentation reflecting development of probable cause

4

## V. PRESERVATION OF NON-PARTY TELECOMMUNICATION RECORDS

Plaintiff respectfully requests that the Court order T-Mobile to preserve all call detail records ("CDRs"), text message metadata (excluding content), and related account records associated with Plaintiff's account.

This applies to the following telephone numbers:

- (417) 593-1714 – James Louis Roden Sr.

- (210) 378-6695 – Line associated with Plaintiff's Wife

Such records include:

- Call logs (incoming and outgoing)

- Dates, times, and durations

- Numbers associated with communications

- SMS/MMS metadata (excluding content)

- Account notes and logs

The preservation obligation shall apply to records from **January 1, 2024, through the present**, or the earliest available date within the carrier's systems.

## VI. PRIOR NOTICE AND DUTY TO PRESERVE

Plaintiff previously provided notice to Defendants to preserve relevant evidence in or about May 2025 and again upon filing this action. Defendants have therefore been on notice of their duty to preserve relevant evidence.

5

## VII. REQUEST FOR EXPEDITED CONSIDERATION

Plaintiff respectfully requests expedited consideration due to the risk of loss of electronically stored information through routine deletion policies.

## VIII. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendants to preserve all evidence described herein;

2. Order non-party T-Mobile to preserve the telecommunications records described herein;

3. Prohibit deletion, alteration, or destruction of such evidence;

4. Grant expedited consideration; and

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ James Louis Roden Sr.
**James Louis Roden Sr.**
Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on this **20th** day of **March,** 2026, I electronically filed the foregoing Plaintiff's Motion to Preserve Evidence with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

**Stephen B. Barron**
State Bar No. 24109619
sbarron@w-g.com

**Blair J. Leake**
State Bar No. 24081630
bleake@w-g.com

WRIGHT & GREENHILL, P.C.
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
Telephone: (512) 476-4600
Facsimile: (512) 476-5382

Attorneys for Defendants Elaine Michelle Reamer and County of Guadalupe, Texas

/s/ James Louis Roden Sr.
**James Louis Roden Sr.**
Plaintiff, Pro Se
Email: jrodensr@gmail.com
1555 Tahoe Court
League City TX 77573
(417) 593-1714

# Exhibit A

 Gmail

Paladin R <jimlouisroden@gmail.com>

---

## PRESERVATION OF EVIDENCE REQUEST CASE #24-02887 and CASE# 24-1775-CR-B

1 message

---

**Paladin R** <jimlouisroden@gmail.com>                                                  Mon, May 5, 2025 at 9:20 PM
To: dwillborn@co.guadalupe.tx.us, cagroup@co.guadalupe.tx.us, kimberly.mcmahon@co.guadalupe.tx.us,
linda.balk@guadalupetx.gov, sheriff@co.guadalupe.tx.us, so.openrecords@guadalupetx.gov
Cc: Mark Pryor <mark@coferconnelly.com>, Megan Rue <megan.rue@coferconnelly.com>, Brianna Leishman
<Brianna.Leishman@coferconnelly.com>, justin@coferconnelly.com, Cristina Morris <Cristina.Morris@coferconnelly.com>

Dear Guadalupe County Officials,

Attached to this email is a formal **Preservation of Evidence Request** related to my arrest on April 8, 2025, under the
charge of Tampering with a Witness. This request is submitted in accordance with my rights under the **Texas Code of
Criminal Procedure Article 39.14 (Michael Morton Act)** and applicable constitutional due process protections.

The request outlines specific materials I respectfully ask your offices to preserve, including evidence, documents, videos,
and communications that may be relevant to my legal defense and future proceedings.

Please confirm receipt of this request and do not hesitate to contact my lawyer if clarification is needed. I am working
closely with legal counsel, who has been copied in this correspondence.

Sincerely,
**James Louis Roden Jr.**
Date of Birth: 07/02/1978
Phone: (210) 482-0802
Email: jimlouisroden@gmail.com

**Lawyer Contact Information :**
**Mark Pryor - Cofer & Connetty**
Email: mark@coferconnelly.com
Phone: (512) 991-0576
Website: https://www.coferconnetty.com/

---

📄 **PRESERVATION OF EVIDENCE REQUEST CASE 24-02887 and CASE 24-1775-CR-B May 5th 2025 9_10
PM.pdf**
784K



**Paladin R <jimlouisroden@gmail.com>**

---

# PRESERVATION OF EVIDENCE REQUEST CASE #24-02887 and CASE# 24-1775-CR-B

1 message

---

**Paladin R** <jimlouisroden@gmail.com>                                    Mon, May 5, 2025 at 9:20 PM
To: dwillborn@co.guadalupe.tx.us, cagroup@co.guadalupe.tx.us, kimberly.mcmahon@co.guadalupe.tx.us,
linda.balk@guadalupetx.gov, sheriff@co.guadalupe.tx.us, so.openrecords@guadalupetx.gov
Cc: Mark Pryor <mark@coferconnelly.com>, Megan Rue <megan.rue@coferconnelly.com>, Brianna Leishman
<Brianna.Leishman@coferconnelly.com>, justin@coferconnelly.com, Cristina Morris <Cristina.Morris@coferconnelly.com>

Dear Guadalupe County Officials,

Attached to this email is a formal **Preservation of Evidence Request** related to my arrest on April 8, 2025, under the
charge of Tampering with a Witness. This request is submitted in accordance with my rights under the **Texas Code of
Criminal Procedure Article 39.14 (Michael Morton Act)** and applicable constitutional due process protections.

The request outlines specific materials I respectfully ask your offices to preserve, including evidence, documents, videos,
and communications that may be relevant to my legal defense and future proceedings.

Please confirm receipt of this request and do not hesitate to contact my lawyer if clarification is needed. I am working
closely with legal counsel, who has been copied in this correspondence.

Sincerely,
**James Louis Roden Jr.**
Date of Birth: 07/02/1978
Phone: (210) 482-0802
Email: jimlouisroden@gmail.com

**Lawyer Contact Information :**
**Mark Pryor - Cofer & Connetty**
Email: mark@coferconnelly.com
Phone: (512) 991-0576
Website: https://www.coferconnetty.com/

---

📕 **PRESERVATION OF EVIDENCE REQUEST CASE 24-02887 and CASE 24-1775-CR-B May 5th 2025 9_10
PM.pdf**
784K

**PRESERVATION OF EVIDENCE REQUEST CASE #24-02887 and CASE# 24-1775-CR-B**

**To:** Guadalupe County Attorney's Office
**Cc:** Guadalupe County Sheriff's Office
**From:** James Louis Roden Jr.
**DOB:** 07/02/1978
**Address:** 1005 Beaumont Street League City, TX 77573
**Email:** jimlouisroden@gmail.com
**Phone: (210) 482-0802**
**Date:** 05/06/2025

---

**RE: Request to Preserve All Case-Related Evidence – Pending Criminal Allegation**

To Whom It May Concern,

I am writing to formally request, under the protections provided by the **Texas Code of Criminal Procedure Article 39.14 (Michael Morton Act)** and relevant **constitutional due process rights**, the preservation of all physical, digital, audio, video, and documentary evidence related to my arrest and pending criminal charge of:

**Tampering with a Witness – Family Violence Case, First Degree Felony**
**Date of Arrest:** April 8, 2025
**Affidavit signed by Officer Elaine Reamer, Guadalupe County Sheriff's Office**

This request applies to any and all materials in possession of the **Guadalupe County Attorney's Office**, **Guadalupe County Sheriff's Office**, or any associated law enforcement, medical, or judicial agencies.

---

**I respectfully request preservation of, but not limited to, the following items:**

1. **Victim Interview Video**: April 4, 2024 video of Shelby Jane Koelle conducted by Investigator Elaine Reamer.

2. **Sworn Affidavits by Shelby Koelle**: Including notarized affidavits provided to the court and County Attorney's Office in March 2025.

3. **Recorded Phone Calls & Texts**: Any communications between myself, Shelby Koelle, or other family members related to this case.

4. **Internal Communications**: Emails, texts, and notes between County Attorney Jessica Johnson, other attorneys, and Officer Reamer referencing myself or my family members, and any communication with or referencing other agencies such as Adult Protective Services or the Texas Department of Family and Protective Services." (Family Members: James Louis Roden Sr, James Louis Roden Jr, Kimberly Kennedy, Dolores Jane Roden, Jamie

1

Renee Walker, Cody Lane Koelle, Andrea Martin (Koelle) Colby Koelle and Shelby Jane Koelle).

5. **All Video & Audio Evidence**: Including any videos provided by me or obtained through public or private means.

6. **Return Slips of Executed Arrest Warrants**: For James Roden Jr., James Roden Sr., and Jamie Renee Walker.

7. **Officer Reamer's Case Notes**: Any investigation logs, supplemental reports, or field notes used to draft the arrest warrant affidavit.

8. **Communications from the Sheriff's Office to the County Attorney's Office**: Pertaining to the arrest and charge against James Louis Roden Jr, James Louis Roden Sr, Jamie Renee Walker and the alleged victim Shelby Jane Koelle.

---

**Legal Standing**

This request is being made to ensure **due process**, protect my **constitutional rights**, and prevent the potential **loss, destruction, or modification of exculpatory evidence** that may be central to my defense.

Failure to preserve relevant materials after receipt of this notice may constitute **spoliation of evidence** and may result in legal consequences including, but not limited to, motions for suppression, evidentiary sanctions, or civil action under **42 U.S.C. § 1983** if a pattern of misconduct is shown.

I appreciate your attention to this matter. Please confirm receipt of this request and feel free to contact my lawyer with any questions.

Sincerely,
**James Louis Roden Jr.**

James Louis Roden Jr.                                    05-05-2025

Lawyer Contact Information:
Mark Pryor – Cofer & Connelly
Email: mark@coferconnelly.com
Phone: 512-991-0576
Website: https://www.coferconnelly.com/

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**James Louis Roden Sr.,**                                  <u>Civil Action No. 5:26-cv-00081</u>
*Plaintiff,*

v.

**ELAINE MICHELLE REAMER and**
**Guadalupe County, et al.,**
*Defendants.*

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO PRESERVE EVIDENCE**

Before the Court is Plaintiff's Motion to Preserve Evidence. Having considered the motion

and the record, the Court finds that the motion should be **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

**1. Preservation by Defendants**

Defendants, including Guadalupe County, the Guadalupe County Sheriff's Office, and the

Guadalupe County Attorney's Office, shall preserve all documents, communications, and

electronically stored information ("ESI") within their possession, custody, or control that

relate to Plaintiff James Louis Roden Sr., the investigation, arrest, prosecution, or alleged

charges at issue in this case.

Such preservation shall include, but is not limited to:

- Emails (including archived emails)

- Text messages and messaging application data

1

- Call logs and metadata

- Internal reports, notes, memoranda, and investigative materials

- Communications between Defendants and third parties relating to Plaintiff or the investigation

## 2. Preservation of Communications with Third Parties

Defendants shall preserve all communications within their possession, custody, or control between Defendants and third parties—including but not limited to Shelby Jane Koelle, Cody Lane Koelle, Andrea Martin Koelle, John Green, and Melissa Cortez—to the extent such communications relate to Plaintiff, the investigation, or the alleged offense.

## 3. Internal Government Communications

Defendants shall preserve all internal communications among personnel of the Guadalupe County Sheriff's Office and the Guadalupe County Attorney's Office, including but not limited to communications involving Officer Elaine Reamer, investigators, supervisors, Jessica Johnson, Ileen Rangel, Jonathan Amdur, David Willborn, and any other personnel involved in Plaintiff's case, to the extent such communications relate to Plaintiff, the investigation, arrest, prosecution, or Public Information Act requests.

## 4. Preservation of Electronically Stored Information and Metadata

Defendants shall preserve all electronically stored information in its native format, including associated metadata, to the extent such information relates to Plaintiff, the investigation, arrest warrant affidavit, or prosecution.

2

This includes, but is not limited to:

- Arrest warrant affidavits, including drafts and revisions

- Records reflecting the review, approval, and execution of the warrant

- Emails and electronic communications

- Investigative reports, notes, and case files

- Internal documentation reflecting the development of probable cause

**5. Preservation by Non-Party Carrier**

T-Mobile is hereby ORDERED to preserve all call detail records ("CDRs"), text message metadata (excluding content), and related account records associated with the following telephone numbers:

- (417) 593-1714

- (210) 378-6695

Such records shall include, but are not limited to:

- Incoming and outgoing call logs

- Dates, times, and durations of calls

- Phone numbers associated with communications

- SMS/MMS metadata (excluding message content)

- Account notes and logs maintained in the ordinary course of business

3

This preservation obligation shall apply to records from January 1, 2024, through the present, or the earliest date such records remain available within the carrier's systems, whichever is earlier.

## 6. Scope of Order

This Order requires preservation only and does not require production of any records at this time.

## 7. Duration of Preservation Obligation

All parties and the non-party carrier shall maintain and preserve the above-described evidence until further order of the Court.

**SIGNED this ____ day of _____, 2026.**

_____
UNITED STATES DISTRICT JUDGE

4