IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LOUIS RODEN SR.,  §
Plaintiff,  §
 §
 §
v.  §      Case No. 5:26-cv-00081-XR
 §
 §
ELAINE MICHELLE REAMER, and  §
COUNTY OF GUADALUPE, TEXAS  §
Defendants.  §
 §

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CIVIL RIGHTS COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff James Louis Roden Sr., proceeding pro se, respectfully moves for leave to file his First Amended Civil Rights Complaint. In support, Plaintiff would show the Court as follows:

### I. Introduction

1. Plaintiff seeks leave to file a First Amended Civil Rights Complaint in good faith to address the Rule 8 concerns raised by Defendants and to assist the Court in evaluating Plaintiff's claims in a clearer and more efficient manner.

2. Plaintiff's prior complaint was approximately 146 pages. The proposed First Amended Civil Rights Complaint condenses the allegations into approximately 35 pages while preserving the core factual and legal claims. Plaintiff submits this narrowed pleading to demonstrate good faith, cooperation with the Court, and a sincere effort to reduce burden on the Court and Defendants.

1

3. The proposed amended complaint does not seek to delay this case, multiply proceedings, or unfairly prejudice Defendants. Instead, it clarifies and organizes Plaintiff's allegations around the central issues in this civil-rights action: the April 7, 2025 arrest warrant affidavit, alleged absence of probable cause, material falsehoods and omissions, lack of independent investigation, continuing felony restraint, ADA-access issues, retaliation for protected advocacy, and municipal liability under Monell.

## II. Legal Standard

4. Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave" to amend pleadings "when justice so requires." Leave to amend is generally favored unless there is a substantial reason to deny it, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility.

5. Plaintiff is proceeding pro se. Pro se civil-rights pleadings are liberally construed, but Plaintiff also recognizes the need to present his allegations in a clear, concise, and orderly manner under Rule 8. The proposed amended complaint is intended to do exactly that.

## III. Basis for Amendment

6. Plaintiff seeks leave to amend for the following reasons:

7. First, Plaintiff seeks to clarify the factual basis for his Fourth Amendment claims. The proposed amended complaint more clearly explains why the April 7, 2025 warrant affidavit allegedly failed to allege facts satisfying Texas Penal Code section 36.05. It identifies the missing elements of witness tampering, including the absence of a verified communication, coercion or benefit, false testimony sought, witness-status facts, official-proceeding nexus, venue, and first-degree felony enhancement facts.

8. Second, Plaintiff seeks to clarify the Franks and Malley allegations against Defendant Reamer. The proposed amended complaint identifies the alleged material omissions and misleading statements in the warrant affidavit and explains why a corrected affidavit would not establish probable cause or arguable probable cause.

9. Third, Plaintiff seeks to organize the post-arrest facts relevant to continuing seizure and favorable termination. The proposed amended complaint includes facts showing that Plaintiff remained under felony bond restrictions for months, was not indicted, repeatedly sought judicial probable-cause review, and had the charge declined without conviction, plea, deferred adjudication, pretrial diversion, or admission of guilt.

10. Fourth, Plaintiff seeks to strengthen and clarify the ADA and access-to-court allegations. The proposed amended complaint adds facts showing Plaintiff's disability, medical limitations, repeated requests for ADA accommodations, requests for remote appearance, attempts to obtain an examining trial, delay in meaningful court access, and the burden imposed on Plaintiff while he remained under first-degree felony bond restrictions.

11. Fifth, Plaintiff seeks to clarify the Monell allegations against Guadalupe County. The proposed amended complaint explains the alleged County customs, failures, and ratification more clearly, including sheriff-side failure to independently investigate prosecutor-routed accusations, failure to train or supervise regarding warrant affidavits and disability access, failure to correct after notice, and ratification of the alleged unconstitutional process.

12. Sixth, Plaintiff seeks to make the pleading more orderly and efficient. The proposed amended complaint is organized by factual background, warrant defects, corrected-affidavit analysis, post-

arrest events, ADA/access facts, County pattern evidence, claims, damages, and prayer for relief. This structure will help the Court and Defendants evaluate the issues more efficiently.

**IV. Good-Faith Response to Rule 8 Concerns**

13. Plaintiff specifically submits the proposed First Amended Civil Rights Complaint as a good-faith narrowed pleading in response to the Rule 8 concerns raised in Defendants' motion practice.

14. Plaintiff has substantially reduced the length of the prior pleading from approximately 146 pages to approximately 35 pages. In doing so, Plaintiff has attempted to remove unnecessary detail, reduce repetition, reorganize the facts, and present the claims in a more focused format.

15. Plaintiff does not seek amendment to expand the case or impose additional burden. To the contrary, Plaintiff seeks amendment to provide the Court with a shorter, clearer, and more manageable pleading that fairly preserves his constitutional and statutory claims while addressing the concerns raised by Defendants.

**V. Redaction of Exhibits and No Request to Seal**

16. Plaintiff intends to submit exhibits and supporting evidence with the proposed First Amended Civil Rights Complaint only to the extent necessary to support the amended pleading and provide context for the Court. Plaintiff will make a good-faith effort to properly redact personal identifiers and sensitive information consistent with Federal Rule of Civil Procedure 5.2 and any applicable local rules, including dates of birth, financial-account information, Social Security numbers, addresses, phone numbers, email addresses, names of minors, and other sensitive personal information where required.

17. Plaintiff is not requesting that the Court seal the amended complaint or its exhibits. Plaintiff seeks to file the amended pleading and supporting materials on the public docket in properly redacted form. Plaintiff does not seek to conceal the record, restrict public access, or create unnecessary sealed filings. Plaintiff's intent is to comply with federal redaction requirements while preserving transparency and allowing the Court and Defendants to evaluate the factual basis of the claims.

## VI. No Undue Delay, Bad Faith, or Prejudice

18. Plaintiff does not seek amendment for delay or improper purpose. The proposed amendment is offered in good faith and is intended to narrow and clarify the issues.

19. The amendment should not unfairly prejudice Defendants. The proposed amended complaint arises from the same arrest, warrant affidavit, criminal process, disability-access issues, and County conduct already at issue in this case. Defendants will have a full opportunity to respond under the Federal Rules.

20. Because this case remains in the pleading stage, allowing amendment will promote a fair and orderly resolution of the issues and will assist the Court in addressing the Rule 8 and Rule 12 issues more efficiently.

## VII. Amendment Is Not Futile

21. The proposed amended complaint states plausible claims for relief. It alleges specific facts showing that Defendant Reamer submitted a warrant affidavit that allegedly lacked probable cause, omitted material exculpatory and impeachment facts, and failed to allege the elements of first-degree witness tampering.

22. The proposed amended complaint also alleges continuing seizure, favorable termination, ADA Title II and Section 504 access violations, ADA Title V retaliation/interference, First Amendment retaliation, and municipal liability under Monell.

23. At this stage, Plaintiff is not required to prove his claims. He is required to plead enough factual matter to state plausible claims for relief. Plaintiff respectfully submits that the proposed First Amended Civil Rights Complaint satisfies that standard.

**VIII. Request for Relief**

24. For these reasons, Plaintiff respectfully asks the Court to grant this Motion for Leave and allow Plaintiff to file his First Amended Civil Rights Complaint.

25. Plaintiff further requests that the Court accept the proposed First Amended Civil Rights Complaint as Plaintiff's good-faith narrowed pleading responding to the Rule 8 concerns raised in Defendants' motion practice.

26. Plaintiff asks that the Court direct the Clerk to file the proposed First Amended Civil Rights Complaint as the operative complaint in this case, or alternatively permit Plaintiff to file it separately through CM/ECF if required.

**Respectfully submitted,**

/s/ James Louis Roden Sr.
James Louis Roden Sr.
Plaintiff Pro Se
1555 Tahoe Court
League City, Texas 77573
Email: jrodensr@gmail.com

6

## Certificate of Conference

Plaintiff certifies that he is proceeding pro se. Plaintiff has prepared this motion in good faith to narrow and clarify his pleading, reduce burden on the Court and Defendants, and address the Rule 8 concerns raised in Defendants' motion practice.

Plaintiff further certifies that, on May 3rd, 2026, he conferred or attempted to confer with counsel for Defendants regarding the relief requested in this motion.

Defendants' position is: **<u>Defendant did not answer</u>**

## X. Certificate of Service

I certify that on this date May 5th, 2026 I served a true and correct copy of this Motion for Leave to File First Amended Civil Rights Complaint through the Court's CM/ECF system, which will provide notice to all counsel of record.