# Exhibit D

# Cody's Sworn Criminal Complaint

Initials: DJR

# FORMAL CRIMINAL COMPLAINT AGAINST CODY LANE KOELLE

**Affiant**: Dolores Jane Roden
**Date**: 06/26/2025
**To**: Guadalupe County Sheriff Office, Texas Rangers Integrity Unit Company F, FBI (DOJ Civil Rights)
**Subject**: Criminal Complaint for Aggravated Perjury, False Report, and Related Offenses

---

## 1. Affiant Introduction & Sworn Statement

My name is **Dolores Jane Roden**, and I submit this sworn affidavit and criminal complaint under penalty of perjury under the laws of the State of Texas and the United States of America. I am a **retired public school educator** with over **30 years of experience** in the field of **Special Education**. I hold a **Master's Degree in Education** from **Our Lady of the Lake University**, and throughout my career, I served faithfully in **San Antonio Independent School District (SAISD)** and at **Trinity University**, helping students with intellectual and developmental disabilities achieve their full potential.

I am the **biological mother** of **Jamie Renee Walker (documented and diagnosed IDD woman)**, and I am submitting this formal complaint in my personal capacity as a **witness to events** and as an advocate for truth and justice. I have firsthand knowledge of many of the events outlined in this complaint and have reviewed additional evidence including certified documents, sworn affidavits, emails, and recordings that corroborate the claims herein.

I affirm that the information provided in this sworn affidavit and criminal complaint is **true and correct** to the best of my personal knowledge, belief, and understanding. I make this statement voluntarily and without coercion, and I understand that providing false information in a sworn affidavit is a crime.

This complaint is submitted to request an official investigation and criminal charges against **Cody Lane Koelle** for acts of **aggravated perjury**, **false statements**, and related misconduct, which I believe have directly resulted in the wrongful arrest and criminal prosecution of innocent members of my family.

---

## 2. Identity of the Accused

The individual named in this criminal complaint is:

1

Initials: *DJR* DJR

**Full Name:** Cody Lane Koelle
**Date of Birth:** ██████
**Current Residence:** ███████████████, Dodge City, KS ████

## Relationship to the Victims and Background of the Accused

Cody Lane Koelle is the biological son of my daughter, **Jamie Renee Walker**, who is currently facing four first-degree felony charges in Guadalupe County, Texas. Cody is also the nephew of my son, **James Louis Roden Jr.**, a 20 year veteran teacher, coach, minister, author and expert advocate for IDD individuals; and the grandson of myself, **Dolores Jane Roden**, and my husband, **James Louis Roden Sr.**, a retired United States Army Sergeant Major. Cody's actions and sworn statements have had a direct and devastating impact on our family. His words contributed to the arrest and incarceration of my daughter, my husband, and my son, all of whom are good, law-abiding individuals. His accusations have brought immeasurable reputational harm and emotional suffering to our entire family.

I also feel it is important to state for the record what I know about Cody's background. He has a documented history of unlawful behavior and poor credibility, including:

- **Impersonation of a Police Officer**: Cody was arrested and charged after he unlawfully wore a police-style uniform, outfitted his personal vehicle with red and blue lights, and falsely presented himself as a police officer. **(See Exhibit I)**

- **Making False Statements to Police**: He has a criminal record that includes knowingly making false statements to law enforcement, which casts serious doubt on the reliability of any unverified testimony or affidavit he provides. **(See Exhibit I)**

Despite this history, Cody has been treated by the County Attorney's Office as a primary witness in several felony cases he initiated against his own family. His sworn statements have been used — without proper investigation or corroboration — to initiate arrests and even deny bail. This reliance on Cody's unverified word has resulted in harm to innocent people and raises serious questions about the integrity of the legal process being followed in these cases. I respectfully submit that his credibility should be considered deeply flawed based on both his past behavior and the legal record.

## 3. Incident Overview

This sworn complaint outlines a series of false and damaging actions taken by my grandson, **Cody Lane Koelle**, which I believe constitute aggravated perjury and potentially other criminal offenses. These actions include:

- **Knowingly making a false accusation of forgery** regarding a sworn affidavit dated **November 15, 2024**, which he personally signed in support of his mother, **Jamie Renee Walker**.

2

Initials: _DJR_ DJR

- **Contradicting his own sworn statement** under oath by later denying he signed the same affidavit—despite overwhelming evidence to the contrary, including a **recorded phone call** where he clearly affirms that he did sign the affidavit and that its contents were true.

- Making **false and misleading statements in open court**, including a baseless accusation that my family bribed him with a portion of a financial settlement in exchange for his support of Jamie. This is categorically false, and the full context shows that our family merely sought his assistance in helping bond his own mother out of jail—an act motivated by love and necessity, not coercion or bribery.

- **Causing direct harm** to three innocent individuals: my husband **James Louis Roden Sr.**, my son **James Louis Roden Jr.**, and my daughter **Jamie Renee Walker**. Each of them has suffered arrest, incarceration, reputational harm, and severe emotional distress as a result of Cody's demonstrably false and unverified sworn statements.

- Acting under **clear duress and retaliatory pressure**, particularly from **Andrea Martin**, his wife. Cody confided in me directly that Andrea had threatened to take away custody of their children if he did not turn against his mother. This coercion, coupled with shifting narratives, underscores the unreliability and instability of his claims.

- **Admitting, in a recorded phone conversation**, that he did indeed sign the November 15th affidavit and that its statements were true. This recording has been submitted to law enforcement and the County Attorney's Office as evidence, yet Cody's contradictory statements have still been used to justify criminal charges and deny bond.

Taken together, these events constitute a disturbing abuse of the justice system, and I respectfully submit this complaint to initiate a proper investigation into **Cody Lane Koelle's false statements, malicious intent, and the resulting harm to innocent members of this family**.

---

## 4. Detailed Chronological Timeline of Events

The following is a chronological record of key events relevant to this sworn criminal complaint against **Cody Lane Koelle**. Each event listed has corresponding evidence in the form of emails, notarized documents, text messages, or recorded phone calls that have either been submitted to law enforcement or are available upon request.

- **November 15, 2024**
  My grandson, Cody Lane Koelle, voluntarily signed and notarized a sworn affidavit in support of his mother, **Jamie Renee Walker**, affirming her innocence and disclosing abuse by **Michael Allen Walker**. He also assisted in mailing the affidavit, paid the postage, and used his return address. A **second affidavit** from **Shelby** ▮▮▮▮ was also signed and notarized that day. This was mailed to Jamie's attorney Kelly Pittl. **(See Exhibit A)**

3

Initials: DJR DJR

- **December 30, 2024**
  The signed and notarized affidavits from both Cody and Shelby were emailed by my son, **James Louis Roden Jr.**, to the **Guadalupe County Attorney's Office**, providing clear exculpatory information at the request of Shelby ███████ the victim in which he was advocating for. **(See Exhibit D)**

- **January 15, 2025**
  Cody Koelle reported to the **Ford County Sheriff's Office in Kansas** that the man who impregnated Shelby ███████ was living in his home and using drugs. He admitted this to James Louis Roden Jr. in a **recorded phone call**, which was later shared with authorities. **(See Exhibit E)**

- **January 31, 2025**
  Cody signed a **second affidavit**, this time contradicting his original testimony from November 2024. This document, written and notarized, accused his mother, grandfather, and others of wrongdoing. It was this affidavit that prosecutors later relied on to seek arrests—despite the absence of any investigation or interview of the accused prior to charges being filed. **(This affidavit is in the possession of the County Attorney's Office)**

- **March 18, 2025**
  Cody Koelle and James Louis Roden Jr. spoke in a recorded phone call. At the **7-minute mark**, Cody clearly **admits he signed the November 15, 2024 affidavit** and confirms it was **true**. He said he signed it because he loved his mother. **(See Exhibit E)**

- **March 19, 2025**
  That phone recording was submitted by James Louis Roden Jr. to the **Guadalupe County Attorney's Office** as evidence of perjury and retaliation by Cody Koelle. **(See Exhibit F)**

- **March 21–22, 2025**
  Multiple follow-up emails were sent to the County Attorney's Office with **Cody's criminal record**, which includes impersonating a police officer and filing false reports. This was provided to further support concerns regarding his credibility. **(See Exhibit G and H).**

- **April 1, 2025**
  James Louis Roden Jr. sent a **confidential report** to the Guadalupe County Attorney's Office and CPS regarding Shelby ███████'s safety and Cody's unstable behavior. He also shared the **phone recording** where Cody admits Shelby was being used for sex by a man living in his home. **(See Exhibit J)**

- **April 8, 2025**
  My son **James Louis Roden Jr.** was arrested for **Tampering with a Witness**, a **First-Degree Felony**, based on information provided by Cody. No investigation was conducted prior to this arrest. My husband, **James Louis Roden Sr.**, was also arrested based on

4

Initials: DJR

Cody's accusations. (Cody is listed in both bond conditions as a victim) No one called or spoke with my son or my husband and according to Shelby no one spoke with her as it relates to the charges against them. **(See Exhibit P)**

- **May 13, 2025**
  A comprehensive letter from James Louis Roden Jr. was sent (certified mail return receipt and email) to **Sheriff Joshua Ray** of Guadalupe County, providing detailed evidence including text messages, proof of mailing, the recorded phone call, and statements from Shelby. This letter demonstrated not only Cody's involvement in notarizing and mailing the affidavits but also proved that no fraud or coercion took place. **(See Exhibit K)**

- **May 29, 2025**
  A new sworn affidavit from **Shelby ███████**, facilitated by her current advocate **Kimberly Kennedy**, was sent directly to the County Attorney's Office certified mail return receipt and defense counsel for my son, Megan Rue of Cofer and Connelly. This affidavit again confirms the truth of the original November 2024 document and discredits Cody's later claims. **(See Exhibit P)**

- **June 18, 2025**
  At **Jamie Renee Walker's bond hearing**, Cody Koelle falsely testified under oath that he never signed the original affidavit and alleged a **bribe** took place involving $8,000. This statement is materially false, and no such bribe occurred. Our family had only reached out to him in hopes of helping bond his mother out of jail using a portion of funds she had received from selling her car. No money ever exchanged hands from the family to Cody. Jamie had a check of $8,000 in her purse from the selling of her car prior to arrest and would use it to help pay back anyone that helped pay the then $15,000 needed to bond Jamie out as her bond was set to $150,000.

---

## 5. Allegation #1 – Perjury Related to November 15th, 2024 Affidavit

I, **Dolores Jane Roden**, submit this sworn allegation that **Cody Lane Koelle** committed **Aggravated Perjury** under **Texas Penal Code § 37.03** by knowingly making false statements under oath on multiple occasions, both in a sworn affidavit and in live court testimony while under oath, with the intent to deceive and concerning material facts.

On **January 31, 2025**, Cody Lane Koelle executed a sworn affidavit in which he **falsely claimed that he never signed the November 15, 2024 affidavit** that he had previously submitted in support of his mother, **Jamie Renee Walker detailing the abuse by Michael Allen Walker**.

Then, on **June 18, 2025**, during live sworn testimony at my daughter Jamie Renee Walker's bond hearing in Guadalupe County, Texas, Cody **repeated the same false statement under oath**, again denying that he had ever signed the November 15th, 2024 affidavit.

Initials: _DJR_ DJR

Both denials are directly contradicted by the following overwhelming and independently verifiable evidence:

- **Text Messages**: Cody exchanged multiple messages with my son **James Louis Roden Jr.** in November 2024, discussing the affidavit, its content, and confirming that he was mailing the signed copy. **(See Exhibit M)**

- **Recorded Phone Call (March 18, 2025)**: In a phone call recorded by James Roden Jr., **Cody explicitly admits at the 7-minute mark** that he did, in fact, sign the affidavit and states, *"I signed it because I love my mom."* This recording was submitted to the **Guadalupe County Attorney's Office** on **March 19, 2025**. **(See Exhibit E)**

- **Envelope and USPS Receipt**: The affidavit was mailed in an envelope bearing **Cody's return address**, and a **USPS receipt** shows Cody paid to mail it from the Dodge City, Kansas post office. Receipt shows Cody's payment method Visa Credit Card with last four digits. **(See Exhibit B & C)**

- **Notary Verification**: Both the November 15 and January 31 affidavits were notarized by the **same notary**. The notary later issued a **formal letter of verification along with log book entry** confirming Cody voluntarily signed the November 15th, 2024 affidavit in her presence. **(See Exhibit A)**

Despite this clear evidence, Cody knowingly lied under oath—not just once, but twice—falsely denying the signature on a material legal document. These false statements, both in a **sworn affidavit** and **court testimony under oath during legal proceeding**, had the effect of misleading the court and contributed directly to the **arrests of my son James Louis Roden Jr., my husband James Louis Roden Sr., and my daughter Jamie Renee Walker** as well as the denial of Jamie Renee Walker bond.

Under **Texas Penal Code § 37.03 – Aggravated Perjury**, Cody's conduct meets all statutory criteria:

**Texas Penal Code § 37.03 – Aggravated Perjury:**
A person commits an offense if he commits perjury as defined in Section 37.02, and the false statement is made (1) during or in connection with an official proceeding; and (2) is material.

Each of Cody's false statements were made **in connection with official proceedings** and were clearly **material**, as they directly influenced a first-degree felony charge against my son and were used to justify the denial of bond for my daughter.

## Due Process Violation as a Result of Perjury

The use of knowingly false testimony to justify detention without an evidentiary challenge is a violation of the **Due Process Clause** under both **the U.S. Constitution (Fourteenth Amendment)** and **Article I, Section 19 of the Texas Constitution**. Denying liberty based on

Initials: _DJR_ DJR

perjured testimony undermines the integrity of the judicial process and deprives the accused of a fair opportunity to confront witnesses and challenge the legitimacy of the accusations.

Federal courts have long recognized that **a conviction or pretrial detention obtained through false testimony constitutes a due process violation**. In **Mooney v. Holohan, 294 U.S. 103 (1935)**, the U.S. Supreme Court held that the use of perjured testimony by the prosecution violates fundamental fairness. This principle was reaffirmed in **Napue v. Illinois, 360 U.S. 264 (1959)** and **Giglio v. United States, 405 U.S. 150 (1972)**—which establish that **a conviction or liberty deprivation resulting from knowingly false testimony, whether by the State or its witness, violates due process**.

Texas courts have similarly held that bond decisions based on false or misleading information can be challenged as due process violations. In **Ex parte Temple, 342 S.W.3d 572 (Tex. App.—Houston [14th Dist.] 2010)**, the court emphasized the importance of reliable and truthful evidence in determining bail.

Because Cody Koelle's false testimony was used by the State to argue for denial of bond—and no corrective action was taken even after receiving contradicting evidence—**Jamie Renee Walker was deprived of liberty in violation of her state and federal constitutional rights**.

I respectfully request that Cody Lane Koelle be criminally investigated and charged for **Aggravated Perjury**, not only to restore justice to those harmed by his lies, but to preserve the integrity of the court and legal system in Guadalupe County, Texas.

---

## 6. Allegation #2 – False Accusation of Bribery in Court

I, **Dolores Jane Roden**, further allege that **Cody Lane Koelle** made a knowingly false and defamatory statement while under oath, accusing members of our family of attempting to **bribe him** in support of his mother, **Jamie Renee Walker**.

This statement was made in open court during sworn testimony, and it constitutes a **false report under Texas Penal Code § 37.08**, which makes it a criminal offense to knowingly make a false statement to a law enforcement officer or public servant with intent to deceive.

### Refuting the Bribery Allegation with Verified Facts:

1. **Cody Received a $40,000 Work Injury Settlement**:
   In **September 2024**, Cody Lane Koelle received a legitimate **$40,000 settlement** for a workplace injury. This was an entirely separate matter and had no connection to any legal proceedings involving his mother, Jamie Renee Walker. James Louis Roden Jr. played a pivotal role in helping Cody Lane Koelle obtain legal representation for a workplace injury settlement. At the time, Cody was uncertain about how to secure an attorney and believed he could not afford one. It was through the guidance and support of his uncle,

Initials: _DJA_ DJR

James Louis Roden Jr., that Cody was able to retain counsel and ultimately receive a financial settlement that provided temporary support for his family.

Regrettably, the funds from that settlement—reportedly totaling approximately $40,000—were exhausted in less than a month. Evidence, including a recorded phone call between Andrea Martin and James Louis Roden Jr., as well as corroborating text messages, suggests that a portion of the money was used for personal and inappropriate expenditures, including the purchase of a vehicle for an individual with whom Cody was allegedly having an extramarital relationship and later accused Cody of rape. **(See Exhibit S for recorded phone call).**

2. **Family Asked Cody for Help with Bond**:
After my daughter was arrested and held on a $150,000 bond, members of our family—including myself—**asked Cody if he would be willing to help bond out his mother** using part of the settlement funds. At that time, **Jamie had sold her vehicle**, and the **$8,000 check** from that sale was in her personal property, which was held in police lockup. **(See Exhibit L)**

3. **Cody Agreed to help his Mother**:
Cody agreed to assist his mother with the bond and was promised repayment of the bond funds once Jamie was released and employed. This arrangement was **discussed in good faith among family members** and did not involve any coercion, threat, or illegal exchange of money for testimony. Ultimately Jamie was able to get a reduced bond in which her father James Louis Roden Sr paid in full. **(See Exhibit L)**

4. **Cody Affirmed It Was True in a Recorded Phone Call**:
In a **recorded conversation on March 18, 2025**, Cody told my son **James Louis Roden Jr.** that he signed the affidavit because he believed it was true and stated plainly, *"I signed it because I love my mom."* He made **no mention of coercion, bribery, or any undue pressure** in that conversation. **(See Exhibit E)**

## Conclusion:

Cody's claim in court that he was bribed by our family is not only **false** but has caused significant reputational damage and was used by the State to **undermine the legitimacy of the November 15th, 2024 affidavit**. His statement contradicts his own prior recorded words, digital communications, and notarized actions, all of which clearly support the conclusion that he acted **voluntarily and honestly** in November 2024.

By falsely accusing our family of bribery under oath and in a court of law, **Cody Lane Koelle has violated Texas Penal Code § 37.08**, which prohibits making false statements to public servants. His claim served no legitimate purpose other than to cast doubt on the credibility of witnesses, obstruct justice, and help secure continued prosecution and detention of innocent individuals, including my daughter, son and husband.

Initials: _DJR_ DJR

I respectfully request that this serious falsehood be formally investigated and prosecuted as a criminal offense, just as aggressively as the State has pursued charges against members of my family—based solely on Cody's words, and without investigation.

---

## 7. Motive – Retaliation & Coercion

I, **Dolores Jane Roden**, affirm that the actions taken by my grandson, **Cody Lane Koelle**, against members of our family were not the result of voluntary truth-telling, but rather the product of **coercion and retaliation** stemming from pressure placed on him by his wife, **Andrea Martin**.

In private conversation with me on the phone on or around December 25th, 2024 **Cody stated directly** that Andrea was threatening to **take away his sons** if he did not turn against his mother, **Jamie Renee Walker**. He told me clearly that Andrea was **forcing him to lie to County Attorney's office** and to recant his prior support for Jamie. This coercion explains the sudden and drastic reversal in Cody's position after he had **previously submitted a notarized affidavit** in Jamie's defense in November 2024.

On April 1, 2025, my son, **James Louis Roden Jr.**, filed a report of suspected abuse involving **Shelby** ████████ and an individual allegedly residing in the home of **Cody Lane Koelle** and **Andrea Martin**. In his written report to the **Guadalupe County Attorney's Office**, James explicitly requested **anonymity**, citing concerns about potential retaliation. Under **Texas Human Resources Code § 48.101(a)** and **Texas Family Code § 261.101(d)**, the identity of a person who reports suspected abuse of a child, elderly individual, or person with a disability is confidential and **may not be disclosed** unless ordered by a court or as required for law enforcement purposes with appropriate safeguards. Additionally, under **42 U.S.C. § 5106a(b)(2)(B)(viii)**, which governs state obligations under the **Child Abuse Prevention and Treatment Act (CAPTA)**, federally funded agencies must protect the identity of individuals who make good faith abuse reports. In violation of these protections, **Shelby and Cody were informed that James had made the report**, exposing him to **direct retaliation** and **compromising his legal right to confidentiality** under both state and federal law.

Just six days later, on **April 7, 2025**, criminal charges were filed against multiple members of our family—including James, my husband **James Louis Roden Sr.**, and my daughter **Jamie Renee Walker**. These arrests were **not supported by new or independent investigative evidence**, but were instead **solely based** on Cody Lane Koelle's sudden reversal in testimony. This reversal occurred only after he learned of the abuse report filed against him, and he was then designated as the **complaining witness** and listed as the **alleged victim** in both my husband and son's bond conditions. The timing of these charges, paired with the complete lack of corroborating investigation and reliance on Cody alone—who had previously submitted an affidavit supporting Jamie—demonstrates a deeply troubling case of **retaliation for protected advocacy**.

9

Initials: DJR

This chain of events constitutes more than just misconduct; it suggests a **willful violation of civil rights**. Under **Hartman v. Moore**, 547 U.S. 250 (2006), retaliatory prosecution without probable cause and motivated by a protected act (such as reporting abuse) gives rise to a valid **First Amendment retaliation claim**. Similarly, in **Hope v. Pelzer**, 536 U.S. 730 (2002), the U.S. Supreme Court affirmed that government officials may be held liable for actions that **violate clearly established statutory or constitutional rights**. The **disclosure of a confidential report**, followed by **swift retaliatory criminal charges**, clearly violates both **due process** under the **Fourteenth Amendment** and protections against **retaliatory state action** for engaging in protected advocacy. Such actions also run afoul of **County of Sacramento v. Lewis**, 523 U.S. 833 (1998), which found that government behavior that is **arbitrary, retaliatory, or shocks the conscience** may violate **substantive due process** protections.

Cody's retaliatory motives and coercion are further supported by **Shelby** ▮▮▮▮▮▮ and her advocate, **Kimberly Kennedy**, who have both provided statements and **recorded phone calls** corroborating the claims of domestic conflict, manipulation, and coercive pressure within Cody's household **(See Exhibit S).** In those recordings, Shelby specifically states that **Andrea Martin was having an affair with Michael Allen Walker**, and that Cody knew of it. This information came out in both Shelby's interview with Officer Reamer and in Jamie's police interrogation, further adding to the volatile and retaliatory atmosphere behind Cody's actions. A phone recording between Shelby ▮▮▮▮▮ and Kimberly Kennedy reveals that Shelby witnessed Andrea Martin making threats against Cody Lane Koelle if he doesn't support Michael Allen Walker.

Further supporting the retaliatory nature of Cody Lane Koelle's actions is a recorded phone conversation between Cody and my son, James Louis Roden Jr., dated **March 18, 2025**. In this recording, at the **19-minute and 39-second mark**, Cody explicitly states that he is being **instructed by the Guadalupe County Attorney's Office** to **support Michael Allen Walker** and **go against his own mother, Jamie Renee Walker**, despite his previous affidavit in November 2024 that affirmed she was a victim of abuse. This statement is deeply troubling and raises serious ethical and legal concerns about the conduct of the prosecution. If Cody is being coached or pressured by government attorneys to testify in a manner that contradicts his sworn statements and personal knowledge, it not only undermines the integrity of the justice system but also raises the specter of **prosecutorial misconduct**, **witness tampering**, and **subornation of perjury**, in violation of **Texas Disciplinary Rules of Professional Conduct Rule 3.04(b)** and **Texas Penal Code § 36.05 (Tampering with Witness)**. Such influence over a witness—especially one with a known history of making false statements—seriously compromises the credibility of any charges brought forward based on that witness's testimony.

I firmly believe that **Cody's testimony and affidavits submitted on January 31st**, 2025 were not made freely or honestly, but were the result of **threats, retaliation, and coercion**. This context is essential in understanding how an individual with a **known history of false reports and criminal conduct** has been treated as a star witness by the County Attorney's Office—while those of us advocating for truth and protection have been **targeted, silenced, and wrongfully prosecuted**.

Initials: DJR

When reviewing the sworn affidavits submitted on January 31st, 2025, by Andrea Martin Koelle and Cody Lane Koelle, one must pause and ask a critical question: Why would these individuals choose to express unwavering support for Michael Allen Walker—a man currently facing six felony counts of aggravated sexual assault against an intellectually disabled (IDD) woman (confirmed with DNA evidence), with a documented history of domestic violence, including a brutal attack involving a knife and the choking of Jamie Renee Walker to the point of unconsciousness?

This is the same individual with multiple arrests for violent conduct, including assaults on law enforcement officers, and a long-standing pattern of substance abuse. Yet in their sworn statements, Cody and Andrea not only downplay these alarming facts but go so far as to condemn and discredit an IDD mother and grandmother with no criminal record -Jamie Renee Walker-, and an IDD sexual assault victim—Shelby ████████—who should be shielded from further harm.

Perhaps most troubling is the profoundly disturbing statement made in Andrea Martin's affidavit: "I would trust Michael with my own children." Such a claim, when weighed against Michael Walker's violent and predatory history, reveals a level of irrationality and moral dissonance that should call into question the credibility and intent behind their affidavits.

To allow such affidavits—rooted in apparent bias and contradiction—to form the foundation for pursuing criminal charges against honorable and respected individuals, including lifelong public servants, educators, advocates for the disabled, and a highly decorated 25-year U.S. Army veteran with no criminal record, is both unjust and deeply concerning. These actions do not reflect a pursuit of truth or justice but instead raise the specter of selective prosecution driven by retaliatory motives and misplaced loyalty.

I respectfully submit this as part of my criminal complaint, asking for a full and impartial investigation into not only **Cody's false statements**, but also the **circumstances and motives** behind his reversal, which clearly undermine the legitimacy of the accusations brought against our family.

## 8. Victims of Cody's False Statements

As a direct result of Cody Lane Koelle's false sworn statements and perjured testimony, multiple members of my immediate family—each of whom are law-abiding citizens with no history of criminal conduct—have suffered serious and unjust legal consequences.

### 1. My son, James Louis Roden Jr. (See Exhibit Q)

My son, James Louis Roden Jr., has been falsely accused and charged with a first-degree felony offense for his role as an **advocate**—a role our family personally requested of him in support of Shelby ████████, a vulnerable adult with IDD. James has **never had any meaningful relationship or consistent contact** with either Jamie Renee Walker or Shelby for nearly thirty

11

Initials: _DJR_

years. His only involvement began when I, along with other family members, **begged him to step in and help Shelby**, because of his reputation as a trusted expert and advocate for the intellectually disabled. He agreed to help—but made it very clear to me and everyone involved that he would only pursue the **truth**, not loyalty to family. That is who he is.

In fact, James Louis Roden Jr. was **the first person to demand a full investigation against Jamie Renee Walker** if there was even the slightest indication that she had abused Shelby. This demand was based on alarming statements made directly to him by **Andrea Martin**, who claimed Jamie was sex trafficking Shelby. At the time, James took those claims seriously and reported them through proper channels. It was only **later** that we discovered **Andrea Martin had fabricated these statements**—an effort we now believe was designed to take pressure off **Michael Allen Walker**, her suspected lover.

Shelby's own **recorded interview with Officer Reamer** confirms the chaotic and suspicious relationship dynamic between Cody Koelle and Michael Allen Walker. Shelby described the tension in detail, including an alleged **fistfight between Cody and Michael**, which was fueled by accusations of flirtation and possible infidelity involving Andrea Martin. These accounts call into question the credibility and motivation of the primary witnesses in this case.

James Louis Roden Jr. is not just my son—he is a **respected professional with an exemplary record of public service**. He holds **five master's degrees**, including in Education Administration, Human Resource Management, and Curriculum and Instruction, MBA and MS in Management and Leadership. He is a **published author of 18 books**, many focused on education, special needs advocacy, and leadership. His book on IDD rights in Texas, *Empowered to Advocate*, has helped numerous families secure services they were previously denied. His advocacy is rooted in his **deep knowledge of law, policy, and special education rights**—not in family loyalty or bias.

His advocacy on behalf of Shelby and Jamie is **protected by law**. Under **Tex. Penal Code § 39.06** and **Tex. Gov't Code § 554.002**, it is unlawful to retaliate against someone who reports abuse, neglect, or illegal conduct in good faith. Furthermore, **Texas Family Code § 261.110** provides whistleblower protection for individuals reporting abuse or neglect of vulnerable persons, including those with intellectual and developmental disabilities. James acted in accordance with **Section 115.002 of the Texas Human Resources Code**, which supports and affirms the rights of advocates acting on behalf of persons with IDD. His role was further protected under **42 U.S. Code § 15043(a)(2)(A)(i)**, a federal law which ensures that designated advocates may investigate and pursue action in cases involving the abuse, neglect, or exploitation of individuals with developmental disabilities.

He is also the **founder and minister of the Holistic Church of Christ**, through which he provided **street ministry to the homeless in Houston**, delivering blankets, food, and spiritual care. He **volunteered his time** coaching after-school sports for children living at **The Bridge**, a homeless shelter in Pasadena, Texas. These activities came to an abrupt end when he was falsely arrested.

12

Initials: *DJR* DJR

Because of this charge, James lost his job as a **middle school teacher at Milstead Middle School in Pasadena ISD**. He was on track for a **promotion to Assistant Principal** in the following academic year—a promotion he had earned after nearly two decades of public education service. But now, his **Texas teaching license is suspended**, and his **certification history will permanently reflect this arrest**, making it nearly impossible for him to return to the classroom. Every **job** he has applied for has rejected him due to the presence of a **pending first-degree felony**.

My son, James Louis Roden Jr., is the primary provider for his wife and their two children—my grandchildren. As a direct result of the false felony charge filed against him, he has lost his employment, which in turn has led to the loss of the family's health insurance coverage and placed their home at risk due to the sudden absence of income. This has created a serious hardship for his household, particularly regarding access to essential healthcare and medication for both himself and his children.

Compounding this burden, my son is now required to travel approximately eight hours round trip to Seguin each time he meets with his assigned pretrial officer. In stark contrast, my daughter, Jamie Renee Walker—who was previously out on bond while facing three first-degree felony charges—was permitted to check in monthly by phone. This discrepancy in pretrial supervision requirements appears to be punitive in nature and reflects an alarming inconsistency in how similarly situated individuals are treated. Such unequal treatment undermines the fundamental principles of fairness and due process enshrined in both the Texas and United States Constitutions.

The impact on his personal and professional life has been devastating. His **booking photo has been shared thousands of times across social media by former athletes, students and parents**, alongside sensational headlines that have irreparably harmed his reputation as a successful Football Coach, Athletic Coordinator and teacher. Despite having built his entire life on helping others, James is now struggling to **find work in any field** he is trained for.

To **charge my son for doing the job we asked him to do**—a job he is not only qualified for but **legally protected to perform**—is not only wrong, it is a **miscarriage of justice**. It violates his rights as a protected reporter under **Texas whistleblower laws**, and as an **advocate protected under federal disability rights statutes**. It undermines the **First Amendment right to petition the government for redress of grievances**, and the **Fourteenth Amendment's guarantee of due process and equal protection under the law**.

**2. My husband, James Louis Roden Sr. (See Exhibit R)**

My husband, **James Louis Roden Sr.**, a **retired United States Army Master Sargent**, was also arrested and charged based entirely on Cody Lane Koelle's uncorroborated statements. At 77 years old, James Sr. is a **decorated veteran**, having served his country honorably for over two decades. He now suffers from **multiple serious health conditions**, including limited mobility, advanced joint deterioration, and heart-related issues that significantly restrict his ability to walk, travel, or care for himself without assistance. He is classified as **permanently disabled** by the Veterans Administration.

13

Initials: _DJR_ DJR

His only involvement in this matter was acting as a **chaperone and guardian** for his daughter, Jamie Renee Walker, while she was out on bond. He personally promised the judge that he would ensure Jamie's safety, compliance, and transportation to her court dates. He fulfilled that promise out of a deep sense of **duty, parental responsibility, and moral obligation**—not wrongdoing.

To charge a **physically and cognitively impaired elderly man**, who has never in his life demonstrated violence or misconduct, is not only baseless—it is an act of **elder abuse** and **disability discrimination**. His arrest was made **without any physical evidence, without a proper investigation, and without any independent witnesses to corroborate Cody Koelle's claims**. The County Attorney's Office proceeded on Cody's word alone, despite his proven record of deceit and criminal behavior.

This is a **violation of multiple state and federal protections** for vulnerable individuals, including:

- **Texas Human Resources Code § 48.052** – which mandates protective services for elderly and disabled adults against abuse, neglect, and exploitation, especially by state actors or systems.
- **Texas Penal Code § 22.04(a)(1)** – which criminalizes the intentional or knowing infliction of harm or risk of harm to elderly individuals, including false accusations that lead to loss of liberty or dignity.
- **42 U.S. Code § 12132 (Americans with Disabilities Act Title II)** – which prohibits any public entity from subjecting a qualified individual with a disability to discrimination or denying them the benefits of services, programs, or activities of a public entity.
- **42 U.S. Code § 1395i–3 and § 1396r** – which mandate the protection of the rights and dignity of elderly individuals in public institutions, courts, and government processes.
- **The Elder Justice Act (42 U.S.C. § 1397j et seq.)** – which establishes that older adults have the right to be protected from unjust legal actions and retaliation, especially when they are vulnerable or incapacitated.

The emotional trauma inflicted upon our family by this arrest has been severe. My husband has lost access to necessary care, spiritual support, and community respect that he earned over a lifetime of service. He now faces not only public shame but a direct threat to his **health, autonomy, and dignity**—all without cause.

No law or moral system would support the incarceration of a **disabled veteran in declining health**, especially based solely on the **testimony of an individual with a known history of impersonation, deception, and manipulation**. This is not justice—it is **persecution**.

### 3. My daughter, Jamie Renee Walker

My daughter, Jamie Renee Walker, is a vulnerable adult who suffers from **Intellectual and Developmental Disabilities (IDD)** and has been the repeated victim of unimaginable abuse at the hands of **Michael Allen Walker**, her estranged husband. Jamie is currently incarcerated in the Guadalupe County Jail and has been **denied bond**, facing **felony tampering charges** based

14

Initials: _DJR_ DJR

solely on the false testimony of Cody Lane Koelle. Cody's lies have destroyed Jamie's chance at receiving justice, while her abuser continues to avoid accountability. Cody's false testimony has restricted Jamie's ability to be recognized as a victim of abuse it the hands of Micheal Allen Walker.

Jamie's history of abuse is well documented. In **March 2022, Michael Allen Walker was arrested for attempting to murder Jamie**—an act that involved **choking her into unconsciousness and threatening her life with a knife**. After his arrest, he was released on bond with a condition of **no contact with Jamie**. However, in **May 2022**, my son James Louis Roden Jr. and I personally reported to the **Guadalupe County Sheriff's Office** that Michael had returned to the home where Jamie and Shelby ███████ were living. Despite our urgent concerns and the clear danger to two vulnerable IDD women, **nothing was done** to enforce the no-contact order in his bond conditions or protect them. Michael continued living in that home in violation of court orders and condition of his bond.

Both Jamie and Shelby are intellectually disabled and have **little to no ability to protect themselves** from someone with Michael's documented history of **domestic violence, substance abuse, and manipulation**. On **November 15, 2024**, Cody Lane Koelle and Shelby ███████ both signed sworn affidavits describing Jamie as a **victim** and exposing the abuse she endured from Michael. That should have served as the foundation for **protective actions—not criminal charges—against Jamie**.

Since her incarceration, Jamie has made multiple attempts to **file criminal charges against Michael Allen Walker**, including direct requests to her former attorney **Kelly Pittl** and her current court-appointed attorney Sonny Middleton. She has also asked jail guards at the Guadalupe County Jail to speak with an investigator to file a formal criminal complaint against Michael Allen Walker. She has been **denied access every time**, without explanation. These denials directly obstruct her right to report crimes and seek justice under both **Texas law and federal civil rights statutes**. Jamie has the **constitutional right to access law enforcement** and report criminal abuse without interference.

In **recorded jail calls**, Jamie can be heard crying to her sister **Kimberly Kennedy**, recounting the horrific abuse she endured and the fear she continues to live in. Additionally, **a psychological and medical report** by John Delatorre, Psy.D submitted into Jamie's court case file details her IDD and PTSD diagnosis and the extensive trauma she experienced at the hands of Michael Allen Walker.

It is inconceivable that someone with Jamie's cognitive challenges and abuse history would now be painted as the criminal rather than the victim. To deny her bond based solely on **Cody's perjured testimony on June 18, 2025**, while ignoring **sufficient documented evidence of her victimization**, constitutes a **violation of her state and federal constitutional rights**, including:

- **Fourteenth Amendment of the U.S. Constitution**: guarantees due process and equal protection under the law. (See *Gagnon v. Scarpelli*, 411 U.S. 778, 1973)
- **Article I, Section 19 of the Texas Constitution**: guarantees due course of law protections to all persons.

15

Initials: DJR

- **42 U.S.C. § 1983**: protects individuals from deprivation of rights under color of law, including denial of access to the courts and law enforcement (See *Delew v. Wagner*, 143 F.3d 1219 (9th Cir. 1998), holding that denial of a meaningful opportunity to pursue justice is actionable under §1983).
- **Castle Rock v. Gonzales**, 545 U.S. 748 (2005): though it limited mandatory enforcement of restraining orders, it reaffirmed the importance of access to protection and due process.
- **Whalen v. Roe**, 429 U.S. 589 (1977): establishes an individual's constitutional interest in avoiding disclosure of personal matters, a principle violated when my daughter's victim status was ignored and she was charged without fair investigation.

To do this to a **mentally handicapped woman who endured severe domestic violence** is not only **morally reprehensible**, but also a **grave violation of her rights** under both the **Texas Constitution** and the **Constitution of the United States**. Justice demands that Jamie be treated as a **victim of abuse**, not as a scapegoat for failures in the investigative and prosecutorial process.

---

## 8. Evidence Provided with this Formal Criminal Complaint

Exhibit A – Notary Verification Letter, Cody and Shelby Sworn Affidavits November 15th, 2024
Exhibit B – Postage Paid envelope with Cody return Address
Exhibit C – Receipt with from USPS in Dodge City with Cody payment info
Exhibit D - Dec. 30th 2024 email to County Attorney of Nov 2024 Affidavits
Exhibit E - Recording of Cody Koelle saying affidavits were true and he signed them
Exhibit F – Email March 19th 2025 County Attorney of Cody phone recording
Exhibit G – Email March 21st 2025 County Attorney Cody Criminal Record
Exhibit H - Email March 22nd 2025 County Attorney Cody Criminal Record ext.
Exhibit I - Cody Criminal History (Arrest Record, Indictment and Plea)
Exhibit J – April 1st 2025 Email Reporting Sexual Abuse of Shelby ▮▮▮▮▮▮
Exhibit K – Email and Letter to Sheriff Ray May 13th 2025
Exhibit L – Text Message record Cody False Accusation Bribery
Exhibit M – Cody Text Messages showing he helped with November 2024 affidavits
Exhibit N – Shelby text messages asking for help and detailing what Michael Walker did
Exhibit O – The Email asking Cody to check for accuracy (truth) of transcribed affidavits
Exhibit P – Sworn Affidavits of Family members as it relates to the charge of Perjury
Exhibit Q – Credentials and proven integrity of James Louis Roden Jr.
Exhibit R - Credentials and proven integrity of James Louis Roden Sr.
Exhibit S – Phone Recording Shelby stating Andrea Martin threatened Cody to lie about his mother.

---

## 10. Legal Grounds for Criminal Charges

Initials: *DJR* DJR

Based on the facts outlined in this affidavit, I respectfully assert that **Cody Lane Koelle** has violated multiple state and federal laws through his actions, false statements, and abuse of the judicial process. The following criminal statutes and constitutional protections support the filing of formal charges:

### 1. Aggravated Perjury – Texas Penal Code § 37.03

Cody Lane Koelle knowingly made **false material statements under oath**, including:

- Denying the existence and authenticity of the November 15, 2024 affidavit in both a **January 31, 2025 sworn affidavit** and again in **live testimony under oath on June 18, 2025**.
- These false statements were not only **material to official proceedings** but resulted in the **denial of bond** for Jamie Renee Walker and the **arrest of three innocent individuals** without corroborating evidence.
- Under Texas Penal Code § 37.03, aggravated perjury is a **third-degree felony** when the false statement is made during an official proceeding and is material.

### 2. False Statement to a Peace Officer – Texas Penal Code § 37.08

Cody Lane Koelle knowingly made **false reports and misleading statements** to law enforcement and prosecutors, including:

- Claiming he was coerced or bribed to sign the affidavit he previously acknowledged as truthful.
- Misrepresenting facts that led directly to **arrest warrants being issued**.
- These actions meet the criteria for a Class B misdemeanor under § 37.08, as they were made **with intent to deceive** and **impeded the function of law enforcement.**

### 3. Tampering with a Governmental Record – Texas Penal Code § 37.10

Cody's sworn affidavit dated January 31, 2025 falsely claims the November 15, 2024 affidavit was forged. However:

- The document was **notarized by a licensed notary**, mailed by Cody himself, and confirmed in a **recorded phone call** as accurate and truthful.
- Providing a knowingly false affidavit constitutes tampering with a governmental record, a **state jail felony** or **third-degree felony** under § 37.10 when used to mislead a governmental function or judicial proceeding.

### 4. Federal Equal Protection Violation – 14th Amendment, U.S. Constitution

The resulting arrests of James Louis Roden Jr., James Louis Roden Sr., and Jamie Renee Walker—**absent independent investigation, corroboration, or physical evidence**—suggest discriminatory and retaliatory use of prosecutorial discretion. This violates:

17

Initials: _DJR_ DJR

- The **Equal Protection Clause** of the 14th Amendment, which guarantees that no person shall be denied **equal treatment under the law**.
- When public officials act in a manner that favors one party (Cody Koelle) while ignoring exculpatory evidence and retaliating against whistleblowers, they **violate the Constitution's guarantee of due process and equal protection.**

## 5. Deprivation of Rights Under Color of Law – 18 U.S.C. § 242

If law enforcement or prosecutorial authorities continue to ignore overwhelming evidence of Cody's misconduct while arresting innocent parties based solely on his word:

- This may constitute **misuse of authority under color of law**, violating 18 U.S.C. § 242.

- This statute prohibits officials from using their position to **willfully deprive individuals of federally protected rights**, including the right to due process, fair trial, and protection from false arrest.

- Failure to act in the face of clear retaliatory behavior by Cody—and failure to protect the constitutional rights of those accused—**may trigger civil or criminal liability** for government officials.

---

## 11. Request for Equal Treatment Under the Law

As the affiant, I respectfully demand equal treatment under the law as guaranteed by both the **Texas Constitution** and the **Fourteenth Amendment to the United States Constitution**. If the word of Cody Lane Koelle—**an individual with a known history of dishonesty and criminal conduct**—was deemed sufficient to arrest and prosecute my son, husband, and daughter, then the **substantial, timestamped, and independently corroborated evidence** presented in this affidavit should likewise be sufficient for authorities to open a criminal investigation and pursue appropriate charges against Cody Lane Koelle.

To allow only one side to act without scrutiny, while denying others the same protections and remedies under the law, constitutes **arbitrary and selective enforcement**, which is expressly prohibited by the Equal Protection Clause.

I call the court's attention to the ruling in **Gates v. Texas Department of Protective and Regulatory Services, 537 F.3d 404 (5th Cir. 2008)**, where the Fifth Circuit held that **arbitrary state action in investigations or enforcement—especially where it results in disparate treatment of similarly situated individuals—violates the Fourteenth Amendment**. The court noted that due process and equal protection are not merely formalities but **substantive guarantees** that shield individuals from capricious and retaliatory actions by state agents.

My family has been **arrested, humiliated, and professionally destroyed** based on nothing more than a **retracted affidavit and contradictory statements** made by Cody Lane Koelle.

18

Initials: _DJR_

Meanwhile, despite overwhelming documentation of his **false testimony, recorded confessions, retaliatory intent, and a credible motive to fabricate statements**, no investigation or accountability has followed.

The evidence submitted includes:

- A notarized affidavit Cody now falsely denies.
- Recorded calls where Cody admits to signing it voluntarily.
- Text messages showing he mailed the affidavit.
- Statements confirming coercion and pressure from Andrea Martin and others.
- Documentation that the County Attorney's Office disclosed the identity of the abuse reporter (James Louis Roden Jr.) to Cody, leading directly to retaliatory arrests.

If Cody's unsupported and provably false claims were sufficient to justify felony charges against multiple members of my family, then this collection of **direct evidence, physical documentation, and legal precedent** more than satisfies the standard for initiating a **criminal investigation into Cody Lane Koelle's conduct**.

I implore the appropriate authorities to fulfill their legal and ethical obligations by applying the law **fairly and consistently**. Failure to act under these circumstances would not only compound the injustice already suffered by my family but would further **erode public confidence in the equal application of justice in Guadalupe County and the State of Texas. The failure to apply equal treatment under the law also constitutes a violation of federal civil rights under 42 U.S.C. § 1983**, which provides a remedy against any person who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States.

## 12. Statement Regarding Fear of Retaliation

I, **Dolores Jane Roden**, submit this formal criminal complaint fully aware of the risk of retaliation that may follow. I am deeply concerned that I, as well as members of my family, may face further and continued retaliatory actions not only from **Cody Lane Koelle** and individuals who may be assisting or influencing him—including **Andrea Martin**—but also from **officials within the Guadalupe County Attorney's Office**, who have already demonstrated a pattern of selective prosecution, disregard for exculpatory evidence, and retaliatory enforcement actions.

This fear is not speculative. On April 1, 2025, my son **James Louis Roden Jr.** filed a confidential report of suspected abuse involving **Shelby** ▮▮▮▮▮▮ **as a result of her second pregnancy** while she was in the care of Cody Koelle and Andrea Martin. Despite explicitly requesting anonymity and expressing fear of retaliation, his identity as the reporter was disclosed to the very individuals named in the complaint. Within **six days**, multiple felony charges were filed against him and other family members based solely on Cody's sudden and unsupported reversal in testimony.

Initials: _____ DJR

This breach of confidentiality and retaliatory prosecution raise serious constitutional and statutory concerns:

- **Federal Protection**: Retaliation against an individual for reporting abuse or participating in legal processes violates the **First Amendment right to petition the government for redress of grievances** and the **Fourteenth Amendment's guarantee of due process and equal protection**. See *Mt. Healthy City School District Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) (establishing a framework for First Amendment retaliation claims).

- **Civil Rights Action**: Under **42 U.S.C. § 1983**, any official who acts under color of state law to retaliate against an individual for exercising constitutional rights may be held personally liable. This includes actions intended to suppress complaints, intimidate witnesses, or deter lawful advocacy.

- **Texas Whistleblower Protection Act (Tex. Gov't Code § 554.002)**: This state law protects public employees who make a good faith report of a violation of law to an appropriate law enforcement authority from retaliation. Although I am not a public employee, the principle of protection for those who report wrongdoing is equally relevant when extended to community members acting in good faith to protect vulnerable individuals.

- **Tex. Penal Code § 36.06 – Obstruction or Retaliation**: Texas criminal law prohibits any person from harming or threatening to harm another in retaliation for their service or status as a witness, prospective witness, public servant, or someone who has reported a crime.

Due to the serious nature of this complaint and the history of retaliation already experienced by my family, I will be sharing this sworn complaint—and all supporting evidence—with the following independent agencies and officials for transparency, protection, and oversight:

**1. Agent Wilson – FBI / U.S. Department of Justice Civil Rights Division**
**(Agent Wilson is the current lead agent investigating Civil Rights Complaints as it relates to Civil Rights violations against our Family)**



San Antonio, TX

**2. Texas Rangers – Public Integrity Unit, Company F**

Waco, TX



**3. Sheriff Joshua Ray – Guadalupe County Sheriff's Office**

Seguin, TX

20

Initials: DJR DJR

**4. U.S. Department of Justice – Civil Rights Division**
https://civilrights.justice.gov/
**Phone:** ████████

**5. Disability Rights Texas**
████████, Austin, TX ████
████████

**6. ACLU of Texas**
████████
Houston, TX 7████████
████████

**7. Michael A. Smith** (Lead Editor) Galveston Daily News and Seguin Gazette
**Following developments of case for public interest story**
Southern Newspaper Inc.
████████n Rd, Galveston, TX 7████
████████0

**8. Megan Rue, Mark Pryor Attorneys for James Louis Roden Jr.**
Cofer & Connelly
████████ Austin, TX ████
████████

**9. Zachery Binder (Newly Hired Defense Attorney for Jamie Renee Walker)**
████████
Suite A
Austin TX ████
████████

**10. Institute for Justice**
████████
Arlington, VA ████
████████

---

## 13. A Humble Plea to Sheriff Joshua Ray

To the Honorable Sheriff Joshua Ray,

With a heart full of both hope and sorrow, I, Dolores Jane Roden, a retired special education teacher and the matriarch of this afflicted family, humbly submit this plea to you—not only as the chief law enforcement officer of Guadalupe County, but as a man of faith, integrity, and honor.

21

Initials: _DJR_ DJR

Sheriff Ray, I believe in your mission. I believe in your commitment to professionalism and transparency. I believe in your call to public service, grounded in biblical values and the principles of equal protection under law. I know you swore an oath not only to the Constitution but to the people of this county and state—people like me, like my husband who served his country with distinction, like my son who served his students and the disabled with compassion, and like my daughter, a mentally disabled woman who has endured the unspeakable at the hands of an abuser.

I come before you not in fear, but in desperate faith that truth still matters in Guadalupe County.

Sheriff Ray, as a former Texas Ranger, you know firsthand the damage that corruption and unchecked power can do to innocent lives. You also know what it takes to stand up to it. Back in January, your predecessor, Sheriff Zwicke, courageously stood before the Commissioners Court and spoke openly about misconduct in the County Attorney's Office. What he began, I now beg you to finish—with integrity, impartiality, and a genuine pursuit of justice.

The criminal complaint I am submitting contains overwhelming and verifiable evidence that my family members—two of whom have impeccable service and character—have been falsely accused and maliciously prosecuted based solely on the ever-changing testimony of a single individual, Cody Lane Koelle. The evidence was ignored. The perjury was overlooked. The retaliation was clear. And yet, tens of thousands of taxpayer dollars continue to be spent prosecuting a schoolteacher, a disabled veteran, and a mentally handicapped woman, while crimes involving child abuse, trafficking, drugs and dangerous criminal activity grow in our communities.

This cannot be what justice in Guadalupe County is supposed to look like.

Sheriff Ray, the public needs to believe again that our law enforcement serves the people—not politics, not pride, not corrupted agendas. Your own words—"integrity is at the very heart of our profession's ability to gain and maintain the public's trust"—have stayed with me throughout this painful process. I pray they guide your steps now.

I am placing this complaint into your hands because I trust that you will seek the truth. Not for my sake alone, but for the sake of every family in Guadalupe County who hopes for a government that serves the people with "compassion, fairness, and respect," just as your mission declares.

I ask for nothing more than what the law demands: Equal Protection. Truth. Accountability.

I respectfully ask you to open a formal investigation into the conduct of Cody Lane Koelle, the retaliation carried out against my son, and the disturbing misconduct by the County Attorney's Office. I place this plea before you in the name of justice, and in the name of the Lord Jesus Christ who commands us in **Isaiah 1:17**

*"Learn to do good; seek justice, correct oppression; bring justice to the fatherless, plead the widow's cause."*

22

Initials: _____DJR

May the Lord give you strength and discernment as you carry out your duties.

With the utmost respect and hope,
**Dolores Jane Roden**

---

## 14. Sworn Declaration

I, **Dolores Jane Roden**, do hereby affirm under penalty of perjury that the statements made in this criminal complaint are true and correct to the best of my knowledge, understanding, and belief. I make this sworn declaration freely, without coercion, and with the sincere intention of upholding the law, seeking justice for my family, and ensuring that all parties—regardless of position or influence—are held to the same legal standard.

I understand that making a false statement in this sworn affidavit would be a violation of Texas Penal Code § 37.02 and federal perjury laws. I have no desire to cause harm to any innocent person, but I will not remain silent while my family, including a disabled veteran, a mentally handicapped domestic violence survivor, and a respected educator and advocate, are publicly shamed and criminally charged without credible evidence—all while the individual who knowingly made false statements continues to avoid accountability.

I respectfully submit this complaint in the interest of **truth, justice, and equal protection under the law**.

Executed this _26_ day of ___June___, 2025, **in Galveston County, Texas.**

Signature: _Dolores Jane Roden_

Name: Dolores Jane Roden
Address: ███████████ League City, TX ████
Phone Number: ████████
Email Address: doloresjaneroden@gmail.com

Notary Public: _____

Commission Expiration: ___06·13·2027___

CANDICE SLIGER
Notary Public, State of Texas
Comm. Expires 06-13-2027
Notary ID 13204936-2

23