# Exhibit C

# ADA Court Filings, Emails, Letters

**James Louis Roden Jr. –**
**Dolores Jane Roden –**
**James Louis Roden Sr. –**
**Anna Mares Roden –**
**Kimberly Kennedy –**

March 21st, 2025

**Judge Gary Steel**
**274th District Court**
**Guadalupe County Courthouse**

**Seguin, TX**

**Re: Cause No. 24-1775-CR-B – Jamie Renee Walker**
**Concerns Regarding Subpoenas, Retaliation, and Subversion of the Legal Process**

Dear Judge Steel,

I am writing to express serious concerns regarding the recent **subpoenas** issued to members of my family in relation to the **bond hearing** for **Jamie Renee Walker** (Cause No. 24-1775-CR-B). These subpoenas were issued only after I intervened to assist the **Guadalupe County Attorney's Office** in obtaining **Shelby Jane Koelle's first-hand testimony**, which is crucial to both the **indictment** and the **bond hearing**. I believe the **Guadalupe County Attorney's Office** retaliated against me and my family for advocating on **Shelby's behalf,** using the **subpoenas** as an intimidation tactic to silence our efforts to ensure that **Shelby's testimony** is heard in the proceedings.

**Family Members Affected by Retaliation**

The **subpoenas** were issued to the following family members, none of whom have **first-hand knowledge** of the facts relevant to the **bond hearing**:

- **My mother, Dolores Jane Roden**, a **stroke survivor** of **83 years old** with **limited mobility.**

- **My father, James Louis Roden Sr.**, a **77-year-old Army veteran** suffering from **severe neuropathy,** which **significantly limits his mobility.**

- **My sister, Kimberly Kennedy**, who lives in **South Carolina** and has a **limited income.**

- **My wife, Anna Mares Roden**, who has **no first-hand knowledge** of the **bond hearing**.

- **Myself, James Louis Roden Jr.**, a **middle school teacher** with **two small children** aged **10** and **12**.

Despite these family members being subpoenaed without any **prior communication** or attempt to verify their **relevance** to the **bond hearing**, the **Guadalupe County Attorney's Office** made no effort to **contact Shelby directly** until **I intervened** and provided the **County Attorney's Office** with **Shelby's contact information**. Prior to my intervention, they did not know **where Shelby lived, did not have her phone number**, and had made **no attempt** to reach out to her. It was only **after I provided this contact information** that the **Guadalupe County Attorney's Office** finally made contact with **Shelby**.

**Failure to Investigate Facts Before Filing the Motion**

The **motion to increase bond** was filed without verifying the **facts** surrounding the **allegations** within it. Specifically, **Shelby's name** was used in the motion, suggesting that **Jamie Walker** had violated bond conditions by **contacting the complaining witness**, yet the **Guadalupe County Attorney's Office** never attempted to **contact Shelby directly** to verify these claims. This failure to **verify the facts** before filing the motion raises serious concerns about the **due diligence** of the **Guadalupe County Attorney's Office**.

Instead of ensuring that **Shelby's testimony**, which could **exonerate Jamie**, was properly evaluated and considered before filing the motion, the **Guadalupe County Attorney's Office** proceeded with filing it, without even confirming its accuracy. This oversight undermines the **integrity** of the process and seems to further highlight the **lack of commitment** to a fair and just outcome.

**Retaliatory Nature of the Subpoenas**

After I provided **Shelby's contact information**, the **Guadalupe County Attorney's Office** retaliated by issuing **subpoenas** to my family members, knowing that none of us had **first-hand knowledge** of the facts relevant to the **bond hearing**. The **subpoenas** were issued without any **prior consultation, investigation**, or understanding of whether our testimony would be relevant or helpful to the **bond hearing**.

Instead of thanking me for providing the **contact information** that enabled them to connect with **Shelby**, the **County Attorney's Office** chose to issue **subpoenas** with threats of **jail time** and **$500 fines**, using the subpoena process as a **punitive measure** to intimidate my family. These **subpoenas** were not issued in good faith to gather **relevant testimony**, but rather as a form of **retaliation** for our **advocacy on behalf of Shelby**. This

constitutes an **abuse of the subpoena power**, which is meant to be used for legitimate purposes, not to **harass** or **intimidate** those involved in the case.

**Brady Evidence and Retaliation**

As I've previously stated, **Shelby's testimony** is **exculpatory evidence** that is **critical** to both the **bond hearing** and the **indictment**. According to **Brady v. Maryland (1963)**, the **prosecution must disclose exculpatory evidence** that could potentially **exonerate the defendant**. In this case, the **Guadalupe County Attorney's Office** has failed to acknowledge the importance of **Shelby's testimony** and its **exculpatory value. Shelby's testimony** could potentially **dispel any allegations** against **Jamie**, yet instead of thoroughly investigating it, the **County Attorney's Office** chose to **punish** my family for advocating for the **truth** to be heard. This raises serious concerns about the **retaliatory** and **intimidatory nature** of their actions.

**Legal Implications of Retaliation and Abuse of Subpoena Power**

The actions taken by the **Guadalupe County Attorney's Office** raise significant **legal and ethical concerns**. The **misuse of subpoena power, failure to investigate** relevant facts, and **retaliatory tactics** employed in this case violate established **legal principles**:

1. **Misuse of Subpoena Power:**
   The **U.S. Supreme Court** in **U.S. v. Fisk (1869)** and **U.S. v. Nixon (1974)** emphasized that subpoenas must be issued for **legitimate purposes** and must be used in good faith to gather **material evidence**. In this case, the subpoenas were issued with no reasonable basis and serve only to **harass** and **intimidate** witnesses.

2. **Failure to Investigate:**
   In **State v. Simpson, 318 S.W.3d 74, 85 (Tex. App. – Houston [14th Dist.] 2010)**, the court emphasized that subpoenas should only be issued if they are **reasonably necessary** to gather **relevant testimony**. The **failure** to contact **Shelby directly** to verify her **exculpatory testimony** before filing the **motion to increase bond** constitutes a failure to exercise **due diligence**.

3. **Ethical Violations:**
   **Texas Disciplinary Rules of Professional Conduct, Rule 3.04**, prohibits attorneys from using the **subpoena power** to **burden, harass,** or **intimidate** witnesses. The actions of the **Guadalupe County Attorney's Office**, by issuing subpoenas without **prior consultation** or consideration of their **relevance**, appear to violate this rule.

4. **Retaliation Against Advocacy:**
   **Retaliation** for advocating for **Shelby's testimony** and **ensuring her rights** are

heard is a violation of **due process** and the right to a **fair trial**. As established in **Brady v. Maryland (1963)**, the **prosecution is obligated** to disclose **exculpatory evidence**, and the **failure to investigate or verify Shelby's testimony** constitutes a **violation** of **due process**.

**Request for Action**

I respectfully request that this Court review the **subpoenas** issued to my family and the **actions taken by the Guadalupe County Attorney's Office,** as these actions seem intended not to gather **relevant testimony** but to **punish** and **intimidate** those who have advocated for **Shelby's testimony** to be heard. Please consider taking appropriate action to ensure that **Shelby Jane Koelle's testimony** is **given proper weight** in these proceedings. **Shelby's testimony** is **critical** to ensuring **truth** and **justice** in this case, and I believe it should be heard at the **bond hearing** to ensure that all facts are properly considered.

Thank you for your time and attention to this matter.

Sincerely,

**James Louis Roden Jr.**

*James L. Roden Jr.*

**Date:** *March 21st, 2025*

League City TX, ███

**Disclaimer:** I am not an attorney, nor am I offering legal advice. I am a concerned family member and a **citizen of the United States and Texas**, seeking to ensure that the **truth** and **justice** are served in this case. My intention is solely to provide information that may assist in bringing the **truth** to light and ensuring that **Shelby Jane Koelle's voice** is heard in accordance with her **constitutional rights**. I am not acting in any legal capacity and do not intend to interfere with the legal process or represent any party in a legal manner.

**Key Legal Precedents and Citations:**

1. **U.S. v. Fisk (1869):** Subpoenas must be issued for **legitimate purposes**, such as obtaining relevant and material testimony.

2. **U.S. v. Nixon (1974):** Subpoenas must serve the purpose of obtaining **evidence** that is **material** and **relevant** to the case.

3. **Brady v. Maryland (1963): Exculpatory evidence** (like **Shelby's testimony**) must be disclosed, and failure to do so may violate **due process**.

4. **Texas Rules of Criminal Procedure - Rule 17:** Subpoenas must be issued for **relevant** testimony related to the case.

5. **Texas Disciplinary Rules of Professional Conduct - Rule 3.04:** A lawyer must not use subpoenas to **harass, burden,** or **intimidate** witnesses.

6. **ABA Model Rules of Professional Conduct - Rule 3.4:** A lawyer must not use subpoenas for **improper purposes**, including retaliation against those advocating for the truth.

FILED
8:00ᵃᵐ M

AUG 2 6 2025

LINDA BALK
Clerk, Dist. Court Guadalupe Co. T>
By_____Deput

## 25-2554-CV-C

Guadalupe Sheriff Office CAUSE NO. 24-02887
WARRANT NO. 2402887EMR6

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 25TH DISTRICT COURT |
| | § | |
| v. | § | GUADALUPE COUNTY, TEXAS |
| | § | |
| JAMES LOUIS RODEN SR. | § | |

# Motion for Examining Trail

**James Louis Roden, Sr., Defendant,** files this Motion for an Examining Trial pursuant to Article 16.01 of the Texas Code of Criminal Procedure, and in support thereof respectfully shows the Court the following:

---

## I. Background

1. Defendant was arrested on or about April 7, 2025, pursuant to an arrest warrant alleging the offense of **Tampering with a Witness, a First Degree Felony** under Texas Penal Code §36.05(e-1)(2).
2. The arrest was based solely on a sworn complaint and affidavit filed by Investigator Elaine M. Reamer of the Guadalupe County Sheriff's Office .
3. The Defendant has not been indicted by a grand jury as of the date of this motion.

---

## II. Right to Examining Trial

4. Article 16.01 of the Texas Code of Criminal Procedure provides that an accused, prior to indictment, is entitled to an examining trial in the county having jurisdiction of the offense.
5. The purpose of an examining trial is to require the State to present evidence demonstrating probable cause that the Defendant committed the charged offense and to test the sufficiency of the complaint and supporting affidavit.
6. The Defendant is entitled to confront the witnesses against him, to cross-examine those witnesses, and to present evidence in his defense.

## III. Grounds Supporting the Motion

## 7. Absurdity of Affidavit, Warrant, and Bond

The arrest warrant and supporting affidavit in this case defy both common sense and the objective reasonableness required by law. Defendant is a **77-year-old retired Army veteran**, wheelchair-bound and largely confined to a bed, residing in **League City, Texas with no criminal history**. The complaining witness, **Cody Lane Koelle**, resides in **Dodge City, Kansas**, a distance of approximately **634.9 miles away**.

Despite these circumstances, the affidavit accepted at face value the accusations of Cody Lane Koelle, a **28-year-old with a criminal record for filing false police reports, impersonating a police officer, and other dishonesty-related crimes as well as convicted felony threat to do harm**. Notably, Koelle has falsely represented himself as law enforcement in the past. An affidavit that relies exclusively upon such inherently unreliable claims, without independent investigation or corroboration, fails to establish probable cause under the **Fourth Amendment to the U.S. Constitution** and **Texas Code of Criminal Procedure, Article 15.04–15.05**, which require sufficient facts within the affiant's knowledge to support the issuance of a warrant (*Illinois v. Gates*, 462 U.S. 213 (1983)).

Nevertheless, the State advanced these unverified accusations to secure a warrant and a preset **$100,000 bond**. This bond is excessive and oppressive in violation of the **Eighth Amendment to the U.S. Constitution**, as applied to the states through the Fourteenth Amendment, and **Texas Code of Criminal Procedure, Article 17.15**, which prohibits bail set at an amount greater than necessary to ensure appearance at trial. Texas courts have repeatedly held that bail is unconstitutional if it is set in a manner "instrumental of oppression" (*Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987)). Setting such a bond against a disabled, bedridden, elderly veteran with no criminal record and no ability to flee constitutes precisely the type of oppressive bail forbidden by law.

Even more troubling, the complaint appears not to have originated from an independent law enforcement investigation, but instead from the **defense attorney John Green for Michael Allen Walker**, who has been indicted and has pled guilty to **Aggravated Sexual Assault of a disabled person**, confirmed by DNA evidence. By adopting accusations funneled through Walker's defense counsel, while failing to investigate or consider exculpatory evidence, the County Attorney's Office and Investigator Reamer engaged in a process that raises grave due process concerns under the **Fourteenth Amendment** and violates the duty of neutrality expected of prosecutors (*Berger v. United States*, 295 U.S. 78, 88 (1935)).

This combination of factors — a **disabled elderly veteran** accused of threatening a much younger man with a record of deception, residing **634.9 miles away**, with no evidence of direct communication, and yet saddled with a **$100,000 preset bond** — demonstrates the **absurdity, oppressiveness, and retaliatory nature** of the warrant. These facts demand judicial scrutiny at an examining trial to prevent further misuse of prosecutorial power and to ensure that justice, rather than retaliation, governs these proceedings.

## 8. Red Flags in Witness Alignment and Smears Against the Victim

2

The credibility of the State's affidavit is fatally undermined by the fact that its complainants, **Cody Lane Koelle** and **Andrea (Andy) Martin Koelle**, are openly aligned with **Michael Allen Walker**, a man with an extensive record of violence, substance abuse, and sexual assault of vulnerable persons. Despite overwhelming contrary evidence, Cody and Andrea have sworn affidavits defending Walker's character while simultaneously smearing innocent family members — including **Shelby, the very victim of Walker's sexual assault.**

### A. Walker's Criminal History: Violence and Substance Abuse

Henderson County court records and DPS records demonstrate Walker's decades of misconduct, including:

- **Possession of Marijuana** (1987).
- **Driving While Intoxicated (DWI)** (1994).
- **Resisting Arrest** (1995, 2010).
- **Driving While License Suspended/Invalid** (2002, 2009, 2012).
- **Providing Alcohol to a Minor** (2011).
- **Assault Causing Bodily Injury** (2009, 2013).
- **Deadly Conduct** (2023).

Additionally, Walker was arrested on **March 29, 2022**, for felony assaults against **Jamie Renee Walker**, a woman with intellectual disabilities:

1. **Aggravated Assault with a Deadly Weapon** (Tex. Penal Code §22.02(a)(2)).
2. **Assault Family/Household Member by Impeding Breath or Circulation** (Tex. Penal Code §22.01(b)(2)(B)).

This record establishes a sustained pattern of intoxication, violence, and exploitation of vulnerable women.

### B. Cody and Andrea's Support of Walker

On **January 31, 2025**, both Cody and Andrea executed sworn affidavits in support of Walker:

- **Andrea Koelle** swore that Walker was a "good man," denied that he had violent tendencies, and even stated she "would trust Michael Walker to care for [her] children any day unsupervised".
- **Cody Koelle** swore that he had never seen Walker commit violence and pledged to testify in Walker's defense. A complete opposite of the violence he stated he witnessed Michael Allen Walker commit against his mother in his November 15th, 2024 notarized sworn affidavit.

These statements were made despite DNA evidence confirming Walker impregnated his intellectually disabled stepdaughter and despite his decades of arrests and convictions.

### C. Smears Against the Victim, Shelby

While minimizing or denying Walker's criminal history, Andrea and Cody directed attacks against Shelby:

- Andrea claimed Shelby made **false accusations** of abuse, lied about an affair, and even **staged her home in order to involve CPS.**
- Cody claimed Shelby was coerced by family to sign affidavits and implied her pregnancy was "planned," suggesting deceit and manipulation.

These smears show open hostility and bias against Shelby — the rape victim — in order to **protect Michael Allen Walker** and undermine the credibility of the victim herself.

### D. Hypocrisy Toward Other Family Members
At the same time, Cody and Andrea disparaged Cody's mother as someone who "likes to party and drink," despite the fact that she has **zero criminal convictions or arrests that would allude to such behavior.** Meanwhile, they defended Walker, whose criminal history includes DWI, providing alcohol to a minor, resisting arrest, and multiple assaults.

This selective defense of a documented violent offender while smearing innocent family members and the rape victim highlights clear **bias, animus, and bad faith.**

### E. Legal and Constitutional Concerns
The **Texas Court of Criminal Appeals** requires affidavits to disclose informant credibility and bias (*State v. Duarte*, 389 S.W.3d 349, 356 (Tex. Crim. App. 2012)). The **U.S. Supreme Court** has held that magistrates must be provided facts sufficient to assess a witness's veracity and reliability (*Aguilar v. Texas*, 378 U.S. 108 (1964)). By omitting Cody and Andrea's smears against Shelby — the disabled rape victim — Investigator Reamer deprived the magistrate of crucial impeachment evidence.

This omission violated **due process (U.S. Const. Amend. XIV; Tex. Const. Art. I, §19), Brady v. Maryland,** 373 U.S. 83 (1963), and the **Michael Morton Act (CCP Art. 39.14),** which mandate disclosure of exculpatory and impeachment material.

### Conclusion
That Cody and Andrea would openly defend a man with a record of DWI, drugs, and sexual assault — while attacking Shelby, the rape victim, and smearing innocent family members — demonstrates a level of bias and hostility that makes them wholly unreliable witnesses. The State's reliance on their testimony without disclosing these red flags renders the affidavit constitutionally defective and demands an **examining trial under CCP Art. 16.01.**

## 9. Complainant's History of Criminal Misconduct

The State's affidavit improperly relies on the uncorroborated word of **Cody Lane Koelle,** whose criminal history demonstrates a sustained pattern of dishonesty, impersonation, and threats.

Official court records from **Ford County, Kansas (Case No. FO-2025-CR-000203, filed April 14, 2025)** show that Koelle was charged with:

4

- **Interference with Law Enforcement (False Report of a Crime)** — Felony, for knowingly making a false report to Dodge City Police Officer Cisco Soto, falsely accusing another person of a crime.
- **Criminal Threat** — Felony, for unlawfully threatening violence against Boot Hill Casino and Resort with intent to place others in fear.

Additionally, in **Pawnee County, Kansas (Case No. PN-2024-CR-000121, filed October 24, 2024)**, Koelle was charged with:

- **Interference with Law Enforcement (False Report)** — Misdemeanor, for knowingly giving false information to Deputy Nicholas Delaney, obstructing an investigation.
- **False Impersonation** — Misdemeanor, for unlawfully representing himself as emergency personnel.
- **Unauthorized Use of Restricted Lights and Signals** — Traffic infraction, for unlawfully operating a vehicle equipped with flashing emergency lights.



Taken together, these official records establish that Cody Lane Koelle has:

- Two separate charges for **false police reports,**
- A charge for **false impersonation of emergency personnel,** and
- A charge for **felony criminal threat of violence.**

This pattern of misconduct directly undermines his credibility as a reliable witness. Under **Texas Rule of Evidence 609(a),** prior convictions for crimes involving dishonesty or false statements are admissible for impeachment, and Texas courts have long recognized that reliance on witnesses with a record of dishonesty cannot, standing alone, establish probable cause (*Miller v. State,* 736 S.W.2d 643, 647 (Tex. Crim. App. 1987)).

Further, both the **U.S. Supreme Court** and the **Texas Court of Criminal Appeals** require magistrates to be presented with facts demonstrating the reliability of informants (*Aguilar v.*

5

*Texas*, 378 U.S. 108, 114 (1964); *State v. Duarte*, 389 S.W.3d 349, 356 (Tex. Crim. App. 2012)). By failing to disclose or account for Koelle's criminal history of false reports and impersonation, Investigator Reamer misled the magistrate and deprived the court of essential impeachment information in violation of **Brady v. Maryland**, 373 U.S. 83 (1963), and the **Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14)**.

Because the affidavit rests entirely on the word of a complainant with a well-documented history of fabricating reports and impersonating law enforcement, probable cause cannot constitutionally be sustained. This necessitates judicial review in an **examining trial under Art. 16.01 CCP.**

## 10. Omission of Exculpatory Evidence – Conflicting Affidavits, Recorded Admission, and Known Criminal Charges (Proof of Malicious Prosecution)

At the time the warrant affidavit was filed on **April 7, 2025**, the State and affiant **Officer Elaine Reamer** already possessed exculpatory and impeachment evidence that was deliberately omitted.

• **Conflicting Affidavits**

- **November 15, 2024:** *Cody Lane Koelle* executed a sworn affidavit supporting his mother, **Jamie Renee Walker**, notarized at Landmark National Bank in Dodge City Kansas, by notary Sandra Rodriguez.
- **January 31, 2025:** Cody executed a second affidavit recanting his earlier sworn statement and siding with **Michael Allen Walker.**
  Both affidavits were notarized by the **same notary at the same bank**, with contemporaneous notary log records available. Despite this, Cody later claimed the November 15, 2024 affidavit was "forged." The Guadalupe County Attorney's Office knew both affidavits were notarized by the same official, yet made no effort to verify with the notary, review the logbook, or confront Cody's perjured claim. This failure was deliberate and reckless.

• **Recorded Admission & State's Receipt (March 18–19, 2025)**

- **March 18, 2025:** In a recorded phone call, **Cody Lane Koelle admits he signed the November 15, 2024 affidavit** and affirms that the **November 2024 affidavits against Michael Allen Walker were true.**
- **March 19, 2025:** The recording was **transmitted to and received by the Guadalupe County Attorney's Office,** providing direct impeachment of Cody's later recantation and disproving his "forgery" claim. This is quintessential Brady/Giglio material that should have been disclosed and presented to the magistrate.

• **Emails Proving Notice of Cody's Criminal Charges**

- **March 21, 2025:** Email to the Guadalupe County Attorney's Office disclosed that **Cody Lane Koelle** faced pending charges in **Pawnee County, Kansas**, including **False**

6

> Impersonation of a Police Officer, Filing a False Police Report, Destruction of Evidence, and Obstruction of Law Enforcement.

- **March 22, 2025**: Follow-up email documented additional misconduct involving **Andrea Koelle**, including impersonating **Shelby** and interfering with mail.
  These emails were received **more than two weeks before** the April 7 affidavit, proving the State had actual notice of Cody's dishonesty-related charges and misconduct.

## Legal Standards and Malicious Prosecution

The deliberate omission of known exculpatory and impeachment evidence—including the **March 18 recorded admission** and its **March 19 receipt**, the two **conflicting affidavits**, the **readily available notary verification**, and the **documented criminal charges**—constitutes malicious prosecution and violates state and federal constitutional rights:

### Supreme Court Precedent

- *Brady v. Maryland*, 373 U.S. 83 (1963).
- *Giglio v. United States*, 405 U.S. 150 (1972).
- *Franks v. Delaware*, 438 U.S. 154 (1978).
- *Albright v. Oliver*, 510 U.S. 266 (1994).

### Fifth Circuit Precedent

- *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).
- *Castellano v. Fragozo*, 352 F.3d 939, 953–54 (5th Cir. 2003).
- *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018).

> By omitting the **March 18 recorded admission** (delivered **March 19**), suppressing the **conflicting-affidavit** proof and **notary verification**, and ignoring emails proving **Cody's active dishonesty-related charges**—all before April 7, 2025—the State **misled the magistrate, tainted the warrant's reliability**, and violated **Texas law** and the **Due Process Clause of the Fourteenth Amendment. Judicial review through an examining trial under CCP art. 16.01 is necessary.**

## 11. Failure to Address Report of Ongoing Exploitation (Suppression of Material Evidence and Retaliation)

On **April 1, 2025**, the **Guadalupe County Attorney's Office** received a formal written report from **James Louis Roden, Jr. a school teacher, minister and mandated reporter** documenting that **Shelby Jane Koelle**, a young woman with intellectual and developmental disabilities (IDD), was being sexually exploited while in the care of **Cody Lane Koelle** and his wife, Andrea that resulted in her becoming pregnant by a known drug dealer and user living in Cody Lane Koelle home.

This report was sent directly to the following officials:

- **Jessica Johnson**, Guadalupe County Attorney's Office (jessica.johnson@███████████)
- **Jonathan Amdur**, Assistant County Attorney (jonathan.amdur@███████████)
- **Maritza Stewart**, Guadalupe County Attorney's Office (maritza.stewart█████████)
- **Ileen Rangel**, Guadalupe County Attorney's Office (ileen.rangel@██████████████)
- **David Willborn**, Elected Guadalupe County Attorney (dwillborn@█████████████)

The report included a **recorded phone call** in which **Cody himself admitted** Shelby was being used for sex by a man named "Jesse" who was living in his home, using drugs, and sleeping in the same room as Shelby. Six months after giving birth to her first child — conceived through the sexual assault of her stepfather, Michael Walker (DNA confirmed) — Shelby was pregnant again.

This mirrored the very crimes already being prosecuted in Guadalupe County and put the County Attorney's Office on **direct notice** of Shelby's ongoing exploitation under both **Texas Penal Code §22.011** and **Kansas Statute §21-5503**, which recognize that individuals with intellectual disabilities cannot legally consent to sexual activity.

Despite this, the County Attorney's Office and Sheriff's Office **took no action to investigate or intervene.** Instead, on **April 7, 2025 — just six days later — Defendant James Louis Roden, Sr. and James Louis Roden Jr (the man who saved Shelby from Michael) were arrested,** while Cody Lane Koelle, the individual implicated in facilitating Shelby's abuse, was not charged or investigated.

This sequence of events demonstrates:

- **Suppression of Exculpatory Evidence**: The April 1st report directly undermined Cody's credibility and implicated him in criminal neglect and exploitation. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), this material should have been disclosed but was instead buried.
- **Malicious Prosecution/Retaliation**: The arrest of family advocates immediately following the report constitutes retaliation for whistleblowing. Courts have repeatedly condemned prosecutions designed to punish reporting of crimes (*Hartman v. Moore*, 547 U.S. 250 (2006); *Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1988)).
- **Violation of Due Process and Equal Protection**: By protecting Cody while targeting Shelby's advocates, the County engaged in selective prosecution in violation of the Fourteenth Amendment and Texas Const. Art. I, §19.

  The failure to act on the April 1, 2025 report of ongoing exploitation, coupled with the retaliatory arrests on April 7, 2025, shows that the prosecution of Defendant was not grounded in law but in **malice, retaliation, and suppression of material evidence.** This ground alone requires an examining trial to test the State's conduct and protect Defendant's due process rights.

## 12. Evidence of Collusion and Improper Pressure by the County Attorney's Office

- In a recorded phone call, **Cody Lane Koelle admitted** that he was being pressured by **Eileen Rangel (Victim Advocate)** and **Jessica Johnson (Assistant County Attorney)** to support **Michael Allen Walker** and oppose his own mother, **Jamie Renee Walker**. Cody acknowledged he had no firsthand knowledge of events and that his role would be limited to hearsay testimony, yet the County Attorney's Office continued to press him to take Michael's side.

- A copy of this recorded call was sent to the **Guadalupe County Attorney's Office** by email, establishing that prosecutors had direct notice of both (1) Cody's admission of being pressured by officials, and (2) the lack of any credible firsthand evidence.

- Compounding this, **John Green**, defense counsel for Michael Allen Walker, is a **former Assistant Guadalupe County Attorney** and a **former classmate of Jessica Johnson**, both having graduated in the **summer of 2020 from St. Mary's School of Law in San Antonio**, according to Texas State Bar records. This undisclosed connection between Michael Walker's defense counsel and the prosecuting office creates an **appearance of collusion and bias** that undermines the integrity of the proceedings.

- The fact that affidavits supporting Michael Walker — an individual already indicted for the aggravated sexual assault of his disabled stepdaughter, confirmed by DNA — were funneled through **John Green** and then adopted by the County Attorney's Office, while exculpatory affidavits and recorded evidence contradicting Cody's statements were ignored, constitutes prosecutorial misconduct.

## Legal Standards

- *Brady v. Maryland*, 373 U.S. 83 (1963) – suppression of exculpatory evidence violates due process.
- *Giglio v. United States*, 405 U.S. 150 (1972) – impeachment material regarding government witnesses must be disclosed.
- *Franks v. Delaware*, 438 U.S. 154 (1978) – deliberate or reckless omissions invalidate probable cause.
- *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987) – prosecutors must not represent or appear to represent conflicting interests.
- *Castellano v. Fragozo*, 352 F.3d 939, 953–54 (5th Cir. 2003) – fabrication or suppression of evidence by prosecutors violates due process.
- Texas Disciplinary Rules of Professional Conduct, Rule 1.06(b)(2) – attorneys must avoid conflicts of interest that compromise impartiality.

The pressure exerted on Cody by County officials, the failure to act upon the recording documenting that pressure, and the apparent conflict of interest between the County Attorney's Office and Michael Walker's defense counsel collectively demonstrate **malicious prosecution, bias, and collusion**. This misconduct requires full judicial

review in an examining trial under **CCP Art. 16.01** and may independently justify dismissal of charges.

## 14. Invalid Judicial Signatures on Warrants and Affidavits

The warrants and affidavits in this case purport to bear the signature of the Honorable William D. Old III. However, examination reveals that each document contains the **identical, pixel-perfect image of a signature**, appearing in precisely the same form across multiple documents, and overlapping the phrase *"submitted by electronic means"* in inconsistent locations. This strongly indicates that the "signature" is not an authentic, case-specific judicial signature but instead a **mechanical stamp or copied image.**

### Texas Law and eFile Requirements

- Under **Texas Government Code § 2054.060** and **Texas Rules of Civil Procedure Rule 21(f)(7)**, an electronic signature must:
  - Be unique to the signer,
  - Be capable of verification,
  - Be under the sole control of the signer, and
  - Be linked to the specific record in such a way that alteration is detectable.
- **eFileTexas guidance** further requires judicial signatures to be either:
  (1) a handwritten signature on a scanned order, or
  (2) a certified secure digital signature applied within the eFile system.

A repeated, pixel-identical image applied to multiple affidavits does not satisfy these statutory or procedural requirements.

### Clerk's Confirmation
The **Guadalupe County Clerk's Office has confirmed** that:

1. They hold **no records showing how the arrest warrant affidavits were signed**, and
2. The documents were **not signed electronically**, despite language in the affidavit purporting to indicate electronic submission.

This raises the serious and plausible possibility that the **warrants were not presented to or reviewed by Judge Old prior to arrest**, but instead were stamped or processed **after the fact.**

### Constitutional Implications

- The Fourth Amendment to the U.S. Constitution and **Article I, Section 9 of the Texas Constitution** require that warrants be issued by a **neutral and detached magistrate** after personal review.
- A mechanical stamp or photocopied image, applied by staff without judicial review, is the **functional equivalent of an unsigned warrant.** Courts have consistently held that warrants lacking a valid judicial signature are void. See *United States v. Evans*, 469 F. Supp. 2d 893 (D. Mont. 2007) (warrant unsigned by judge invalid); *Miller v. State*, 703

10

S.W.2d 352, 354 (Tex. App.—Corpus Christi 1985, no writ) (unsigned warrant invalid under Texas law).

Because the warrants and affidavits at issue here were not personally signed or securely e-signed by Judge Old, and because the County Clerk has confirmed no valid signing records exist, the arrest warrant is **defective on its face**. A void warrant cannot support a finding of probable cause, and all proceedings flowing from it are constitutionally infirm.

## 15. Prosecutorial Misconduct: Allowing False Testimony by Cody Lane Koelle

On June 18, 2025, during the bond hearing of **Jamie Renee Walker** in Cause No. 24-1775-CR-B, pending in the 274th Judicial District Court before the Honorable Judge Steel, the complaining witness **Cody Lane Koelle** committed **Aggravated Perjury** in violation of **Texas Penal Code §37.03** by testifying falsely under oath that he had not signed the November 15, 2024 affidavit.

Prosecutor **Jonathan Amdur**, who personally questioned Koelle, had been provided ample evidence proving otherwise, including:

- The notarized affidavit itself,
- The notary's verification letter, and
- The official notary log book confirming Koelle signed the affidavit.

Additionally, Koelle executed two sworn affidavits, both notarized by the **same notary**, that directly contradict one another. This fact alone demonstrated unreliability and impeached his credibility. Despite this, Mr. Amdur allowed Koelle to testify falsely, at county expense, including his travel, lodging, and related costs.

By doing so, Mr. Amdur violated multiple legal and ethical duties:

- **Texas Code of Criminal Procedure:**
  - **Art. 2.01** – Prosecutor's duty is not to convict, but to see that justice is done.
  - **Art. 39.14 (Michael Morton Act)** – Requires disclosure of all exculpatory, impeachment, and mitigating evidence.
- **Federal Constitutional Precedent:**
  - **Napue v. Illinois, 360 U.S. 264 (1959)** – Prosecutors may not knowingly allow false testimony to stand uncorrected, even when it relates only to credibility.
  - **Brady v. Maryland, 373 U.S. 83 (1963)** – Requires disclosure of exculpatory evidence.
  - **Giglio v. United States, 405 U.S. 150 (1972)** – Extends Brady to impeachment evidence.
  - **Kyles v. Whitley, 514 U.S. 419 (1995)** – Prosecutors are deemed to know evidence in the hands of police or others acting for the State.
- **Texas Appellate Precedent:**

- **Ex parte Castellano, 863 S.W.2d 476 (Tex. Crim. App. 1993)** – Due process is violated where the State knew or *should have known* testimony was false; the duty to correct falsehoods is absolute.
  - **Ex parte Ghahremani, 332 S.W.3d 470 (Tex. Crim. App. 2011)** – Brady violations occur where evidence favorable to the defense is suppressed, even if the prosecutor did not personally know, because the State is deemed to know what law enforcement knows.
  - **Ex parte Weinstein, 421 S.W.3d 656 (Tex. Crim. App. 2014)** – Impeachment evidence must be disclosed; suppression violates due process.
  - **Bell v. State, 384 S.W.3d 678 (Tex. App.—Houston [14th Dist.] 2012, no pet.)** – Use of testimony the State knew or should have known was false is a due process violation.
- **Texas Rules of Evidence:**
  - **Rule 607** – Any party may impeach a witness, including the prosecution's own witness.
  - **Rule 613(a)** – Prior inconsistent statements must be disclosed and may be used for impeachment.
- **Texas Disciplinary Rules of Professional Conduct:**
  - **Rule 3.03 (Candor to the Tribunal)** – A lawyer must not knowingly fail to correct false testimony.
  - **Rule 3.04 (Fairness in Adjudicatory Proceedings)** – A lawyer may not present evidence the lawyer knows is false.
  - **Rule 8.04(a)(3)** – Misconduct includes dishonesty, fraud, deceit, or misrepresentation.

## 16. Formal Criminal Complaint Against State's Key Declarant Ignored

On **June 26, 2025, Dolores Jane Roden** filed a **formal criminal complaint** against **Cody Lane Koelle**, supported by a comprehensive evidentiary packet. The complaint was transmitted by email to multiple officials, including the **Guadalupe County Sheriff's Joshua Ray, County Attorney David Willborn, Assistant County Attorneys Jonathan Amdur, Lieutenant Zachary McBride, and Deputy Chief Tarinna Skrzycki**, as well as by certified mail. Delivery was confirmed and signed for on **June 30, 2025.**

- The complaint documented **aggravated perjury, false statements, and retaliation** by Cody, citing:
  - His **false forgery claim** regarding the November 15, 2024 affidavit he indisputably signed and mailed, confirmed by notary logbooks, text messages, USPS receipts, and a recorded admission.
  - His **recorded March 18, 2025 phone call** with James Louis Roden Jr. where he expressly admits signing the affidavit and states, *"I signed it because I love my mom."* This recording was **submitted to the Guadalupe County Attorney's Office on March 19, 2025**.
  - His **June 18, 2025 perjured testimony** at Jamie Renee Walker's bond hearing, where he again denied signing the affidavit and added a false bribery allegation—

12

directly contradicted by documentary evidence, sworn statements, and the March 18 recording.

- o His **criminal history of dishonesty-related charges** in Kansas, including **impersonating a police officer, filing false reports, obstruction, and destruction of evidence**, which had been disclosed to the County Attorney's Office on **March 21–22, 2025**.
- Despite receipt of this **sworn criminal complaint and evidentiary packet**, the **Guadalupe County Sheriff's Office failed to assign an incident number, intake log number, or initiate an investigation**. No action was taken against Cody, even as his uncorroborated statements continued to be used as the State's sole basis for prosecuting three members of the Roden family.

## Legal Implications

This non-action despite a verified complaint demonstrates **selective enforcement** and a **failure to investigate serious crimes** by the State's key hearsay witness, while aggressively pursuing charges against defendants on the basis of his contradictory and impeached testimony. This disparity violates:

- **Equal Protection and Due Process guarantees** under the Fourteenth Amendment (*Gates v. Texas Dept. of Protective & Regulatory Services*, 537 F.3d 404 (5th Cir. 2008)).
- **Brady/Giglio obligations** requiring disclosure and consideration of impeachment material (*Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972)).
- **Texas Penal Code §§ 37.03, 37.08, and 37.10**, which criminalize aggravated perjury, false reports, and tampering with governmental records.
- **18 U.S.C. § 242**, prohibiting deprivation of rights under color of law.

The **refusal to investigate Cody**—in the face of a notarized affidavit, recorded admission, corroborating documents, and a sworn criminal complaint—while simultaneously prosecuting others on his unsupported claims, underscores a **pattern of malicious prosecution, retaliatory enforcement, and systemic bias**.

## 17. Pattern of Investigative Misconduct and Leadership Acquiescence Undermines Probable Cause

### Factual Basis

The arrests in this matter did not occur in isolation. Three members of the same family were targeted through affidavits prepared under the direction of the same officer and multiple County Attorneys. At the time these affidavits were sworn, exculpatory and impeachment evidence was already in the State's possession: notarized records, a recorded admission verifying authenticity of the November 15, 2024 affidavit, and documentation of dishonesty-related charges against the key declarant.

13

Despite this, County Attorney and Sheriff leadership allowed prosecutions to advance on affidavits that omitted these facts. This repetition across multiple defendants, coupled with policymaker awareness and inaction, demonstrates more than simple oversight — it reflects a sustained practice of allowing defective affidavits to serve as the foundation for felony arrests.

**Legal Standards Implicated**

**1. Prosecutorial Role vs. Investigative Role**
The Supreme Court has long drawn a distinction between advocacy, which is protected, and investigative acts, which are not. When prosecutors step outside the courtroom to direct investigations, shape warrant affidavits, or personally attest to facts, those are not advocacy functions. Cases such as *Burns v. Reed*, *Buckley v. Fitzsimmons*, and *Kalina v. Fletcher* make clear that investigative conduct falls outside absolute immunity. The Fifth Circuit has applied the same principles in *Loupe v. O'Bannon* and *Singleton v. Cannizzaro*.

**2. Defective Warrant Affidavits**
In *Franks v. Delaware* and *Malley v. Briggs*, the Supreme Court held that warrants based on false statements or material omissions cannot support probable cause. Affidavits that omit recorded admissions, notary verifications, and impeachment material deprive the magistrate of the ability to fairly assess credibility.

**3. Patterns, Customs, and Ratification**
When constitutional violations arise not from an isolated mistake but from repeated practice known to policymakers, liability attaches at the institutional level. *Monell v. Department of Social Services*, *Pembaur v. Cincinnati*, and *City of St. Louis v. Praprotnik* all recognize that an established custom, or a policymaker's approval of a defective basis for action, is enough to attribute the violation to the County itself. Fifth Circuit precedent in *Piotrowski v. City of Houston*, *Bennett v. City of Slidell*, and *Peterson v. City of Fort Worth* emphasizes that repeated reliance on defective affidavits and uncorroborated declarants can rise to this level.

**4. Constitutional Foundation**
The Fifth Circuit has clarified that the initiation of charges without probable cause, or by omitting material exculpatory facts, falls within the Fourth Amendment's protections against unlawful seizure. See *Castellano v. Fragozo* and *Winfrey v. Rogers*.

**Application Here**

The facts presented here — three related arrests, the same officer, multiple prosecutors, full knowledge of exculpatory materials, and leadership acquiescence — align closely with the circumstances identified in *Franks*, *Malley*, and *Monell*. The consistent reliance on a single declarant, despite his contradictory affidavits and impeachment history, and the omission of verifiable exculpatory facts from the affidavits, taints the probable cause determinations.

At minimum, an examining trial is required under Article 16.01 of the Texas Code of Criminal Procedure so that a neutral judicial officer may evaluate the credibility of the evidence and determine whether probable cause truly exists once the omitted facts are restored to the record.

14

## 18. Absence of Investigation and Reliance on Hearsay Demonstrates Reckless Disregard for Probable Cause

### Factual Basis

The arrest warrant affidavit sworn by Officer Elaine Reamer charges a 77-year-old disabled veteran with a first-degree felony carrying a potential 99-year sentence. The affidavit:

- Relies exclusively on **second-hand statements** funneled through the County Attorney's Office, consisting of an affidavit from Cody Lane Koelle and his wife Andrea.
- Contains **no independent investigation** by Officer Reamer, despite her 16 years of experience and over 3,000 TCOLE training hours.
- Shows **no effort to interview the accused, the alleged victim Shelby Jane Koelle, or any corroborating witnesses.**
- Is based entirely on hearsay upon hearsay, repeating what "Cody said" and "Andrea said" without verification.

Instead of conducting interviews, verifying with neutral witnesses, or corroborating the claims through independent evidence, Officer Reamer simply adopted the narrative provided to her by the County Attorney's Office and Michael Walker's defense attorneys. This is not investigation — it is delegation of probable cause to hearsay.

### Legal Standards Implicated

#### 1. Texas Code of Criminal Procedure

- Article 2.01 requires prosecutors to see that justice is done, not merely to convict. That duty extends to law enforcement preparing affidavits for prosecution.
- Articles 15.04 and 15.05 require that a complaint and warrant be supported by sufficient facts, not speculation or rumor. A "belief" based solely on hearsay without independent corroboration fails this standard.

#### 2. Probable Cause Requirements

- The Fourth Amendment demands probable cause supported by "oath or affirmation." Hearsay may be used, but only if the magistrate is provided with the underlying circumstances demonstrating reliability (*Aguilar v. Texas*, 378 U.S. 108; *Spinelli v. United States*, 393 U.S. 410). The affidavit here merely repeats accusations without any indicia of reliability.
- *Franks v. Delaware*, 438 U.S. 154, establishes that omissions or reckless disregard for the truth invalidate a warrant. Failure to include exculpatory context, contradictory affidavits, and a recorded admission verifying the November 2024 affidavit makes the affidavit materially misleading.

#### 3. Professional Standards

- TCOLE training and Texas law require investigators to corroborate evidence, conduct interviews, and avoid sole reliance on biased witnesses.
- A seasoned officer with 16 years' experience and over 3,000 hours of training would know that imposing a first-degree felony charge on the word of one compromised declarant, without interviews or investigation, is unreasonable and malicious.

## 4. Equal Protection and Due Process Concerns

- The target of this affidavit was a **severely disabled elderly veteran** with life-threatening medical conditions from military service, limited mobility, and no criminal history.
- A second target was a **schoolteacher of 20 years, a minister to the homeless, and an author advocating for those with IDD**.
- To impose felony charges of this magnitude on such individuals — while ignoring exculpatory evidence and omitting any investigative work — constitutes a gross miscarriage of justice, undermining both the **Due Course of Law Clause** of the Texas Constitution and the **Due Process Clause** of the Fourteenth Amendment.

## 5. Failure of Leadership and Training

- The Constitution requires that local governments adequately train officers to respect constitutional rights (*City of Canton v. Harris*, 489 U.S. 378).
- Where leadership knowingly permits reliance on hearsay without investigation, a policy or custom of indifference is established (*Piotrowski v. Houston*, 237 F.3d 567).
- That a 77-year-old veteran, representing himself pro se with only the civics knowledge he learned in eighth grade, can point out these constitutional defects while a career investigator cannot, underscores the recklessness and malicious nature of these actions. No reasonable officer could believe such an affidavit supports probable cause for a charge carrying 99 years in prison.

# IV. Evidence List

**Exhibit 1** – Evidence of Signature irregularity.
**Exhibit 2** – Certified Court Records from Ford County and Pawnee County documenting the arrest and guilty plea of for false police report against an innocent person, felony threat and impersonating a police officer.
**Exhibit 3** – Dolores Jane Roden Notarized Formal Criminal Complaint against Cody Lane Koelle for Aggravated Perjury.
**Exhibit A** - Notary Verification Letter, Cody and Shelby Sworn Affidavits November 15th,2024
**Exhibit B** - Postage Paid envelope with Cody return Address
**Exhibit C** - Receipt with from USPS in Dodge City with Cody payment info
**Exhibit D** - Dec. 30th2024 email to County Attorney of Nov 2024 Affidavits
**Exhibit E** - Recording of Cody Koelle saying affidavits were true and he signed them
**Exhibit F** - Email March 19th2025 County Attorney of Cody phone recording
**Exhibit G** - Email March 21st2025 County Attorney Cody Criminal Record
**Exhibit H** - Email March 22nd2025 County Attorney Cody Criminal Record ext.
**Exhibit I** - Cody Criminal History (Arrest Record, Indictment and Plea)

**Exhibit J** - April 1st, 2025 Email Reporting Sexual Abuse of Shelby Jane Koelle sent to Johnathan Amdur, Jessica Johnson, David Wilborn and Ileen Rangel of Guadalupe County Attorney's Office. (Note: Never investigated, left Shelby to be abused).

**Exhibit K** - Email and Letter to Sheriff Ray May 13th2025

**Exhibit L** - Text Message record Cody False Accusation Bribery

**Exhibit M** - Cody Text Messages showing he helped with November 2024 affidavits

**Exhibit N** - Shelby text messages asking for help and detailing what Michael Walker did

**Exhibit O** - The Email asking Cody to check for accuracy (truth) of transcribed affidavits

**Exhibit P** - Sworn Affidavits of Family members as it relates to the charge of Perjury

**Exhibit Q** - Credentials and proven integrity of James Louis Roden Jr.

**Exhibit R** - Credentials and proven integrity of James Louis Roden Sr.

**Exhibit S** - Phone Recording Shelby stating Andrea Martin threatened Cody to lie about his mother and videos of Shelby Jane Koelle stating Cody Koelle and Andrea Koelle were pretending to be her to the County Attorney's office and stealing her mail keeping her from being informed.

**Exhibit T** – Email March 22nd, 2025 to Deputy Jones of Ford County Sheriff Office on the report filed by Shelby Jane Koelle that Andrea Koelle was pretending to be Shelby when speaking with County Attorney's and Cody Lane Koelle and Andrea Koelle stealing her mail keeping her from being informed by the court. CC'd in email were Johnathan Amdur, Jessica Johnson, Ileen Rangel and David Wilborn of the Guadalupe County Attorney's Office.

## V. Relief Requested

WHEREFORE, PREMISES CONSIDERED, Defendant **James Louis Roden, Sr.** respectfully prays that this Court:

1. Set this matter for an **Examining Trial** at the earliest possible date, pursuant to Article 16.01, Texas Code of Criminal Procedure;
2. Require the State to present evidence supporting probable cause;
3. Allow Defendant the opportunity to confront and cross-examine the witnesses relied upon by the State; and
4. Grant such other and further relief to which Defendant may be entitled at law or in equity.

**Respectfully submitted,**

James Louis Roden, Sr.
Pro Se Defendant

League City, TX

**Certification of Conference**

I certify that on __**August 4th, 2025**__, I contacted the Guadalupe County Attorney's Office by phone in an effort to confer regarding the Defendant's Motion for Examining Trial. The County Attorney's Office refused to confer with me on the grounds that I am proceeding Pro Se without retained counsel and will only speak with counsel. Accordingly, despite reasonable and good-faith efforts, I was unable to confer with the State regarding this motion.

James Louis Roden, Sr.
Pro Se Defendant

**Certificate of Service**

I hereby certify that on this __21st__ day of ___**August**___ , 2025, a true and correct copy of the foregoing **Motion for Examining Trial** was electronically filed with the Guadalupe County District Clerk through the eFileTexas system, which will serve notice of this filing on all counsel of record, including:

**Jonathan Amdur**
Assistant County Attorney
Guadalupe County Attorney's Office
████████████
Seguin, Texas████
Email: jonathan.amdur████████████

# WARRANT OF ARREST

Guadalupe County Sheriff's Office

CASE #24-02887

STATE OF TEXAS §

COUNTY OF GUADALUPE §

WARRANT NO. 2402887EMR6

WHEREAS, a complaint in oath and in writing has been made before me charging that on or about November 2024 to March 2025, James Louis Roden SR, Date of Birth: ████████, did commit the offense of TAMPERING WITH A WITNESS FV CASE WITH F1 CASE, Statute Number 36.05(e-1)(2), CJIS Code 48990025, a 1st Degree Felony, contrary to the statutes, and against the peace and dignity of the State of Texas.

YOU ARE HEREBY COMMANDED to arrest **James Louis Roden SR, Date of Birth:** ████████ Guadalupe County Sheriff's Office and Case Number 24-02887. James Louis Roen SR. is height 6'01, 240 pounds, with **Blue** eyes and **Brown** hair, and bring HIM before a magistrate in Guadalupe County, Texas to answer to said complaint.

HEREIN FAIL NOT, but due service and return make this Writ as the law directs.

GIVEN UNDER my hand and seal of this court the ___7th___ day of __April__ · A.D. 2025.

_____
25th District Court Judge
William D. Old III
Guadalupe County, Texas

Court __25th Judicial District__

Bond: __100,000.00__

OFFICER'S RETURN
Come to hand the_____ day of _____ A.D. 2025.
· Executed this _____ · day of _____ A.D. 2025

THE STATE OF TEXAS     §     DOCKET # _____

§

COUNTY OF GUADALUPE     §     COURT: _____

## COMPLAINT
### (Articles 15.04 & 15.05, Texas Code of Criminal Procedure)

BEFORE ME, THE UNDERSIGNED AUTHORITY PERSONALLY APPEARED THE AFFIANT HEREIN, A PEACE OFFICER UNDER THE LAWS OF TEXAS, WHO, BEING DULY SWORN, ON OATH MADE THE FOLLOWING STATEMENTS AND ACCUSATIONS:

My name is Elaine M. Reamer, the Affiant, and I am commissioned as a peace officer by the Guadalupe County Sheriff's Office, currently assigned to the Criminal Investigation Division as an Investigator. I currently have 16 years law enforcement experience, over 3000 hours of TCOLE training hours and hold a Master TCOLE License. I hereby state upon my oath that I have reason to believe and do believe that heretofore, and before the making and filing of this Complaint, that

James Louis Roden SR, White Male, Date of Birth: ███████ 6'01 in height, 240 pounds, Brown hair, Blue eyes, Texas Driver's License Number ██████

on or about the November 2024 to March 2025, in **Guadalupe County, Texas**, did then and there commit the offense of **TAMPERING WITH A WITNESS FV CASE WITH F1 CASE** to wit, coerce Cody Lane Koelle, who was a witness in an official proceeding, namely Aggravated Sexual Assault, by means of contacting Cody and telling him if he lost $40,000.00 he was going to start cracking down. He also told Cody he would come to where he lives and have his children removed if he did not help Jamie Renee Walker, with intent to influence Cody to testify falsely in the official proceeding. And it is further presented that the official proceeding involved family violence as defined by Section 71.004 of the Texas family Code, against the laws of the State. **CJIS 48990025**

My probable cause for said belief and accusation is as follows:

In March 2024, I began an investigation into the offense Prohibited Sexual Conduct, where Jamie Renee Walker and her husband Michael Walker were the suspects. Jamie is the victim's biological mother.

It was determined during the investigation; the victim had been diagnosed with an Intellectual Disability while in high school and received an SSI check for a disability. The victim became pregnant from Michael who was her stepfather at the time of the sexual assaults. During the investigation, the victim stated Jamie and Michael had been having a sexual relationship with her. I drafted warrants for the arrest of Jamie and Michael. The couple was arrested for their warrants on 4/9/2024.

1

Jamie and Michael has been indicted on several counts of Aggravated Sexual Assault.

The Defendant is Jamie's biological father.

From 3/17/2025, I have been receiving documentation from the Guadalupe County Attorney's Office that they had received from Michael Walker's attorneys. In the affidavit written by Cody, he stated the Defendant told him if he lost $40,000.00, "he going to come don cracking hard".

Incldued in the file, is an affidavit from Cody's wife, Andy. Andy stated Cody and her are in fear of Jamie's family. Andy advised they are afraid the family will retaliate if they did not cooperate with their demands and call Child Protective Services on the couple.

I was advised by Guadalupe County Attorney's Office that Cody had told them repeatedly that the Defendant stated he would call Child Protective Services on him and have his children removed if he did not side with Jamie and sign the affidavits that had been sent to them.

Based on the facts and circumstances established in this affidavit, I believe there is probable cause that James Louis Roden SR committed offenses against the laws of the State of Texas as described above.

_____
Affiant

SWORN TO AND SUBSCRIBED BEFORE ME BY SAID AFFIANT/COMPLAINANT ON THIS THE 7th DAY OF April 2025.

_____
PEACE OFFICER
GUADALUPE COUNTY, TEXAS

The sworn affidavit and accompanying warrant were submitted by reliable electronic means.

_____
William D. Old III
25th Judicial District Judge

2

**James Louis Roden, Sr.**



League City, TX ▇▇▇



FILED
▇.▇▇ M

AUG 2 6 2025


LINDA BALK
Clerk, Dist. Court, Guadalupe Co. Tx.
By_____ Deputy

Date: August 22nd, 2025

**Via Hand Delivery / Mail**

**Hon. District Clerk**
Guadalupe County District Clerk's Office

▇▇▇▇▇

Seguin, Texas ▇▇▇

**Re: Motion for Examining Trial – Case of James Louis Roden, Sr.**

Dear District Clerk:

My name is **James Louis Roden, Sr.** I am submitting my **Motion for Examining Trial.** I am representing myself **(pro se)** in this matter.

I am unable to file this motion online through E-File Texas because **no case number has been assigned in my name at this time.** However, I have the right under **Article 16.01 of the Texas Code of Criminal Procedure** to request an examining trial, and to have my motion docketed before the Court for consideration.

For your reference, I attach a copy of the **Arrest Warrant issued against me in Case #24-02887, Warrant No. 2402887EMR6, signed on April 7, 2025 by the Hon. William D. Old III, Judge of the 25th Judicial District Court of Guadalupe County.** This document should allow your office to locate the correct file to proceed with my motion.

Please also note that my motion includes both a **Certification of Conference** and a **Certificate of Service,** as required under Court Rules.

I respectfully ask that you accept this filing and see that it is placed on the Court's docket. If any additional information is required from me, please notify me at the contact information provided above.

Thank you for your assistance.

Respectfully submitted,

James Louis Roden Sr. (Pro Se)

James L. Roden Sr.

~~—————————~~

League City, Tx. ~~——~~

Retail

UNITED STATES
POSTAL SERVICE

78155

RDC 07

U.S. POSTAGE P/
PME
LEAGUE CITY, TX
AUG 22, 2025

$36.15

S2325A500144-10



**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

ER 247 600 921 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( ) 417 593 1914

James Roden Sr
~~—————————~~
League City Tx ~~——~~

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Guadalupe City District Clerk
~~—————————~~
Seguin Tx ~~——~~

ZIP + 4® (U.S. ADDRESSES ONLY)

☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 Insurance included.

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day   ☑ 2-Day   ☐ Military

PO ZIP Code   77573

Scheduled Delivery Date (MM/DD/YY)

Postage   $ 31.75

Date Accepted (MM/DD/YY)   08/22/25

Scheduled Delivery Time   ☐ 6:00 PM

Insurance Fee   $

COD Fee   $

Time Accepted   3:05   ☐ AM ☑ PM

Return Receipt Fee   $ 4.40

Live Animal Transporta

Special Handling/Fragile   $

Sunday/Holiday Premium Fee   $

Total Postage & Fees

Weight   ☐ Flat Rate   lbs.   ozs.

Acceptance Employee Initials   36.15

$

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature

Delivery Attempt (MM/DD/YY)   Time   Employee Signature

| THE STATE OF TEXAS | § | IN THE 25TH DISTRICT COURT |
| | § | |
| v. | § | GUADALUPE COUNTY, TEXAS |
| | § | |
| JAMES LOUIS RODEN SR. | | |

## MOTION TO COMPEL SETTING OF EXAMINING TRIAL, NOTICE OF NON-RESPONSE, AND REQUEST FOR ADA ACCOMMODATION

---

**TO THE HONORABLE JUDGE WILLIAM D. OLD III:**

COMES NOW, **James Louis Roden Sr.**, *Pro Se Defendant*, and respectfully moves this Honorable Court to:

1. Compel the scheduling of his previously filed *Motion for Examining Trial* pursuant to **Article 16.01 of the Texas Code of Criminal Procedure**;

2. Enter an order acknowledging the failure of the Court Coordinator and the State to respond to multiple written requests for hearing; and

3. Grant reasonable accommodations under the **Americans with Disabilities Act (ADA)** to permit the Defendant, an elderly, wheelchair-bound disabled veteran, to appear remotely for all proceedings.

This motion is necessary to protect Defendant's statutory and constitutional rights to a prompt determination of probable cause, to ensure compliance with **Articles 16.01 and 32.01 of the Texas Code of Criminal Procedure**, and to safeguard his access to the courts as guaranteed by **Title II of the ADA**, **Section 504 of the Rehabilitation Act**, and the **Fourteenth Amendment** to the United States Constitution.

## I. BACKGROUND AND PROCEDURAL HISTORY

1. On **April 7th, 2025**, Defendant **James Louis Roden Sr.** was arrested in Guadalupe County, Texas, pursuant to a warrant issued on a first-degree-felony charge. Since the date of arrest, more than **six months have elapsed** without the return of an indictment or the holding of an examining trial.

1

2. On **August 22, 2025**, Defendant filed a **Motion for Examining Trial** with the Guadalupe County District Clerk, accompanied by a certificate of service to the County Attorney's Office and a notarized verification. The motion properly invoked Defendant's statutory right under **Article 16.01, Texas Code of Criminal Procedure**, to an examining trial prior to indictment.

3. Between **August 28 and September 24, 2025**, Defendant made **four written requests**—and multiple phone and voicemail attempts—to the Court Coordinator seeking a hearing date. The requests were sent or delivered on or about **August 28, September 3, September 10**, and **September 24**, 2025. Each was made in good faith and included reference to Defendant's previously filed motion.

4. Despite these repeated efforts, **no hearing has been scheduled**, and Defendant has **received no response** from the Court Coordinator or confirmation from the Guadalupe County Attorney's Office. As of the date of this filing, the docket reflects **no activity or acknowledgment** of Defendant's pending motion.

5. Defendant is a **seventy-seven-year-old, wheelchair-bound U.S. Army veteran** suffering from chronic cardiovascular disease, cancer and other serious health conditions. The ongoing delay, combined with restrictive bond conditions and the uncertainty of an unresolved felony case, has caused substantial emotional distress and physical decline. Defendant has been **hospitalized twice and has suffered a heart attack** since his arrest, events his physicians attribute in part to the continuing stress of this unresolved matter.

6. Defendant files this motion to compel judicial action, to assert his right to a timely probable-cause determination, and to request accommodations required by federal disability law so that he may safely and meaningfully participate in his own defense.

## II. LEGAL AUTHORITY

7. Under **Article 16.01 of the Texas Code of Criminal Procedure**, any person accused of a felony offense who has not been indicted "is entitled to an examining trial in which it shall be determined whether there is sufficient cause to bind the defendant over to the grand jury." This right exists to protect against prolonged pre-indictment restraint and to require the State to demonstrate probable cause on the record before continuing prosecution.

8. The **Court of Criminal Appeals** has held that the right to an examining trial remains in effect until an indictment is returned. *Ex parte Clear*, 573 S.W.2d 224, 228 (Tex.

Crim. App. 1978). When no indictment has been presented, a defendant's right to an examining trial is both **mandatory and jurisdictionally enforceable**.

9. The continuing failure of the State to obtain an indictment also violates **Article 32.01 of the Texas Code of Criminal Procedure**, which provides that a defendant held to answer for a felony offense is entitled to discharge if no indictment is presented at the next term of court and the State fails to show good cause for delay. The statute protects the constitutional guarantee of a **speedy and public trial** under the **Sixth Amendment** to the United States Constitution and **Article I, § 10** of the Texas Constitution.

10. The **Fourteenth Amendment's Due Process Clause** further prohibits governmental entities from depriving any person of liberty or property without due process of law. The continued pendency of unindicted felony charges, combined with restrictive bond conditions, constitutes a deprivation of liberty interests without judicial review or timely process. See *Barker v. Wingo*, 407 U.S. 514 (1972).

11. The **Americans with Disabilities Act (ADA), 42 U.S.C. § 12132**, requires all public entities, including state courts, to ensure that individuals with disabilities have "equal opportunity to participate in or benefit from the services, programs, or activities" of the government. The ADA extends to every phase of the criminal-justice process, including pretrial and hearing proceedings. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

12. When a court's failure to act effectively denies a disabled person meaningful participation in judicial proceedings, the court's inaction itself becomes a violation of **Title II of the ADA** and **Section 504 of the Rehabilitation Act**. See *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) (en banc).

13. In this case, the prolonged inaction of the Court Coordinator and the State has deprived Defendant not only of his right to an examining trial but also of meaningful access to the judicial process. The Court therefore has both the **authority and the obligation** to compel the setting of the examining trial, to ensure ADA compliance, and to prevent further violation of Defendant's statutory and constitutional rights.

## III. ADA ACCOMMODATION AND SERIOUS MEDICAL HARDSHIP

14. Pursuant to **Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), 28 C.F.R. § 35.130**, and **Section 504 of the Rehabilitation Act (29 U.S.C. §**

3

**794)**, Defendant requests reasonable accommodations to ensure equal access to this proceeding.

15. Defendant is a **seventy-seven-year-old, wheelchair-bound, permanently disabled U.S. Army veteran** suffering from advanced cardiovascular disease and other chronic medical conditions that substantially limit major life activities, including walking, driving, and prolonged physical exertion. His treating physicians have repeatedly advised that travel of extended distance—particularly from League City to Seguin, Texas—is medically inadvisable and may present life-threatening risks.

16. Since his arrest, Defendant has been subjected to restrictive bond conditions that require periodic reporting and travel, despite his lack of independent transportation. The prolonged uncertainty of this unresolved case and the continued inability to obtain a hearing have caused Defendant severe emotional distress and physical deterioration.

17. Defendant has been **hospitalized twice** since April 2025 and suffered a **cardiac event** consistent with a heart attack. Medical records from both hospitalizations confirm the seriousness of his condition. His physicians attribute the exacerbation of symptoms in part to the emotional and physical strain associated with the ongoing legal proceedings and unresolved criminal charges.

18. These medical hardships, combined with Defendant's limited mobility, create a clear and ongoing **ADA access barrier** to his participation in court proceedings. Title II of the ADA and Section 504 require the court to make "reasonable modifications in policies, practices, or procedures" to ensure that a qualified individual with a disability can meaningfully participate in judicial processes. See *Tennessee v. Lane*, 541 U.S. 509, 532 (2004).

19. Accordingly, Defendant respectfully requests authorization to **appear remotely via secure audio-visual platform** (such as Zoom, Microsoft Teams, or equivalent) for all hearings, conferences, or proceedings related to this matter. Remote access is a reasonable accommodation that will allow the Defendant to participate fully without jeopardizing his health or safety.

20. Defendant further requests that all notices, orders, and hearing links be transmitted electronically to **jrodensr** ███████ or otherwise provided in an accessible format compatible with his mobility limitations.

21. Defendant submits this request not as a matter of convenience but as a matter of medical necessity and statutory entitlement. Given the recent hospitalizations,

4

ongoing cardiac risk, and absence of indictment or hearing after six months, immediate judicial attention to this request is essential to prevent further harm and to ensure compliance with federal disability law.

## IV. NOTICE OF NON-RESPONSE AND REQUESTED RELIEF

22. Defendant provides this formal **Notice of Non-Response** to establish that, despite multiple written, telephonic, and certified-mail requests for action, the Court Coordinator and the Guadalupe County Attorney's Office have **failed to acknowledge or schedule** Defendant's August 22, 2025 *Motion for Examining Trial*. No response, docket entry, or correspondence has been received to date.

23. This lack of acknowledgment and absence of any hearing date, now more than **six months after Defendant's arrest**, constitutes an **unreasonable delay** in violation of **Articles 16.01 and 32.01** of the *Texas Code of Criminal Procedure*, the **Sixth Amendment** right to a speedy and public trial, and the **Fourteenth Amendment** guarantee of due process. Continued inaction under these circumstances effectively deprives Defendant of his liberty without lawful process.

24. Defendant therefore respectfully requests that this Court enter an **Order**:

25. **Acknowledging receipt** of Defendant's Motion for Examining Trial filed August 22, 2025;

26. **Setting an immediate examining-trial hearing date** pursuant to *Art. 16.01 CCP*;

27. **Directing the State** to present evidence of probable cause or to show good cause for its delay under *Art. 32.01 CCP*;

28. **Granting Defendant's ADA accommodation** for remote appearance at all hearings; and

29. **Ordering that all further correspondence, notices, and filings** be transmitted electronically to Defendant at **jrodensr@gmail.com** to ensure accessibility.

30. Defendant further requests that the Court's order include a directive that the Clerk's Office formally docket this motion, note the date of its filing, and record the Court's ruling for preservation of the appellate and administrative record.

31. Finally, Defendant prays that the Court recognize the extraordinary medical hardship caused by the present delay and act promptly to restore the Defendant's

statutory and constitutional rights, as well as to ensure full compliance with the **Americans with Disabilities Act** and **Section 504 of the Rehabilitation Act.**

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, **Defendant James Louis Roden Sr.**, appearing *pro se*, respectfully prays that this Honorable Court:

1. Compel the immediate setting of his previously filed **Motion for Examining Trial** pursuant to **Article 16.01, Texas Code of Criminal Procedure**;

2. Require the State to show cause for its delay in obtaining an indictment under **Article 32.01 CCP**;

3. Grant Defendant's request for **ADA accommodation** to appear remotely by secure audio-visual platform for all hearings and proceedings;

4. Direct that all correspondence and notices be sent electronically to ensure accessibility;

5. Recognize and consider Defendant's documented medical hardship and the urgent need for judicial action to prevent further harm; and

6. Grant such other and further relief, both general and special, in law and in equity, to which Defendant may show himself justly entitled.

---

Respectfully submitted,

**James Louis Roden Sr. (Pro Se Defendant)**

1███████████

League City, TX █████

███████████

Email ████████████████

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this **Motion to Compel Setting of Examining Trial, Notice of Non-Response, and Request for ADA Accommodation** has been served upon the **Guadalupe County Attorney's Office**,
211 W. Court Street, Seguin, Texas 78155,
via certified mail and electronic transmission on this the _8_ day of **October, 2025.**

_____
**James Louis Roden Sr.**

## NOTARY ACKNOWLEDGMENT

**STATE OF TEXAS §**
**COUNTY OF GALVESTON §**

Before me, the undersigned authority, on this day personally appeared **James Louis Roden Sr.**, who, being by me duly sworn, stated that he has read the foregoing motion and that every statement contained therein is true and correct to the best of his knowledge and belief.

**SUBSCRIBED AND SWORN TO** before me on this _8_ day of _October_____, 2025.

_____Alexia Jordan_____
Notary Public, State of Texas
My Commission Expires: _2-9-2028_

ALEXIA JORDAN
Notary Public, State of Texas
Comm. Expires 02-09-2028
Notary ID 134755086

Initial

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 25TH DISTRICT COURT** |
| | § | |
| **v.** | § | **GUADALUPE COUNTY, TEXAS** |
| | § | |
| **JAMES LOUIS RODEN SR.** | | |

## MOTION TO EXPEDITE HEARING / MOTION FOR ACCELERATED SETTING

**TO THE HONORABLE JUDGE WILLIAM D. OLD III:**

COMES NOW, the Defendant, James Louis Roden Sr., appearing *pro se*, and respectfully moves this Honorable Court to expedite the currently scheduled December 1 2025 hearing on his *Motion to Compel Setting of Examining Trial, Notice of Non-Response, and Request for ADA Accommodation*. In support of this Motion, Defendant would show as follows:

## I. BACKGROUND

1.  Defendant was arrested on April 7, 2025, and remains subject to bond conditions arising from a first-degree felony charge. More than 190 days have now elapsed without an indictment or completed examining trial.

2.  Defendant is a 77 year old disabled veteran who is wheelchair-bound and suffers from serious medical conditions. He previously filed a notarized Affidavit of Medical Hardship and an ADA Title II Request for Remote Appearance, both on file with this Court and served upon the State, to preserve his ability to meaningfully participate in these proceedings.

3.  On August 26, 2025, Defendant filed a Motion for Examining Trial pursuant to *Tex. Code Crim. Proc.* art. 16.01, invoking his statutory right to a prompt judicial determination of probable cause.

1

4. After receiving no response or hearing date from the Court Administrator for over six weeks, Defendant filed a Motion to Compel Setting of Examining Trial, Notice of Non-Response, and Request for ADA Accommodation on October 9, 2025.

5. Rather than promptly setting the examining trial or hearing on the motion, the Court Administrator scheduled a hearing on the *motion to compel* for December 1 2025—two months later—merely to decide when an examining trial might be scheduled. This sequence of delay renders the right to an examining trial meaningless and continues to deny Defendant timely access to justice.

6. Defendant remains under active bond conditions despite the absence of indictment or judicial probable-cause review. This ongoing restraint constitutes a continuing *seizure* under *Manuel v. City of Joliet*, 580 U.S. 357 (2017), and violates the prompt-review requirements of *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), as well as *Tex. Code Crim. Proc.* art. 16.01.

## II. LEGAL AUTHORITY

7. The Fourth and Fourteenth Amendments to the United States Constitution require a prompt judicial determination of probable cause following arrest. *Gerstein v. Pugh*, 420 U.S. 103 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

8. Texas law independently guarantees a defendant the right to an examining trial prior to indictment. *Tex. Code Crim. Proc.* art. 16.01 provides that "[t]he defendant in a felony prosecution is entitled to an examining trial before indictment in the county having jurisdiction."

9. Continued bond restrictions without indictment or judicial review constitute a *continuing seizure* prohibited by the Fourth Amendment. *Manuel v. City of Joliet*, 580 U.S. 357 (2017).

10. Under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and 28 C.F.R. § 35.130(b)(7), public entities must make reasonable modifications to avoid excluding qualified individuals with disabilities from participation in judicial proceedings. Expedited scheduling and remote participation are recognized accommodations under *Tennessee v. Lane*, 541 U.S. 509 (2004).

11. Courts possess inherent authority to manage their dockets and to accelerate matters where delay would cause substantial prejudice or irreparable harm. *Landis v. North American Co.*, 299 U.S. 248 (1936).

2

 

## III. ARGUMENT AND GOOD CAUSE

12. More than six months have elapsed since Defendant's arrest without indictment or an examining trial. Each additional day that Defendant remains under bond restrictions without judicial review constitutes a continuing violation of his rights under both state and federal law.

13. Defendant has provided multiple written notices of his medical limitations, ADA accommodation needs, and requests for timely setting. The State and Court have been fully aware of these facts since August 26, 2025, yet no action was taken until October 9, and even then, the hearing was delayed until December 1 2025.

14. The extended delay serves no legitimate judicial purpose, creates irreparable harm due to Defendant's health, and demonstrates deliberate indifference to his constitutional and statutory rights. Good cause therefore exists to expedite the hearing to the earliest available date, or alternatively, to conduct the matter by remote appearance within fourteen (14) days.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court:

1. Grant this Motion to Expedite Hearing / Motion for Accelerated Setting;

2. Reset the current December 1 2025 hearing to the earliest available date on the Court's docket;

3. In the alternative, permit Defendant to appear remotely by video or telephone within fourteen (14) days; and

4. Grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

James Louis Roden Sr.
Pro Se Defendant

█████████

League City, Texas █████

 Initial

Phone: ███████████
Email: ████████████████

## NOTARY ACKNOWLEDGMENT

**STATE OF TEXAS**
**COUNTY OF GALVESTON**

Before me, the undersigned authority, on this day personally appeared James Louis Roden Sr., who, being by me duly sworn, stated under oath that the facts contained in the foregoing *Notice of Continued Violation and Preservation of Record* are true and correct to the best of his knowledge and belief.

**SUBSCRIBED AND SWORN TO BEFORE ME, this** ⎵IS⎵ **day of October, 2025.**



**Notary Public, State of Texas**
**My Commission Expires:** 06·13·2027
**Notary ID:** 13204936·2

CANDICE SLIGER
Notary Public, State of Texas
Comm. Expires 06-13-2027
Notary ID 13204936-2

Initial

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion was served on the following parties on the 15th day of October 2025, by E-file and email:

- **Jonathan Amdur, Assistant County Attorney, Guadalupe County Attorney's Office**

**James Louis Roden Sr.**
Pro Se Defendant

 Initial

| THE STATE OF TEXAS | § | IN THE 25TH DISTRICT COURT |
| | § | |
| v. | § | GUADALUPE COUNTY, TEXAS |
| | § | |
| JAMES LOUIS RODEN SR. | | |

## SUPPLEMENTAL ADA TITLE II NOTICE AND REQUEST FOR REASONABLE MODIFICATION (EXPEDITED SCHEDULING)

TO THE HONORABLE JUDGE WILLIAM D. OLD III:

COMES NOW, the Defendant, James Louis Roden Sr., appearing *pro se*, and respectfully submits this Supplemental ADA Title II Notice and Request for Reasonable Modification pursuant to 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7). This filing supplements Defendant's prior ADA Title II Request for Remote Appearance previously filed and acknowledged by the Court.

## I. BACKGROUND AND PRIOR NOTICE

1. Defendant is a 77-year-old disabled veteran who suffers from cancer, heart disease, and severe neuropathy, conditions that substantially limit his ability to travel, sit for extended periods, and endure lengthy court delays.

2. On or about October 13th, 2025, Defendant filed an ADA Title II Request for Remote Appearance and an Affidavit of Medical Hardship, which remain on file with this Court. These filings provided official notice that Defendant qualifies as an individual with a disability as defined under 42 U.S.C. § 12131(2) and 29 C.F.R. § 1630.2(g).

3. Defendant originally filed a Motion for Examining Trial on August 26, 2025, which has remained unaddressed despite multiple written and verbal attempts to obtain a hearing date. After 6 weeks of inaction by the Court Administrator, Defendant filed a Motion to Compel Setting of Examining Trial on October 9, 2025. The Court has now set that motion—not the examining trial itself—for December 1 2025, more than two months after the compel motion and over eight months after Defendant's April 7, 2025 arrest. Setting a hearing two months in the future merely to decide whether to schedule the original examining trial constitutes a deliberate and unconstitutional delay, in violation of

Defendant's rights under Tex. Code Crim. Proc. art. 16.01, the Fourth Amendment, and the Due Process Clause of the Fourteenth Amendment. This prolonged and purposeful postponement imposes severe physical and emotional hardship upon a 77-year-old disabled veteran suffering from cancer, heart disease, and neuropathy.

## II. REQUEST FOR SUPPLEMENTAL REASONABLE MODIFICATION

4. Defendant hereby requests an additional reasonable modification under Title II of the Americans with Disabilities Act by expediting the current hearing date to the earliest available setting on the Court's docket.

5. Due to the Defendant's advanced age, ongoing cancer treatment, cardiac impairment, and neuropathy, procedural delays effectively deny him equal access to the judicial process. Expedited scheduling constitutes a reasonable and necessary modification under 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7)(i).

6. Defendant also renews his request for the option to appear remotely via video or telephone, as previously granted under his existing ADA accommodation, in the event that travel to Seguin, Texas presents an undue medical burden.

7. The ADA mandates that public entities "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7)(i). Courts must engage in an "interactive process" to evaluate and implement reasonable accommodations. See _Tennessee v. Lane_, 541 U.S. 509 (2004).

8. Should the Court find this modification impractical, Defendant requests that a written explanation be provided as required under 28 C.F.R. § 35.107(b), to preserve the record of interactive process compliance.

## III. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court:

1. Grant this Supplemental ADA Title II Request for Reasonable Modification by expediting the current December 9, 2025 hearing to the earliest available date;

2. Permit Defendant, as a 77-year-old disabled veteran with serious health conditions, to appear remotely if necessary due to medical hardship;

3. Provide written acknowledgment or response to this supplemental ADA filing as required under 28 C.F.R. § 35.107(b); and

4. Grant such other and further relief to which Defendant may be justly entitled.

5.

Respectfully submitted,

**James Louis Roden Sr.**
Pro Se Defendant

League City, Texas
Phone:
Email:

## NOTARY ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF GALVESTON

Before me, the undersigned authority, on this day personally appeared **James Louis Roden Sr.**, who being by me duly sworn, stated under oath that the facts contained in the foregoing *Supplemental ADA Title II Notice and Request for Reasonable Modification (Expedited Scheduling)* are true and correct to the best of his knowledge and belief.

**SUBSCRIBED AND SWORN TO BEFORE ME**, this ___15___ day of October, 2025.

**Notary Public, State of Texas**
My Commission Expires: _06·13·2027_
Notary ID: _13204936·2_

CANDICE SLIGER
Notary Public, State of Texas
Comm. Expires 06-13-2027
Notary ID 13204936-2

3

_Initial

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Notice of Continued Violation and Preservation of Record* was served on the following parties on the 15th day of October, 2025, by efile and email:

**Jonathan Amdur**, Assistant County Attorney, Guadalupe County Attorney's Office

**James Louis Roden Sr.**
Pro Se Defendant

4

Case No. 25-2554-CV-C

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 25TH DISTRICT COURT** |
| | § | |
| **v.** | § | **GUADALUPE COUNTY, TEXAS** |
| | § | |
| **JAMES LOUIS RODEN SR.** | | |

## NOTICE OF CONTINUED VIOLATION AND PRESERVATION OF RECORD & LEGACY ESTATE INTENT

---

**TO THE HONORABLE JUDGE WILLIAM D. OLD III:**

COMES NOW, the Defendant, James Louis Roden Sr., appearing *pro se*, and respectfully files this Notice of Continued Violation and Preservation of Record, to document ongoing violations of his constitutional and statutory rights, and to preserve a clear record for review and potential civil proceedings under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

---

## I. BACKGROUND AND PRIOR NOTICE

1. Defendant is a 77-year-old disabled veteran who suffers from cancer, heart disease, and severe neuropathy, conditions that substantially limit his mobility and ability to participate in prolonged or delayed court proceedings.

2. On or about August 26, 2025, Defendant filed a Motion for Examining Trial pursuant to *Tex. Code Crim. Proc. art. 16.01*, which remains pending. After repeated non-responsiveness from the Court Administrator, Defendant filed a Motion to Compel Setting of Examining Trial and Request for ADA Accommodation on October 9, 2025.

3. The Court Administrator subsequently set a hearing on Defendant's Motion to Compel Setting of Examining Trial for December 1 2025—more than two months after the filing of the original request for an examining trial on August 26, 2025, and over eight months after Defendant's arrest on April 7, 2025. This December 1 hearing is not the examining

1

Initial

trial itself but merely to determine whether a date will even be set for that long-pending request.

4. Defendant remains under bond restrictions and has not been indicted, nor afforded a timely examining trial as guaranteed under Texas law and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. The prolonged delay and absence of judicial review constitute a continuing violation of due process. See *Gerstein v. Pugh*, 420 U.S. 103 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Manuel v. City of Joliet*, 580 U.S. 357 (2017).

5. Defendant previously submitted an ADA Title II Request for Remote Appearance and a Supplemental ADA Request for Expedited Scheduling, both supported by medical documentation. Despite these filings, no reasonable modification or accommodation has been provided as required by 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

## II. NOTICE OF CONTINUED VIOLATION

6. Defendant hereby places the Court, the County of Guadalupe, and all agents thereof on renewed notice that their continued delay, inaction, and failure to accommodate constitute:

a. Deliberate indifference to Defendant's clearly established rights under §1983;
b. Failure to engage in the interactive process required under 28 C.F.R. § 35.107(b); and
c. Ongoing denial of meaningful access to the judicial process, in violation of *Tennessee v. Lane*, 541 U.S. 509 (2004).

7. The scheduling delay to December 1 2025, for a motion merely to compel a hearing date, reflects administrative obstruction and a constructive denial of access to justice for a medically fragile, elderly defendant. The Court and County now have actual notice of Defendant's disability, his health conditions, and the constitutional implications of continued inaction.

## III. PRESERVATION OF RECORD

8. Defendant respectfully requests that this Notice be entered into the official case record as documentation of ongoing violations and deliberate indifference.

9. Defendant further reserves all rights under 42 U.S.C. § 1983, Title II of the ADA, and all related federal and state provisions to seek appropriate relief in civil court should these violations remain unremedied.

## III-A. PRESERVATION OF LEGACY AND ESTATE INTENT

10. Defendant states that due to his advanced age and severe medical conditions, including cancer, heart disease, and neuropathy, there exists a substantial likelihood that he may not live to see a full adjudication of his innocence or the resolution of this matter.

11. It is therefore Defendant's express intent that, in the event of his death before he is afforded an examining trial or cleared of these false charges and allegations, his estate attorneys and the duly appointed executors or representatives of his estate, acting under the authority of the **Roden Family Trust**, shall utilize available trust and estate resources to pursue all lawful remedies in civil court to clear his name, restore his honor, and vindicate the truth of this record. This directive is intended to ensure that the right to seek redress for constitutional and statutory violations shall survive his death and be carried out faithfully by his successors in interest.

12. This statement is made for the purpose of ensuring that Defendant's rights and reputation are not extinguished by delay, negligence, or retaliatory misconduct. Defendant has lived a life of honorable military and civic service and shall not allow that legacy to be destroyed by false accusations left unchallenged.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Notice be made part of the permanent record of these proceedings and that the Court acknowledge receipt of this filing. Defendant further prays that immediate action be taken to cure ongoing violations by scheduling an expedited hearing or granting other appropriate relief consistent with the rights guaranteed under federal and state law.

Respectfully submitted,

**James Louis Roden Sr.**
Pro Se Defendant

League City, Texas ████
Phone: ████████████
Email: ████████████████

**NOTARY ACKNOWLEDGMENT**

STATE OF TEXAS
COUNTY OF GALVESTON

Before me, the undersigned authority, on this day personally appeared **James Louis Roden Sr.**, who, being by me duly sworn, stated under oath that the facts contained in the foregoing *Notice of Continued Violation and Preservation of Record* are true and correct to the best of his knowledge and belief.

**SUBSCRIBED AND SWORN TO BEFORE ME**, this ___15___ day of October, 2025.

_____

**Notary Public, State of Texas**
My Commission Expires: _06·13·2027_
Notary ID: _132 049 362_

CANDICE SLIGER
Notary Public, State of Texas
Comm. Expires 06-13-2027
Notary ID 13204936-2

4

Initial

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Notice of Continued Violation and Preservation of Record* was served on the following parties on the 15th day of October, 2025, by E-file and email:

Jonathan Amdur, Assistant County Attorney, Guadalupe County Attorney's Office

**James Louis Roden Sr.**
Pro Se Defendant

*JLR* Initial

**Case No. 25-2554-CV-C**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 25TH DISTRICT COURT** |
| | § | |
| **v.** | § | **GUADALUPE COUNTY, TEXAS** |
| | § | |
| **JAMES LOUIS RODEN SR.** | | |

## Letter to Judge Old 25ᵗʰ District Court

**Date: October 15ᵗʰ, 2025**

**Dear Judge Old,**

I write respectfully as a 77-year-old disabled veteran who has devoted his life to service, family, and faith. I was arrested on April 7, 2025, and it has now been more than 190 days without an indictment or an examining trial. My Motion for Examining Trial, filed August 26, 2025, remains unaddressed despite repeated efforts to obtain a date. After weeks of silence, I filed a Motion to Compel Setting of Examining Trial on October 9, 2025, and I have now been informed that a hearing on that motion has been set for December 1 2025 — over two months away. That hearing will not even be the examining trial itself but only to determine whether a date will be scheduled.

During this entire period, I have remained under bond restrictions and the stigma of a first-degree felony charge tampering with a witness. I am suffering from cancer, heart disease, and severe neuropathy, and these ongoing delays place an extraordinary physical and emotional burden upon me. The Constitution and Texas law guarantee a timely judicial determination of probable cause (*Gerstein v. Pugh*, 420 U.S. 103 (1975); Tex. Code Crim. Proc. art. 16.01). I respectfully ask that those rights be honored so that I may have the chance to clear my name while I am still living.

I have also submitted an ADA Request for Remote Appearance and a Supplemental ADA Request for Expedited Scheduling due to my medical limitations. I sincerely hope the Court will consider these filings and take whatever steps are necessary to provide me meaningful access to the judicial process.

Your Honor, I am not seeking special treatment — only fairness and the opportunity to be heard. My deepest wish is to resolve this matter before my health fails/death. I trust in the integrity of this Court to ensure that justice is not delayed to the point of denial.

Thank you for your time, attention, and understanding.

Respectfully,

**James Louis Roden Sr.**

League City, TX
Phone:
Email:

**cc:**

- Jonathan Amdur, Assistant County Attorney

- Sheriff Joshua Ray Guadalupe County Sheriff Office

- Lynn Bothe, Court Administrator

## NOTARY ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF GALVESTON

Before me, the undersigned authority, on this day personally appeared **James Louis Roden Sr.**, who, being by me duly sworn, stated under oath that the statements contained in the foregoing letter to the Honorable Court are true and correct to the best of his knowledge and belief.

**SUBSCRIBED AND SWORN TO BEFORE ME**, this __15__ day of October, 2025.

**Notary Public, State of Texas**
My Commission Expires: _06 · 13 · 2027_
Notary ID: _132049362_

CANDICE SLIGER
Notary Public, State of Texas
Comm. Expires 06-13-2027
Notary ID 13204936-2

# Thank you for submitting a report to the Civil Rights Division.

## Report successfully submitted

Your record number is: **673910-FMS**

**Save report**

---

# What to expect

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

### ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What you can do next

### ① Contact local legal aid organizations or a lawyer if you haven't already

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue. Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

### ② Get help immediately if you are in danger

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

---

# Your submission

## Contact

### Contact information

**Your name**

James Roden Sr.

**Email address**

███████████

**Phone number**

████████

**Address**

███████████

-

League City, Texas ██████

## Are you now or have ever been an active duty service member?

Yes

## Primary concern

## What is your primary reason for contacting the Civil Rights Division?

Mistreated by police, correctional staff, or inmates

## Location

## Did this happen while in custody or incarcerated?

No

## Where did this happen?

### Organization name
Guadalupe County Sheriff Office

### Address
██████████████

-
Seguin, Texas

## Personal characteristics

## Do you believe any of these personal characteristics influenced why you were treated this way?

Age
Disability (including temporary or recovered and including HIV and drug addiction)
Family, marital, or parental status

## Date

## When did this happen?

4/7/2025

## Personal description

## In your own words, describe what happened

Between April 7, 2025, and the present, I, James Louis Roden Sr., a 77-year-old disabled Army veteran who is wheelchair-bound and undergoing cancer treatment, have experienced what I believe are violations of my constitutional and disability rights in Guadalupe County, Texas. I was arrested on April 7, 2025 on a first-degree felony warrant signed by Judge Old of the 25th District Court. Since that day, I have never received a judicial probable-cause review, never received an examining trial, and have not been indicted, yet I remain under bond conditions more than seven months later.

The arrest warrant affidavit was authored by Investigator Elaine Reamer of the Guadalupe County Sheriff's Office. The affidavit claimed that I threatened an individual named Cody Lane Koelle. This allegation is physically impossible: I am wheelchair-bound, severely mobility-impaired, and have had almost no contact with Mr. Koelle. Phone records show only two short calls, totaling less than ten minutes between November 2024 and April 2025 — one for his birthday and one where he asked me for money to retrieve his car from impound. I have never threatened him, and I have not had any communication with him regarding his case.

The affidavit also omitted important facts, including my medical limitations, my disability, my lack of contact with Cody Koelle, and his criminal history involving false statements. The affidavit appears to have relied on

triple-layer hearsay originating from the defense team of Michael Allen Walker, passed through the County Attorney's Office, and then presented by Investigator Reamer without any investigation, interviews, or corroboration.

Since my arrest, I have made multiple written requests for an examining trial as required by Texas Code of Criminal Procedure Article 16.01. I have also filed a written ADA Title II accommodation request due to my disability and medical condition. None of these requests were acknowledged or acted upon by the Guadalupe County Attorney's Office, including Assistant County Attorney Jonathan Amdur, nor by the Guadalupe County Court Coordinator. For over seven months, no hearings were set, no responses were provided, and no accommodations were offered. Only recently did the court schedule a hearing on my motion for December 1, 2025, and even that came after repeated attempts to obtain basic procedural rights.

I believe that the refusal to provide an examining trial, the failure to respond to ADA requests, and the continued enforcement of bond conditions without judicial review constitute violations of my rights under the Fourth Amendment, Fourteenth Amendment, and ADA Title II. I also believe the arrest warrant was issued on false or misleading information and without probable cause.

I have supporting materials including:

• The April 7, 2025 arrest warrant and affidavit
• Phone records showing minimal contact with Cody Koelle
• Copies of my written examining-trial requests
• My ADA accommodation request
• Emails to the Court Coordinator and County Attorney's Office
• Medical documentation of my disability and mobility limitations

I respectfully request that the Department of Justice review these events and the conduct of the officials involved.

 

# Filing of Digital Evidence and Phone Records – Cause No. 25-2554-CV-C and reconsideration of charges

1 message

**jim roden sr** < ██████████████ >                                      Thu, Aug 28, 2025 at 5:11 PM
To: jonathan.amdur ████████████, sheriff ███████████
Bcc: Zachary Bidner <zachary ██████████████ >

**Subject:** Full Transparency – Filing of Digital Evidence and Phone Records (Cause No. 25-2554-CV-C)

Dear Mr. Amdur,

I am writing regarding my pending case, *State of Texas v. James Louis Roden, Sr.*, Cause No. 25-2554-CV-C. For purposes of full transparency, I want to inform you that I am filing with the District Clerk a USB drive containing **all phone recordings, video testimony, and digital media** relevant to this matter. These materials are being placed in the court record so they are preserved and equally available to all parties.

I am also providing **phone records** which show that in the months leading up to my arrest I had **no contact with Cody Lane Koelle**, and at no point did I ever contact CPS in Texas or Kansas. These records are consistent with my innocence and further demonstrate that the allegations against me lack a factual basis.

I would also ask you to consider my personal circumstances. I am a **77-year-old disabled Army veteran**, wheelchair-bound with limited mobility, and I am in no way a threat to Cody who lives over 600 miles away or anyone else. In fact, my relationship with Cody has always been one of love and support:

- In 2022, I purchased Cody a car.

- He and his wife lived in my home for over a year while my son, James Louis Roden Jr., helped them obtain driver's licenses, secure work, and build stability.

- My son also assisted Cody in obtaining an $80,000 workplace settlement in 2023, and I personally provided him with financial help so he could obtain his own apartment, here in Texas.

Despite this support, Cody repeatedly contacted me, my wife, and my son asking for money — including requests for bail when he was arrested in September 2024 for impersonating a police officer and filing a false report, and later when he wrecked his car while delivering pizzas. (See attached Text Message evidence)

The tragic reality is that this case has been fueled not by truth, but by personal conflicts. Andrea Martin's sworn affidavit reveals her ongoing adoration and love for Michael Walker with whom she has been accused of having a sexual affair and Cody and Michael later physical fought over the allegation, and Cody himself admitted in a recorded phone call that he was pressured by **County Attorney Jessica Johnson** and **Victim Coordinator Ileen Rangel** to turn against his mother and support Michael (see attached phone recording). Cody also admitted to my wife, Dolores Jane Roden on December 25th, 2024, that Andrea threatened to take his children away if he didn't support Michael and turn on his mother. Andrea also admitted the same to Kimberly Kennedy the life long advocate of Shelby ████████ and is a missionary with Morning Star Church in South Carolina.

I am not a criminal. I am a dying, disabled war veteran who has lived a quiet life with my wife of over 50 years, our children, and our grandchildren. Because of this arrest, I was prevented from traveling to celebrate my 50th wedding anniversary with my wife — a moment we had waited our entire lives for.

I am asking you to review the evidence with fairness and objectivity. The record speaks for itself, and it shows clearly that I am not guilty of what has been alleged.


Respectfully,
James Louis Roden, Sr.
Defendant, Pro Se
██████████████ League City, TX ██████

**P.S.** Also attached is a phone conversation with **Andrea Martin Koelle** concerning Cody's $40,000 workplace settlement. In this call, Andrea states that Cody spent the money in just 30 days on other women he was having affairs with instead of supporting his wife and children. She also relayed that one of these women, whom Cody bought a car for and gave money to, later accused him of rape.

 Ex R1-Recording-November 29th 2024 Andi Phone Call.m4a

Andrea admitted telling Jesse — the alleged drug dealer believed to have impregnated Shelby — that Cody himself had gotten his sister Shelby pregnant during a drunken party in February 2025. Shelby is due with this second pregnancy in November 2025 and DNA evidence has been requested due to the allegation made by Andrea Martin that Shelby's brother Cody is the father of this baby. This new pregnancy and exploitation was reported to your office and you personally on **April 1, 2025**, just one week before our arrests. Despite the seriousness of these allegations, no one was questioned — not myself, not my son, not Jamie, and not Shelby. Instead, three first-degree felony arrests were executed on the same day Shelby was scheduled to testify. This timing strongly suggests an effort to silence Shelby and those advocating for her in support of Michael Allen Walker in which the arrest warrant affidavit states most of the evidence was provided by.

I do not have much longer to live. I had been selected to be buried with **Full Military Honors** for my distinguished service, but because of this arrest, I have lost that privilege. I ask you, respectfully, to stop this and allow me to die with dignity and honor.

My son, **James Louis Roden Jr.**, has already lost his 20-year career as a teacher, his ministry, his retirement, and now faces losing his home — leaving his wife and young children without security. In the past four months, he has applied for hundreds of jobs, but no one will hire him because of a first-degree felony arrest that remains on his record.

Please allow us to live the remainder of our lives in peace and honor, and recognize that this arrest was based on lies manufactured by **Cody Lane Koelle and his wife, Andrea Martin Koelle**. I ask that my son and I be granted immediate expungement so that:

- My son may return to supporting his family,

- He may continue his passion of helping others through his ministry, the **Holistic Church of Christ**, where he served homeless veterans and provided after-school sports programs for homeless children,

- He may restore his 20+ year teaching career and protect his retirement, and

- I may be buried with the full military honors I earned.

I am asking for **mercy and grace** in this matter, and for you to search your heart — and seek guidance in Jesus — as to what the right thing to do is. My family has been willing to speak with your office from the very beginning, but no one has ever been willing to talk to us. Only Cody, Andrea, and Michael's family have been given that privilege, leaving a narrative that falsely tarnishes our family name.

We are good, God-fearing Christian people with long careers in public service and no prior criminal history. Our lives have been destroyed by lies. I am pleading with you to please make this right. I pray that God blesses you Mr. Amdur with good health, wealth and happiness and many blessings for you and your family. Thank you for taking the time to read this. I will continue to pray for mercy for my family. Thank you again for the service you provide the people of Guadalupe County.

 Exhibits 1 - T James Louis Roden Sr Examining Trail - Copy.pdf

---

**6 attachments**

 **Motion for Examining Trail James Louis Roden Sr August 22nd 2025 - Copy.pdf**
490K

**Ex I1-Recording-March 18th 2025 Phone Recording James and Cody.m4a**
12773K

**Ex R1-Recording-November 29th 2024 Andi Phone Call.m4a**
8007K

**Shelby Affidavitl May 29t 2025 via Kimberely Kennedy.pdf**
1332K

**Notary Verification Letter Sandra Rodriguez June 23rd 2025.pdf**
294K

**Exhibit 02.pdf**
1278K

 **Gmail**

**jim roden sr <███████████████>**

## RE: **EXTERNAL** Filing of Digital Evidence and Phone Records – Cause No. 25-2554-CV-C and reconsideration of charges

2 messages

---

**Jonathan Amdur** <jonathan.amdur████████████████>
To: jim roden sr <████████████████>

Thu, Aug 28, 2025 at 5:36 PM

Sergeant Roden,

This is to acknowledge your email. Please expect further communication from my office in due course.

Respectfully,

John

Jonathan Amdur

Assistant County Attorney

Guadalupe County

---

**From:** jim roden sr <████████████████>
**Sent:** Thursday, August 28, 2025 5:12 PM
**To:** Jonathan Amdur <jonathan.amdur█████████████>; Joshua Ray <j.ray████████████>
**Subject:** **EXTERNAL** Filing of Digital Evidence and Phone Records – Cause No. 25-2554-CV-C and reconsideration of charges

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**Subject:** Full Transparency – Filing of Digital Evidence and Phone Records (Cause No. 25-2554-CV-C)

Dear Mr. Amdur,

I am writing regarding my pending case, *State of Texas v. James Louis Roden, Sr.*, Cause No. 25-2554-CV-C. For purposes of full transparency, I want to inform you that I am filing with the District Clerk a USB drive containing **all phone recordings, video testimony, and digital media** relevant to this matter. These materials are being placed in the court record so they are preserved and equally available to all parties.

I am also providing **phone records** which show that in the months leading up to my arrest I had **no contact with Cody Lane Koelle**, and at no point did I ever contact CPS in Texas or Kansas. These records are consistent with my innocence and further demonstrate that the allegations against me lack a factual basis.

I would also ask you to consider my personal circumstances. I am a **77-year-old disabled Army veteran**, wheelchair-bound with limited mobility, and I am in no way a threat to Cody who lives over 600 miles away or anyone else. In fact, my relationship with Cody has always been one of love and support:

- In 2022, I purchased Cody a car.
- He and his wife lived in my home for over a year while my son, James Louis Roden Jr., helped them obtain driver's licenses, secure work, and build stability.
- My son also assisted Cody in obtaining an $80,000 workplace settlement in 2023, and I personally provided him with financial help so he could obtain his own apartment, here in Texas.

Despite this support, Cody repeatedly contacted me, my wife, and my son asking for money — including requests for bail when he was arrested in September 2024 for impersonating a police officer and filing a false report, and later when he wrecked his car while delivering pizzas. (See attached Text Message evidence)

The tragic reality is that this case has been fueled not by truth, but by personal conflicts. Andrea Martin's sworn affidavit reveals her ongoing adoration and love for Michael Walker with whom she has been accused of having a sexual affair and Cody and Michael later physical fought over the allegation, and Cody himself admitted in a recorded phone call that he was pressured by **County Attorney Jessica Johnson** and **Victim Coordinator Ileen Rangel** to turn against his mother and support Michael (see attached phone recording). Cody also admitted to my wife, Dolores Jane Roden on December 25th, 2024, that Andrea threatened to take his children away if he didn't support Michael and turn on his mother. Andrea also admitted the same to Kimberly Kennedy the life long advocate of Shelby ███████ and is a missionary with Morning Star Church in South Carolina.

I am not a criminal. I am a dying, disabled war veteran who has lived a quiet life with my wife of over 50 years, our children, and our grandchildren. Because of this arrest, I was prevented from traveling to celebrate my 50th wedding anniversary with my wife — a moment we had waited our entire lives for.

I am asking you to review the evidence with fairness and objectivity. The record speaks for itself, and it shows clearly that I am not guilty of what has been alleged.

Respectfully,
James Louis Roden, Sr.
Defendant, Pro Se
██████████████ League City, TX ████████
██████████████

**P.S.** Also attached is a phone conversation with **Andrea Martin Koelle** concerning Cody's $40,000 workplace settlement. In this call, Andrea states that Cody spent the money in just 30 days on other women he was having affairs with instead of supporting his wife and children. She also relayed that one of these women, whom Cody bought a car for and gave money to, later accused him of rape.

📄 Ex R1-Recording-November 29th 2024 Andi Phone Call.m4a

Andrea admitted telling Jesse — the alleged drug dealer believed to have impregnated Shelby — that Cody himself had gotten his sister Shelby pregnant during a drunken party in February 2025. Shelby is due with this second pregnancy in November 2025 and DNA evidence has been requested due to the allegation made by Andrea Martin that Shelby's brother Cody is the father of this baby. This new pregnancy and exploitation was reported to your office and you personally on **April 1, 2025**, just one week before our arrests. Despite the seriousness of these allegations, no one was questioned — not myself, not my son, not Jamie, and not Shelby. Instead, three first-degree felony arrests were executed on the same day Shelby was scheduled to testify. This timing strongly suggests an effort to silence Shelby and those advocating for her in support of Michael Allen Walker in which the arrest warrant affidavit states most of the evidence was provided by.

I do not have much longer to live. I had been selected to be buried with **Full Military Honors** for my distinguished service, but because of this arrest, I have lost that privilege. I ask you, respectfully, to stop this and allow me to die with dignity and honor.

My son, **James Louis Roden Jr.**, has already lost his 20-year career as a teacher, his ministry, his retirement, and now faces losing his home — leaving his wife and young children without security. In the past four months, he has applied for hundreds of jobs, but no one will hire him because of a first-degree felony arrest that remains on his record.

Please allow us to live the remainder of our lives in peace and honor, and recognize that this arrest was based on lies manufactured by **Cody Lane Koelle and his wife, Andrea Martin Koelle**. I ask that my son and I be granted immediate expungement so that:

- My son may return to supporting his family,
- He may continue his passion of helping others through his ministry, the **Holistic Church of Christ**, where he served homeless veterans and provided after-school sports programs for homeless children,
- He may restore his 20+ year teaching career and protect his retirement, and
- I may be buried with the full military honors I earned.

I am asking for **mercy and grace** in this matter, and for you to search your heart — and seek guidance in Jesus — as to what the right thing to do is. My family has been willing to speak with your office from the very beginning, but no one has ever been willing to talk to us. Only Cody, Andrea, and Michael's family have been given that privilege, leaving a narrative that falsely tarnishes our family name.

We are good, God-fearing Christian people with long careers in public service and no prior criminal history. Our lives have been destroyed by lies. I am pleading with you to please make this right. I pray that God blesses you Mr. Amdur with good health, wealth and happiness and many blessings for you and your family. Thank you for taking the time to read this. I will continue to pray for mercy for my family. Thank you again for the service you provide the people of Guadalupe County.

📄 Exhibits 1 - T James Louis Roden Sr Examining Trail - Copy.pdf



**jim roden sr** <███████████████>                                          Wed, Sep 10, 2025 at 12:16 PM
To: Jonathan Amdur <jonathan.amdur███████████>

I'm still wanting the examining trial. What do you need besides real evidence in order to proceed? You know I'm innocent as the day is long. Either drop the charges permanently or proceed. James L. Roden Sr.

[Quoted text hidden]

 jim roden sr <​█████████████>

# Denial of Access: ADA Rights, Examining Trial Delay, and Complaint Concerning Officer Reamer

2 messages



**jim roden sr <**██████████                                                   Wed, Sep 24, 2025 at 2:01 PM
To: j.ray█████████████, sheriff█████████████, Jonathan Amdur <jonathan.amdur█████████████,
dwillborn█████████████, kyle.kutscher█████████████, doreenL█████████████, kelly.mann█████████████,
tarinna.skrzycki█████████████, so.openrecords█████████████
Cc: jacqueline.ott█████████████, drew.engelke█████████████, carpenter█████████████,
stephen.germann█████████████, jrwilsoniii█████████████
Bcc: Zachary Bidner <zachary​█████████████>, jessepradopi█████████████

Dear Mr. Amdur, Ms. Lynn Bothe, Sheriff Ray, and Honorable Kyle Kutscher

This is now my fourth request for a date certain on my examining trial in *State v. James Louis Roden, Sr.* Despite three earlier written requests and numerous phone calls and voicemails, I have not received even the courtesy of a reply. I can't imagine a professionally trained and career court administrator would purposely ignore emails, phone calls and voicemails unless she was specifically told to do so, which only further proves the systemic bias against disabled individuals because this county has ignored every ADA accommodation request and equal access to the court as it relates to me a disabled veteran, Shelby ██████████, Jamie Renee Walker who are documented mentally disabled IDD. You arrest and retaliate against advocates like my son who saved Shelby's life by reporting the initial rape (in which the Sheriff's office ignored).

I was recently hospitalized and underwent major surgery. I'm a near 80 year old veteran who suffers from cancer, heart disease, and severe neuropathy, can't walk and can barely talk. These conditions make it impossible for me to continue traveling 8 hour round trip to Seguin for court and meetings with Officer Murphy for my five minute check in. My physician, Dr. Alexander Bosley of UTMB Health, has provided a letter documenting my limitations and recommending remote appearance. Accordingly, I renew my formal ADA request under Title II of the ADA (42 U.S.C. §12132) and §504 of the Rehabilitation Act for the following accommodations:

   1.  Remote appearance by secure video (preferred) or telephone for my examining trial and meetings with Officer Murphy;

   2.  Written identification of the Court's ADA Coordinator and the grievance process, as required by law.

In addition, I want to make clear the broader circumstances that weigh heavily on me and my family:

   •  Between November 2024 and April 2025, I spoke to my grandson Cody only twice: once when he called to wish me a happy birthday, and once when he asked me for money to get his car out of impound. Those calls lasted just over three minutes total.  I can provide phone records. Despite this, I was charged with first-degree felony tampering based on statements from Cody—a convicted felon with a history of false reports to law enforcement and lives over 700 miles away—while no independent investigation was conducted. Officer Reamer never contacted me, my son, Cody, or Andrea. Instead, much of the so-called "evidence" came through defense attorneys for Michael Allen Walker, a man with a violent criminal history who raped and beat both my daughter and my granddaughter.

- On April 1, 2025 (see attached), my son reported to authorities that Shelby was being sexually exploited by Cody and provided recorded phone evidence. Instead of investigating or protecting Shelby, 6 days later the County arrested both me and my son, a minister and longtime school teacher with over 20 years of service and no criminal record. This is clear proof of retaliation of those with disabilities and their advocates.

- Because of this false arrest, my son has lost his entire teaching career, his ministry, his retirement security, his health insurance, his music career and the stability of his family. His wife and children are suffering daily from the financial and emotional devastation caused by this false arrest. The fact that he now has a 1st degree felony arrest record has kept him from finding any meaningful employment to support his family or return to his career in teaching, his reputation as a renowned author and his **upcoming rise in country music.**

- Meanwhile, Shelby—who is intellectually disabled—was taken from safe planning with Anchor Point/Hope House (League City) where we were setting up assisted living accommodations that would have provided housing, a job, and long-term stability for her and her daughter, and was instead placed in "witness protection" by Officer Reamer where Shelby was coerced into signing a contract giving up her rights to her child by the placement facility selected by Officer Reamer and later kicked out and abandoned. She was then forced by Officer Reamer to live with Andrea Martin (a person who had an alleged sexual relationship with Michael Allen Walker and has been covering for Michael since Shelby became pregnant) and Cody in a two-bedroom trailer with more than a dozen people, including vagrants, drug dealers, and strippers (a woman named Summer accused Cody of rape, see attached evidence). When they could no longer take her Social Security money, Shelby a mentally challenged individual, was given over to a known drug dealer who impregnated her. To this day, my granddaughter remains in an environment surrounded by drugs and sexual exploitation with no intervention while Guadalupe County aggressively prosecutes a disabled veteran with no mobility who is dying of cancer and heart disease with zero evidence and investigation.

This chain of events has destroyed the lives of law-abiding citizens and left vulnerable family members unprotected. I gave the majority of my life in service to this country and the Constitution, only to see my family broken, my mentally disabled daughter, mentally disabled granddaughter and great granddaughter exploited, and my son who spent his entire life serving his community as a law abiding citizen stripped of his calling, career, and livelihood because this County chose to rely on the words of convicted felons with zero investigation and ignore exculpatory evidence.

Sheriff Ray, I ask you directly: please conduct a formal investigation (if a conflict of interest exists I ask that you contact Texas Rangers Integrity Unity for an independent investigation) into how Officer Reamer signed three first-degree felony warrants without investigation. Her affidavit attempts to distance herself by pointing to the County Attorney and Walker's defense attorneys, but her name is on the warrants, and ultimately accountability rests with her.

Sheriff Ray, I also need to ask you directly: why has your office taken no action on the sworn criminal complaint submitted against Cody Lane Koelle (see attached), even though it was supported by extensive evidence including phone records, recorded calls, affidavits, and victim statements? At the same time, your office approved three first-degree felony arrest affidavits against me and my son without conducting any independent investigation. From the documents I have reviewed, it appears those affidavits relied almost entirely on information originating from the attorneys representing Michael Allen Walker, despite his history of violence toward members of my family. This raises a serious concern: why was strong, documented evidence of one person's misconduct set aside, while unverified claims from adversarial sources were accepted as sufficient to charge me and my son with crimes carrying the weight of 99 years in prison?

I must also point out a troubling fact: on the very day Officer Reamer opened her investigation, Cody— who at the time was unemployed—along with his wife and children, received an all-expenses-paid stay at the Great Wolf Lodge in Kansas City for an entire week. Because this occurred during Spring Break of 2025, one of the resort's highest-demand weeks, the cost of such a trip would reasonably be even greater than

normal. For a family of four, including lodging, meals, travel, and full access to amenities, the value of that stay would likely fall between $6,000 and $8,000. In a recorded phone conversation, Cody himself admitted to taking that vacation and further acknowledged that Assistant County Attorney Jessica Johnson and Victim Coordinator Ileen Rangel were pressuring him to support Michael Allen Walker and go against his mother, Jamie. The timing, value, and admissions tied to this trip raise grave questions about favoritism, credibility, and the integrity of the investigation—especially when viewed against the County's decision to rely on Cody's untested statements while disregarding the extensive evidence my family provided.

I must also raise the issue of my daughter, Jamie Renee Walker. For nearly a year she has been denied access to an investigator despite repeatedly asking to make a formal complaint against Michael Allen Walker for the abuse and crimes committed against her. This ongoing denial is particularly alarming given that Jamie has an intellectual and developmental disability (IDD) diagnosis. Under the ADA and Section 504, she is entitled to meaningful access and accommodations in pursuing justice. It is imperative that her ADA rights be recognized and that she be allowed, without further delay, to give a formal statement and file the complaint she has sought to make concerning the crimes she endured.

My time on this earth is short and can end any day. I ask for nothing more than a fair hearing, proper accommodations for my health, and a real investigation into why my family has been targeted and destroyed while men with long criminal records are protected.

**Cody Lane Koelle: ARREST FOR FELONY INTERFERENCE WITH LEO AND FELONY CRIMINAL THREAT**





**FORD COUNTY SHERIFF'S OFFICE**

Ford County Sheriff
11311 E Comanche
Dodge City, KS 67801

**COLE, JESSE ROSS**                                              **ARREST**

Age: 39 *(at time of arrest)*    Gender: Male

**VARIOUS CHARGES**

*Presumed innocent until proven guilty in a court of law.*

ARREST FOR RECKLESS DRIVING, POSSESSION OF
DEPRESSANT, DRIVING UNDER THE INFLUENCE 1ST
CONVICTION, LICENSE TO BE CARRIED AND EXHIBITED
UPON DEMAND AND FLEE OR ATTEMPT TO ELUDE LAW
ENFORCEMENT

Location
**Dodge City, KS 67801**

Arrest Date
**Mar 14, 2024**

Incident Type
**All Other - Criminal**

**Michael Allen Walker - Aggravated Assault with a deadly weapon against my daughter.**



For clarity, I am requesting:

- A written response setting a date for my examining trial.

- Written confirmation of the ADA accommodations to be provided; and

- Written acknowledgment that Sheriff Ray has received this as a formal complaint and will open an internal affairs investigation of Officer Reamer.

Failure to provide these basic responses will be treated as a denial of access and ADA accommodations and rights, and I will preserve all rights and remedies available to me.

One final note I must raise: I have been informed that representatives of the County Attorney's Office have told third parties that my son and I "cannot be trusted." This is deeply troubling because not once has anyone from that office—or from the Sheriff's Office—called me or my son to discuss the facts, review our evidence, or hear our side of the story. I am a United States Army veteran with more than 25 years of honorable service and no criminal history. My son, James Jr., was a true neutral third party who was sought out as an advocate only after Shelby disclosed her abuse. In fact, he had not seen or spoken with his sister Jamie for nearly 30 years leading up to Shelby's rape. James Jr. left home at 17 in the mid-1990s, built a

stable and hardworking life, and rarely saw any family until I moved to League City a few years ago to be near him. He is a respected minister, educator, and author of more than 30 books who has dedicated more than 20 years to serving his community. He is a licensed special education teacher, an advocate for vulnerable families, and a country singer whose work uplifts and inspires. He has supported homeless veterans through ministry and created after-school sports programs for homeless children—always giving freely and never asking for anything in return.

What makes this even harder to comprehend is that James Jr., acting transparently and in good faith, asked the court to appoint a Guardian Ad Litem to protect Shelby's rights, and he personally reported her sexual exploitation to authorities. His actions resulted in saving Shelby's life from further abuse at the hands of Michael Allen Walker. Yet instead of recognizing his efforts, he was falsely arrested with first-degree witness tampering. Why would anyone believe that a man who openly sought professional support for Shelby, who reported her exploitation to protect her, and who balanced these responsibilities while upholding his obligations to his own job and family, should be arrested and charged with a crime carrying 99 years in prison? To be blindsided in this way—to go from protecting his disabled niece to being labeled a criminal— has devastated his life and the lives of his wife and children who are all innocent victims. Allowing Michael Allen Walker, through his attorneys, to manipulate the legal system in ways that cause further harm to Shelby and inflict pain on those connected to her weighs heavily on me and causes me profound distress.

To dismiss us without ever hearing from us, while relying only on statements from those with a vested interest in protecting Mr. Walker, reflects a serious lack of professionalism and objectivity. I respectfully request that you explain the basis for these representations, immediately cease making unverified statements to third parties (attorneys and investigators), and provide us an opportunity to present our evidence directly so our voices may be heard fairly.

Shelby has repeatedly told her entire family that both she and her mother were sexually abused and lived in fear of Michael Allen Walker. She gave that same account directly to Officer Reamer in April 2024. A year earlier, my daughter was beaten so severely she nearly lost her life, and Michael was arrested for aggravated assault with a deadly weapon. Despite this history, Michael Allen Walker—through his attorneys—has somehow managed to persuade the Sheriff's Office and Assistant County Attorney Jessica Johnson to turn the narrative upside down: portraying an intellectually disabled domestic violence victim as the supposed mastermind behind his own victimization, and accusing my son of witness tampering, even though Shelby has consistently told the same story for more than a year to her entire family and to Officer Reamer herself, how can anyone knowingly tamper with her story when that is the only story she has ever told us? I know retaliation when I see it, and here the evidence of it is overwhelming. Do the right thing. We are not enemies of law enforcement—we have always been allies. Many in our extended family have worn the badge, and we have long supported both law enforcement and the candidacy of Sheriff Ray.

Even Officer Reamer acknowledged during Jamie's interrogation that Michael had planned Jamie's murder so he could marry Shelby. Yet despite that, the only perspectives the County seems willing to consider about my daughter come from her ex-husband and estranged relatives whose motives are clouded by personal resentment. You have refused to hear from the people who know her best—her parents, her closest friends, her coworkers and her longtime advocate, Kimberly Kennedy, who has stood beside her through both the darkest valleys and the few brighter moments of her life. To disregard these voices while elevating those with clear conflicts of interest is not only unfair, it undermines the very foundation of justice this community depends on.

My request is straightforward: allow the truth to be heard, pursue justice without bias, and let ethical duty and moral responsibility guide your decisions. We are not adversaries—we seek only fairness, protection for the vulnerable, and the opportunity for our family's voices to be considered with honesty and dignity. I must also make clear that because of this false arrest, I now face the very real risk of being denied burial with full military honors, a final recognition I earned through more than 25 years of honorable service to my country. I pray that God will guide you to do what is right.

Respectfully,
**James Louis Roden, Sr.**

P.S. **Subject:** Public Information Act Request – ADA Training Records

Dear Guadalupe County Commissioners Court, County Attorney's Office, and Sheriff's Office

Pursuant to the Texas Public Information Act (Tex. Gov't Code §552), I respectfully request the following public records:

1. **ADA & Disability Training Materials**

   - Copies of any training manuals, PowerPoint presentations, handouts, or policies provided to prosecutors, victim coordinators, and law enforcement officers regarding the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, or the handling of individuals with intellectual and developmental disabilities (IDD) and physical/mentally disabled veterans.

2. **Attendance / Completion Records**

   - Rosters, certificates, or records showing which employees of the Guadalupe County Attorney's Office and Sheriff's Office attended or completed ADA/IDD-related training from January 1, 2020, to the present.

3. **ADA Coordinator Information**

   - The name, title, and contact information of the designated ADA Coordinator for the Guadalupe County Attorney's Office and for the Guadalupe County Sheriff's Office as well as the 25th and 274th District Court, as required by 28 C.F.R. §35.107.

   - Any written ADA grievance procedures adopted by each office, as required by federal law.

4. **Victim Services Training**

   - Any policies, memos, or training materials specifically addressing accommodations for crime victims with disabilities (e.g., requests to testify by audio, video, or with support personnel).

Please provide these records in electronic format (PDF or similar) if available. If any requested material is withheld, please identify the legal basis for the withholding and release all non-exempt portions.

Thank you for your assistance.

Respectfully,
**James Louis Roden, Sr.**


Public-Information-Request-
ADA Guadalupe County.pdf


Ex I1-Recording-March 18th 2025 Phone Recordi…

**9 attachments**

**Jesse Ross Cole FO-2024-CR-000104 - Information.pdf**
405K

**FO-2025-CR-000203 - ORD Arraignment.pdf**
98K

**FO-2025-CR-000203 - Information April 14t False Report of a Crime.pdf**
344K

**Dolroes Jane Roden Criminal Complaint against Cody Lane Koelle June 26th 2025 - Copy.pdf**
13702K

**ADA Doctor Accomidation Letter James Roden Sr..pdf**
176K

**Ex R1-Recording-November 29th 2024 Andi Phone Call.m4a**
8007K

**Orginal James Louis Roden Sr Arrest Warrant Affidavit.pdf**
1760K

**EXT-AP~1.PDF**
200K

**Motion for Examining Trail James Louis Roden Sr August 22nd 2025 - Copy.pdf**
490K

---

**Jesse Prado** <jessepradopi                    >                    Wed, Sep 24, 2025 at 2:04 PM
To: jim roden sr <

Thank you,

Jesse

---

**From:** jim roden sr <
**Sent:** Wednesday, September 24, 2025 2:01 PM
**To:** j.ray                              <j.ray                        ; sheriff
<sheriff                        ; Jonathan Amdur <jonathan.amdur
dwillborn                              <dwillborn                          ; kyle.kutscher
<kyle.kutscher                    ; doreenL                      <doreenL                          ;
kelly.mann                        <kelly.mann                      ; tarinna.skrzycki
<tarinna.skrzycki                    ; so.openrecords
<so.openrecords
**Cc:** jacqueline.ott                      <jacqueline.ott                  >; drew.engelke
<drew.engelke                    ; carpenter                      <carpenter
stephen.germann                      <stephen.germann                      jrwilsoniii@
<jrwilsoniii
**Subject:** Denial of Access: ADA Rights, Examining Trial Delay, and Complaint Concerning Officer Reamer

[Quoted text hidden]

 

**jim roden sr <** ⬛⬛⬛ **>**

# Coordination Request – Motion to Compel Examining Trial & ADA Accommodation (Cause No. 25-2554-CV-C)

1 message

**jim roden sr <** ⬛⬛⬛ ⬛⬛⬛ **>**    Tue, Oct 14, 2025 at 5:01 PM
To: Jonathan Amdur <jonathan.amdur ⬛⬛⬛ >
Cc: lynnb ⬛⬛⬛

Dear Mr. Amdur,

Good evening,

I am writing as the *pro se defendant* in Cause No. 25-2554-CV-C, *State of Texas v. James Louis Roden Sr.*, assigned to the Honorable Judge William D. Old III in the 25th Judicial District Court.

On **Oct**ober 13th, 2025, the District Clerk accepted and file-stamped my Motion to Compel Examining Trial & ADA Accommodation. Pursuant to Local Rule 2.1(b), I am making a good-faith effort to coordinate a hearing date with you before requesting a setting from the Court Administrator.

Please advise if you have any scheduling conflicts or preferences for a hearing date within the next 2-3 weeks. If I do not receive a response within five (5) business days, I will respectfully request that the Court Administrator schedule the earliest available date in accordance with the Court's calendar.

For your reference, I have attached a Proposed Notice of Hearing and a copy of the filed motion.

Thank you for your time and assistance in ensuring this matter proceeds in accordance with the Court's local rules and the ADA's accessibility requirements.

*May God grant wisdom, fairness, and understanding to all involved, and may truth and justice prevail. - Amen*

Respectfully,
James Louis Roden Sr.
*Defendant, Pro Se*
⬛⬛⬛
League City, TX ⬛⬛⬛
( ⬛⬛⬛
⬛⬛⬛

**Attachments:**

1. Filed Motion to Compel Examining Trial & ADA Accommodation

2. Proposed Notice of Hearing

---

**3 attachments**

**Motion to Compel Examining Trail  25-2554-CV-C.pdf**
2788K

**Notice of Hearing Compel Examining Trail - Copy.pdf**
95K

**Affidavit Medical Hardship with Doctors Letter James Roden Sr October 8th 2025.pdf**
1113K

     

# Courtesy Notice of Hearing – Motion to Compel Examining Trial (Set for December 1, 2025)

1 message

**jim roden sr <                                **                                              Wed, Oct 15, 2025 at 3:12 PM
To: Jonathan Amdur <jonathan.amdur
Cc: lynnb

Mr. Amdur,

I am writing to provide a professional courtesy notice that the Court Administrator, Ms. Lynn Bothe, has set a hearing on my pending *Motion to Compel Setting of Examining Trial* for December 1, 2025, before the Honorable Judge William D. Old III in the 25th Judicial District Court of Guadalupe County.

A formal *Notice of Hearing Date – Motion to Compel Examining Trial (Set by Court Administrator)* was e-filed today and served through the eFileTexas system in accordance with Rule 21a of the Texas Rules of Civil Procedure.

I want to ensure you and your office are fully aware of the setting and have received all materials.

Respectfully,
**James Louis Roden Sr.**
League City, TX
Phone: (417) 593-1714
Email:

---

📄 **Notice of Hearing December 1st 2025 - Copy.pdf**
436K

 **jim roden sr <⬛⬛⬛⬛⬛⬛⬛>**

# Follow-Up Request to Confer – Examining Trial Originally Filed August 26, 2025
2 messages

**jim roden sr <⬛⬛⬛⬛⬛⬛⬛**                                   Wed, Oct 15, 2025 at 3:38 PM
To: Jonathan Amdur <jonathan.amdur⬛⬛⬛⬛⬛⬛>
Cc: lynnb⬛⬛⬛⬛⬛⬛

Mr. Amdur,

This email serves as an additional follow-up attempt to confer regarding my *Examining Trial request*, which was originally filed on **A**ugust 26, 2025.

I previously reached out to confer regarding scheduling but received no confirmation from your office. As a result, this correspondence is another good-faith attempt to comply with Rule 191.2 of the Texas Rules of Civil Procedure and to ensure coordination on a hearing date.

As of today, no examining trial has been set, despite the passage of more than six months since my April 7, 2025 arrest and continued bond restrictions with no indictment. I respectfully request that we work together to set a firm date for the examining trial in accordance with Articles 16.01–16.17 of the Texas Code of Criminal Procedure, which require that such proceedings occur without unnecessary delay.

If no confirmed date is established within the next five (5) business days, I will respectfully request again that the Court Administrator place this matter on the earliest available docket for hearing.

Please let me know your position or availability for scheduling. I am prepared to appear remotely under my approved ADA accommodation.

Respectfully,
**James Louis Roden Sr.**
⬛⬛⬛⬛⬛⬛
League City, TX ⬛⬛⬛
Email: ⬛⬛⬛⬛⬛⬛

---

**2 attachments**

📄 **Motion to Compel Examining Trail.pdf**
3169K

📄 **Notice of Hearing Examining Trail James Louis Roden Sr..pdf**
92K

---

**jim roden sr <⬛⬛⬛⬛⬛⬛⬛**                                   Wed, Oct 15, 2025 at 4:00 PM
To: Jonathan Amdur <jonathan.amdur⬛⬛⬛⬛⬛⬛>
Cc: lynnb⬛⬛⬛⬛⬛⬛

Mr. Amdur,

The previous attachment pertained to the *Motion to Compel Examining Trial*, which references the original filing. For your convenience, I have attached a copy of the original *Motion for Examining Trial* (filed August 26, 2025) along with the associated *Notice of Hearing* to be confirmed by the Court Administrator. Just to confirm, I am seeking to **confer specifically regarding the original Motion for Examining Trial filed on August 26, 2025**, and to coordinate a hearing date for that motion.

[Quoted text hidden]

---

**2 attachments**

**Notice of Hearing Examining Trail James Louis Roden Sr..pdf**
92K

**Motion for Examining Trail James Louis Roden Sr August 22nd 2025 - Copy.pdf**
490K

  

# RE: **EXTERNAL** Re: Follow-Up Request to Confer – Examining Trial Originally Filed August 26, 2025

2 messages

---

**John Amdur** <john.amdur████████████>                                    Wed, Oct 15, 2025 at 4:35 PM
To: jim roden sr <████████████>
Cc: Lynn Bothe <lynnb████████████>

Mr. Roden,

Received and acknowledged. We are still processing your prior request to my office relating to declining charges. If conclusive action has not been taken by December 1st, then we anticipate being ready for the examining trial.

Respectfully,

John

John Amdur

Assistant County Attorney

Guadalupe County

---

**From:** jim roden sr <████████████>
**Sent:** Wednesday, October 15, 2025 4:01 PM
**To:** John Amdur <john.amdur████████████>
**Cc:** Lynn Bothe <lynnb████████████>
**Subject:** **EXTERNAL** Re: Follow-Up Request to Confer – Examining Trial Originally Filed August 26, 2025

> **CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Mr. Amdur,

The previous attachment pertained to the *Motion to Compel Examining Trial*, which references the original filing. For your convenience, I have attached a copy of the original *Motion for Examining Trial* (filed August 26, 2025) along with the associated *Notice of Hearing* to be confirmed by the Court Administrator. Just to confirm, I am seeking to **confer specifically regarding the original Motion for Examining Trial filed on August 26, 2025**, and to coordinate a hearing date for that motion.

On Wed, Oct 15, 2025 at 3:38 PM jim roden sr <███████████████> wrote:

> Mr. Amdur,
>
> This email serves as an additional follow-up attempt to confer regarding my *Examining Trial request*, which was originally filed on **A**ugust 26, 2025.
>
> I previously reached out to confer regarding scheduling but received no confirmation from your office. As a result, this correspondence is another good-faith attempt to comply with Rule 191.2 of the Texas Rules of Civil Procedure and to ensure coordination on a hearing date.
>
> As of today, no examining trial has been set, despite the passage of more than six months since my April 7, 2025 arrest and continued bond restrictions with no indictment. I respectfully request that we work together to set a firm date for the examining trial in accordance with Articles 16.01–16.17 of the Texas Code of Criminal Procedure, which require that such proceedings occur without unnecessary delay.
>
> If no confirmed date is established within the next five (5) business days, I will respectfully request again that the Court Administrator place this matter on the earliest available docket for hearing.
>
> Please let me know your position or availability for scheduling. I am prepared to appear remotely under my approved ADA accommodation.
>
> Respectfully,
> **James Louis Roden Sr.**
> ████████████
> League City, TX ██████
> Phone: ████████████
> Email: ████████████



**jim roden sr** <██████████████>                                    Wed, Oct 15, 2025 at 9:00 PM
To: John Amdur <john.amdu███████████████
Cc: Lynn Bothe <lynnb████████████



Dear Mr. Amdur,

Thank you for your acknowledgement. I understand that your office is still processing the request to decline the pending charge. However, I must express the urgency of my situation. I am seventy-seven years old, a disabled veteran with cancer, heart disease, and severe neuropathy. My health is deteriorating rapidly, and there is a real possibility that I may not live to see December 1, 2025.

I have devoted more than twenty-five years of service to this country to help guarantee the very constitutional rights that I am now pleading to have respected. I am not seeking special treatment—only a fair and timely opportunity to clear my name from these false accusations before I die. To pass with this matter unresolved would rob me of the honor and dignity that I have spent a lifetime earning.

Accordingly, I respectfully ask that your office take whatever immediate action is within its discretion to finalize the declination decision or support an expedited setting so that justice may be served while I am still alive to witness it.

May God grant each of us the wisdom to act with truth, mercy, and fairness, and may His justice prevail over the affairs of all.

Respectfully,
**James Louis Roden Sr.**
████████████
League City, TX ██████
Phone: ████████████
Email: ████████████

[Quoted text hidden]

 **jim roden sr <​⬛⬛⬛⬛⬛⬛⬛⬛>**

# Attempt to Confer – Urgent Request for Prompt Hearing Date | Motion to Expedite Hearing (Filed Oct 15 2025) | Case No. 25-2554-CV-C

1 message

**jim roden sr** <​⬛⬛⬛⬛⬛⬛⬛>                                    Mon, Oct 20, 2025 at 3:45 PM
To: Jonathan Amdur <jonathan.amdur​⬛⬛⬛⬛⬛⬛>, Lynn Bothe <lynnb​⬛⬛⬛⬛⬛⬛>

Dear Mr. Amdur,

I am contacting you to formally confer regarding an expedited hearing date for my *Motion to Expedite Hearing / Motion for Accelerated Setting*, filed and accepted on October 15, 2025  in *State of Texas vs James Louis Roden Sr.* Case No. 25-2554-CV-C.

Given my status as a 77-year-old disabled veteran and the fact that I have remained under active bond conditions for nearly seven months without indictment or judicial probable-cause review, I respectfully insist that this hearing be scheduled at the earliest possible date. The delay in judicial review implicates my fundamental rights to due process under *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

Additionally, as noted in the filing, this matter raises ADA Title II concerns (*Tennessee v. Lane*, 541 U.S. 509 (2004); 28 C.F.R. § 35.130*), and each day of delay compounds the ongoing harm.

Please provide your earliest availability within the next few days so that Ms. Bothe, the Court Administrator (copied here), can coordinate with Judge Old for an immediate setting. If you are unavailable this week, kindly indicate the soonest date you can appear.

I appreciate your prompt attention to this matter and your cooperation in ensuring timely judicial review.

Respectfully,
**James Louis Roden Sr.**
Pro Se Defendant
⬛⬛⬛⬛⬛ | League City, Texas ⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

---

**2 attachments**

📄 **Motion to Expedite Setting October 15th 2025 with Signature - Copy.pdf**
1543K

📄 **NOTICE OF HEARING Expedited Motion - Copy.pdf**
71K

 

**jim roden sr <​⬛⬛⬛⬛⬛⬛⬛⬛⬛>**

# Follow-Up Request to Schedule Examining Trial – Cause No. 25-2554-CR-C
1 message

**jim roden sr <​⬛⬛⬛⬛⬛⬛⬛>**                                                                 Tue, Oct 28, 2025 at 8:33 PM
To: Lynn Bothe <lynnb⬛⬛⬛⬛⬛⬛>, John Amdur <john.amdur⬛⬛⬛⬛⬛>, Jonathan Amdur
<jonathan.amdur⬛⬛⬛⬛⬛>

Dear Ms. Bothe,

I am writing to respectfully follow up regarding my previously filed Motion to Expedite Examining Trial and ADA
Accommodation (filed October 15, 2025) in Cause No. 25-2554-CR-C.

In accordance with local and state rules, I have made a good-faith effort to confer with Assistant County Attorney
Jonathan Amdur regarding potential hearing dates, including correspondence on October 20, 2025, yet I have received no
response. I respectfully ask that this motion be set on the earliest available docket for hearing so that my constitutional
and statutory rights are preserved.

As noted in my prior filings, I have been under arrest and subject to ongoing restrictions since April 7, 2025 — nearly
seven months without indictment or judicial determination of probable cause. This delay constitutes a continuing
deprivation of liberty interests protected by the Fourth and Fourteenth Amendments and by Article 1, Section 19 of the
Texas Constitution.

Furthermore, this request is made pursuant to my prior ADA Title II Notice and Request for Reasonable Accommodation,
filed with this Court, which seeks expedited scheduling and accessible participation based on my age-related mobility
limitations and medical condition. To date, I have not received an interactive response or proposed modification as
required under 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

I remain committed to full cooperation with the Court and the County Attorney's Office and simply request that my pending
motion be placed on the docket so that my rights to due process, equal protection, and meaningful access to the courts
are honored.

To ensure timely coordination and compliance with both constitutional and ADA obligations, I respectfully request
confirmation of a scheduled date or acknowledgment of this request no later than November 4, 2025**.** If no response is
received by that date, I will consider the absence of action further evidence of continuing denial of access and due
process.

Thank you for your attention and continued professionalism in ensuring compliance with both constitutional and statutory
obligations.

Please allow for 30 minutes for the hearing.

Respectfully,
**James Louis Roden Sr.**
Pro Se Defendant



📄 **NOTICE OF HEARING Expedited Motion - Copy.pdf**
71K

                                    **jim roden sr** <███████████████████>

# RE: **EXTERNAL** Follow-Up Request to Schedule Examining Trial – Cause No. 25-2554-CR-C

2 messages

---

**Lynn Bothe** <lynnb████████████████>                    Tue, Oct 28, 2025 at 8:51 PM
To: jim roden sr <███████████████████>
Cc: John Amdur <john.amdur████████████████>

Please see the email below and attached the notice of hearing signed by me and returned to you on October 15th.  Your case has been set as requested via ZOOM as requested since October 15th.  No other notices shall go out.

**From:** Lynn Bothe
**Sent:** Wednesday, October 15, 2025 8:17 AM
**To:** 'jim roden sr' ██████████████████
**Subject:** Notice of Hearing

Here is the notice setting your motion for a hearing.  You need to file and notify the County Attorney.

Lynn Bothe

District Court Administrator

25th Judicial District Court

Serving Guadalupe, Colorado

Gonzales and Lavaca County

---

**From:** jim roden sr <██████████████████>
**Sent:** Tuesday, October 28, 2025 8:34 PM
**To:** Lynn Bothe <lynnb██████████████>; John Amdur <john.amdur██████████████>; John Amdur <john.amdur██████████████>
**Subject:** **EXTERNAL** Follow-Up Request to Schedule Examining Trial – Cause No. 25-2554-CR-C

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Ms. Bothe,

I am writing to respectfully follow up regarding my previously filed Motion to Expedite Examining Trial and ADA Accommodation (filed October 15, 2025) in Cause No. 25-2554-CR-C.

In accordance with local and state rules, I have made a good-faith effort to confer with Assistant County Attorney Jonathan Amdur regarding potential hearing dates, including correspondence on October 20, 2025, yet I have received no response. I respectfully ask that this motion be set on the earliest available docket for hearing so that my constitutional and statutory rights are preserved.

As noted in my prior filings, I have been under arrest and subject to ongoing restrictions since April 7, 2025 — nearly seven months without indictment or judicial determination of probable cause. This delay constitutes a continuing deprivation of liberty interests protected by the Fourth and Fourteenth Amendments and by Article 1, Section 19 of the Texas Constitution.

Furthermore, this request is made pursuant to my prior ADA Title II Notice and Request for Reasonable Accommodation, filed with this Court, which seeks expedited scheduling and accessible participation based on my age-related mobility limitations and medical condition. To date, I have not received an interactive response or proposed modification as required under 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

I remain committed to full cooperation with the Court and the County Attorney's Office and simply request that my pending motion be placed on the docket so that my rights to due process, equal protection, and meaningful access to the courts are honored.

To ensure timely coordination and compliance with both constitutional and ADA obligations, I respectfully request confirmation of a scheduled date or acknowledgment of this request no later than November 4, 2025. If no response is received by that date, I will consider the absence of action further evidence of continuing denial of access and due process.

Thank you for your attention and continued professionalism in ensuring compliance with both constitutional and statutory obligations.

Please allow for 30 minutes for the hearing.

Respectfully,
**James Louis Roden Sr.**
Pro Se Defendant

---

 **image2936.pdf**
397K

---

**jim roden sr** <███████████>                                    Wed, Oct 29, 2025 at 1:34 AM



To: Lynn Bothe <lynnb██████████████>, Jonathan Amdur <jonathan.amdur██████████>,
dwillborn██████████, Diana Alaniz <diana.alaniz████████>, Linda Balk <linda.balk████████████>
Cc: John Amdur <john.amdur████████>, j.ray██████, kyle.kutscher████
Bcc: jeremy.schwartz████████, manny.garcia████, mcgee████
eleanor.klibanoff████████, lomi.kriel████, felicia.frazar████████, dcollier████████,
dibarra████ mhickok████, ezuniga████, curban████, jcalderon████
estoudemire████ rkaur████, yvirgin████, joelder████, tplohetski████,
sigc████, eeaton████

Dear Ms. Bothe, Mr. Amdur, Mr. Willborn, Sheriff Ray, Judge Kutscher, Ms. Alaniz and Ms. Balk,

Thank you for your prior response regarding my pending motions. I want to clarify the procedural posture of this matter because the continuing delay now constitutes an ongoing violation of my constitutional and statutory rights.

My original Motion for Examining Trial, filed on August 26, 2025, has never been set for a hearing, despite multiple follow-up emails, voicemail messages, and proof of conference attempts with Assistant County Attorney Jonathan (John) Amdur and you Ms. Bothe. Because no action was taken, I was forced to file a Motion to Compel Setting of Examining Trial and ADA Accommodation on October 8, 2025. That motion was then placed on the docket for December 1, 2025—a date that falls 238 days after my arrest on April 7, 2025.

Even then, December 1st is not an examining trial; it is only a hearing to compel the scheduling of one. This means that, even after waiting 238 days, there will still be additional delay before any judicial determination of probable cause. In the meantime, I continue to live under restrictive bond conditions, required supervision appearances (8 hour round trip drive I can't make), and the public stigma of a pending first-degree-felony charge with up to 99 years in prison—all of which amount to a continuing seizure of my liberty under the Fourth and Fourteenth Amendments.

At my age (77) and as a disabled veteran with limited mobility, each day of delay causes further emotional distress, physical strain, and reputational harm. These circumstances effectively deprive me of due process and violate my right to timely judicial review.

This delay conflicts with:

- Texas Code of Criminal Procedure art. 16.01, which guarantees that an accused "shall have an examining trial without unnecessary delay."

- Manuel v. City of Joliet, 580 U.S. 357 (2017), holding that continued legal restraint after arrest without probable cause constitutes an ongoing Fourth-Amendment seizure.

- McMurry v. Weaver, No. 23-20191 (5th Cir. June 27, 2025), confirming that an arrestee on bond may bring a continuing-seizure claim when prolonged proceedings lack evidentiary basis.

- Cole v. Carson, 935 F.3d 444 (5th Cir. 2019) (en banc), recognizing that fabrication of evidence and unjustified prosecution extend a seizure's duration for constitutional purposes.

At 238 days and counting, this delay is neither procedural nor administrative—it is unconstitutional. It denies me timely judicial review of an arrest that lacks probable cause and prolongs the mental, physical, and economic hardship imposed by ongoing bond conditions.

For these reasons, I respectfully and urgently request that my Motion to Expedite Hearing (filed October 15, 2025) be set on the earliest available docket, ideally within the next two weeks, so that this matter may finally proceed toward an examining trial and resolution consistent with due-process guarantees. I can die at any time due to my rapidly declining health.

Summary of filings for clarity:
• Motion for Examining Trial – Filed Aug 26, 2025: No hearing ever set. (Attached)
• Motion to Compel Setting – Filed Oct 8, 2025: Set for Dec 1, 2025 only to argue when to set the examining trial. (Attached)
• Motion to Expedite Hearing – Filed Oct 15, 2025: Requests earlier setting due to unreasonable delay and continuing constitutional violation. (Attached)

I also wish to respectfully state that, as a pro se disabled veteran who is wheelchair-bound, I have never tampered with any witness. My granddaughter is a rape victim, and my daughter is a victim of domestic violence and sexual assault. Yet the only evidence being used against me originates from the attorneys of a convicted felon and accused rapist of my granddaughter, Michael Allen Walker, and from Cody Lane Koelle (supporter of Michael Allen Walker), a convicted felon with a history of impersonating law enforcement and making false statements and lives over 600 miles away. I believe I am being treated differently because I lack legal representation, because of my disabilities, and because of my age and declining health, which include neuropathy, heart disease, and cancer. I live each day knowing that my time is limited, and that this unresolved charge threatens not only my peace of mind but also my ability to be laid to rest with full military honors—honors I earned through service and sacrifice to this nation. I risked my life to defend the constitutional rights of all Americans, and I now find myself at the end of my life fighting simply for my own. The continued refusal to set this matter for hearing is denying me the opportunity to die with honor and dignity, free from false accusation and in peace with the country I served. Attached is a copy of my arrest warrant affidavit, which clearly shows that the allegations against me are based entirely on hearsay layered upon hearsay, without any direct investigation, evidence or credible substantiation, its complete lies against me. These false accusations were made to protect Michael Allen Walker, the man who raped my granddaughter and attempted to kill my daughter. Allowing this individual, through his attorneys, to continue inflicting pain upon his victims' family represents a profound injustice—particularly against the elderly and disabled. I have lived quietly, confined to my home and declining in health, yet Guadalupe County has used these lies to silence my granddaughter, denying her the protection and dignity she deserves as a victim.

Please include this email in the official record of communications for Cause No. 25-2554-CR-C in Guadalupe County 25th District Court under Judge Old, as it provides written notice of ongoing deprivation of rights under the Fourth, Fifth, and Fourteenth Amendments, as well as Title II of the Americans with Disabilities Act (42 U.S.C. §§ 12132, 12203).

Thank you for your time and attention to this matter. Please confirm receipt of this email and attachments and advise whether the motion can be advanced for prompt hearing.

Respectfully,
*Sgt. James Louis Roden Sr.*
Pro Se Defendant

**I proudly risked my life in service to this nation to help preserve and defend the constitutional rights guaranteed to all Americans.**









It is deeply troubling that the County continues to shield Cody Lane Koelle, an individual with a documented criminal history who has previously impersonated law enforcement and made false statements to police. Despite his record of dishonesty, the County has relied on his statements while disregarding sworn affidavits, recordings, and evidence that expose his lack of credibility. This selective protection of a known offender—while depriving a disabled veteran of timely due process—further demonstrates the unequal and retaliatory treatment at the core of this case.



[Quoted text hidden]

**9 attachments**

**Motion to Expedite Setting October 15th 2025 with Signature - Copy.pdf**
1543K

**Motion to Compel Examining Trail - Copy.pdf**
3169K

**NOTICE OF HEARING Expedited Motion - Copy.pdf**
71K

**Orginal James Louis Roden Sr Arrest Warrant Affidavit - Copy.pdf**
1760K

**Letter to Judge Old October 15th 2025 - Copy.pdf**
739K

**Supplemental ADA Notice Request for Expedited Scheduling October 15th 2025 - Copy.pdf**
1363K

**Notice of Continued Violation and Preservation of Record and Legacy Estate Intent - Copy.pdf**
1716K

**Motion for Exmining Trial Stamped August 26th 2025 - Copy.pdf**
830K

**Affidavit of Medical Hardship - Copy.pdf**
951K



jim roden sr <███████████████>

# Re: Formal Request for Review and State-Level Oversight - Wrongful Arrest, Retaliation, and ADA Violations Against a Disabled Veteran

**Public Information** <Public.Information███████████>     Thu, Nov 13, 2025 at 11:12 AM
To: "███████████" <████████████>

Dear Mr. Roden:

Thank you for your recent letter. We appreciate your contacting the Office of the Attorney General.

Please understand that Texas law prohibits the Office of the Attorney General from providing legal advice, analysis or representation to private individuals. However, I hope the following information is helpful.

As you may know, complaints against a sheriff's office or personnel within that office should be reported to the Internal Affairs Division of that office or to the sheriff. Complaints about the sheriff alleging incompetency, official misconduct or other criminal wrongdoing should be directed to either the local district attorney or the district court of the county in which the sheriff resides.

In Texas, the county or district attorney has primary jurisdiction to pursue alleged criminal violations of the law. They are granted extensive discretion in determining which cases will be prosecuted and whether or not those cases will proceed before a grand jury. This office can assist with criminal investigations and prosecution at the request of the local officials.

The State Bar of Texas accepts complaints against local prosecutors regarding allegations of professional misconduct. You may wish to contact the State Bar's Grievance Information Hotline at (800) 932-1900.

For more information on the State Bar's grievance process, visit https://www.texasbar.com/Content/NavigationMenu/ForThePublic/ProblemswithanAttorney/GrievanceEthicsInfo1/File_a_Grievance.htm.

You may also wish to share your concerns with the Department of Public Safety's Public Integrity Unit at (512) 424-2160.

In addition, the United States Department of Justice (DOJ), Civil Rights Division, is responsible for enforcing the Americans with Disabilities Act of 1990 (ADA). You may wish to contact the DOJ for assistance at:

U.S. Department of Justice

Civil Rights Division

Disability Rights Section – NYA

███████████████████

Washington, D.C. ████████

(800) 514-0301

https://www.ada.gov/

Finally, you may wish to discuss your legal issue with a private attorney. Although the State Bar of Texas does not provide direct legal services, represent individuals in legal matters or maintain a list of pro bono attorneys, their Lawyer Referral Information Service (LRIS) can refer you to a lawyer in Texas with appropriate expertise. The lawyer will charge you an initial consultation fee of $20 for the first 30 minutes of his or her time. After that, additional charges should be determined by an agreement between you and your attorney. The LRIS can be reached at (800) 252-9690 or (512) 463-1463. You may also access the online attorney referral service via the following link to their website: www.texasbar.com/AM/Template.cfm?Section=LRIS_Online_ Referral_Form.

Again, thank you for writing. Please feel free to contact the Office of the Attorney General if we may be of further assistance.

Sincerely,

Cayla Castañeda

Constituent Affairs Division

Office of the Attorney General of Texas

*The Office of the Attorney General (OAG) appreciates hearing from you. To ensure timely responses from the OAG, visit our* contact page *on the* OAG website*. Please do NOT respond to this email or send inquiries to this email address.*

 **Gmail**

**jim roden sr <​███████████>**

# RE: **EXTERNAL** Follow-Up Request to Schedule Examining Trial – Cause No. 25-2554-CR-C



**jim roden sr** <​████████████>                    Wed, Oct 29, 2025 at 1:34 AM
To: Lynn Bothe <lynnb████████████>, Jonathan Amdur <jonathan.amdur████████>,
dwillborn████████████, Diana Alaniz <diana.alaniz████████>, Linda Balk <linda.balk████████>
Cc: John Amdur <john.amdur████████>, j.ray████████, kyle.kutscher████████
Bcc: jeremy.schwartz████████ manny.garcia████████, mcgee████████
eleanor.klibanoff████████, lomi.krie████████ felicia.fraza████████, dcollie████████
dibarr████████ mhickok████████, ezuniga████████, curban████████, jcalderon████████
estoudemire████████, rkaur████████, yvirgin████████, joelder@sbgtv.com, tplohetsk████████
sigc████████, eeaton████████

Dear Ms. Bothe, Mr. Amdur, Mr. Willborn, Sheriff Ray, Judge Kutscher, Ms. Alaniz and Ms. Balk,

Thank you for your prior response regarding my pending motions. I want to clarify the procedural posture of this matter because the continuing delay now constitutes an ongoing violation of my constitutional and statutory rights.

My original Motion for Examining Trial, filed on August 26, 2025, has never been set for a hearing, despite multiple follow-up emails, voicemail messages, and proof of conference attempts with Assistant County Attorney Jonathan (John) Amdur and you Ms. Bothe. Because no action was taken, I was forced to file a Motion to Compel Setting of Examining Trial and ADA Accommodation on October 8, 2025. That motion was then placed on the docket for December 1, 2025—a date that falls 238 days after my arrest on April 7, 2025.

Even then, December 1st is not an examining trial; it is only a hearing to compel the scheduling of one. This means that, even after waiting 238 days, there will still be additional delay before any judicial determination of probable cause. In the meantime, I continue to live under restrictive bond conditions, required supervision appearances (8 hour round trip drive I can't make), and the public stigma of a pending first-degree-felony charge with up to 99 years in prison—all of which amount to a continuing seizure of my liberty under the Fourth and Fourteenth Amendments.

At my age (77) and as a disabled veteran with limited mobility, each day of delay causes further emotional distress, physical strain, and reputational harm. These circumstances effectively deprive me of due process and violate my right to timely judicial review.

This delay conflicts with:

- Texas Code of Criminal Procedure art. 16.01, which guarantees that an accused "shall have an examining trial without unnecessary delay."

- Manuel v. City of Joliet, 580 U.S. 357 (2017), holding that continued legal restraint after arrest without probable cause constitutes an ongoing Fourth-Amendment seizure.

- McMurry v. Weaver, No. 23-20191 (5th Cir. June 27, 2025), confirming that an arrestee on bond may bring a continuing-seizure claim when prolonged proceedings lack evidentiary basis.

- Cole v. Carson, 935 F.3d 444 (5th Cir. 2019) (en banc), recognizing that fabrication of evidence and unjustified prosecution extend a seizure's duration for constitutional purposes.

At 238 days and counting, this delay is neither procedural nor administrative—it is unconstitutional. It denies me timely judicial review of an arrest that lacks probable cause and prolongs the mental, physical, and economic hardship imposed by ongoing bond conditions.

For these reasons, I respectfully and urgently request that my Motion to Expedite Hearing (filed October 15, 2025) be set on the earliest available docket, ideally within the next two weeks, so that this matter may finally proceed toward an examining trial and resolution consistent with due-process guarantees. I can die at any time due to my rapidly declining health.

Summary of filings for clarity:
• Motion for Examining Trial – Filed Aug 26, 2025: No hearing ever set. (Attached)
• Motion to Compel Setting – Filed Oct 8, 2025: Set for Dec 1, 2025 only to argue when to set the examining trial.

(Attached)
• Motion to Expedite Hearing – Filed Oct 15, 2025: Requests earlier setting due to unreasonable delay and continuing constitutional violation. (Attached)

I also wish to respectfully state that, as a pro se disabled veteran who is wheelchair-bound, I have never tampered with any witness. My granddaughter is a rape victim, and my daughter is a victim of domestic violence and sexual assault. Yet the only evidence being used against me originates from the attorneys of a convicted felon and accused rapist of my granddaughter, Michael Allen Walker, and from Cody Lane Koelle (supporter of Michael Allen Walker), a convicted felon with a history of impersonating law enforcement and making false statements and lives over 600 miles away. I believe I am being treated differently because I lack legal representation, because of my disabilities, and because of my age and declining health, which include neuropathy, heart disease, and cancer. I live each day knowing that my time is limited, and that this unresolved charge threatens not only my peace of mind but also my ability to be laid to rest with full military honors—honors I earned through service and sacrifice to this nation. I risked my life to defend the constitutional rights of all Americans, and I now find myself at the end of my life fighting simply for my own. The continued refusal to set this matter for hearing is denying me the opportunity to die with honor and dignity, free from false accusation and in peace with the country I served.  Attached is a copy of my arrest warrant affidavit, which clearly shows that the allegations against me are based entirely on hearsay layered upon hearsay, without any direct investigation, evidence or credible substantiation, its complete lies against me. These false accusations were made to protect Michael Allen Walker, the man who raped my granddaughter and attempted to kill my daughter. Allowing this individual, through his attorneys, to continue inflicting pain upon his victims' family represents a profound injustice—particularly against the elderly and disabled. I have lived quietly, confined to my home and declining in health, yet Guadalupe County has used these lies to silence my granddaughter, denying her the protection and dignity she deserves as a victim.

Please include this email in the official record of communications for Cause No. 25-2554-CR-C in Guadalupe County 25th District Court under Judge Old, as it provides written notice of ongoing deprivation of rights under the Fourth, Fifth, and Fourteenth Amendments, as well as Title II of the Americans with Disabilities Act (42 U.S.C. §§ 12132, 12203).

Thank you for your time and attention to this matter. Please confirm receipt of this email and attachments and advise whether the motion can be advanced for prompt hearing.

Respectfully,
*Sgt. James Louis Roden Sr.*
Pro Se Defendant

█████████████

**I proudly risked my life in service to this nation to help preserve and defend the constitutional rights guaranteed to all Americans.**









It is deeply troubling that the County continues to shield Cody Lane Koelle, an individual with a documented criminal history who has previously impersonated law enforcement and made false statements to police. Despite his record of dishonesty, the County has relied on his statements while disregarding sworn affidavits, recordings, and evidence that expose his lack of credibility. This selective protection of a known offender—while depriving a disabled veteran of timely due process—further demonstrates the unequal and retaliatory treatment at the core of this case.



[Quoted text hidden]

---

**9 attachments**



**Motion to Expedite Setting October 15th 2025 with Signature - Copy.pdf**
1543K

**Motion to Compel Examining Trail - Copy.pdf**
3169K

**NOTICE OF HEARING Expedited Motion - Copy.pdf**
71K

**Orginal James Louis Roden Sr Arrest Warrant Affidavit - Copy.pdf**
1760K

**Letter to Judge Old October 15th 2025 - Copy.pdf**
739K

**Supplemental ADA Notice Request for Expedited Scheduling October 15th 2025 - Copy.pdf**
1363K

**Notice of Continued Violation and Preservation of Record and Legacy Estate Intent - Copy.pdf**
1716K

**Motion for Exmining Trial Stamped August 26th 2025 - Copy.pdf**
830K

**Affidavit of Medical Hardship - Copy.pdf**
951K

 

**jim roden sr <‌▬▬▬▬▬▬>**

# RE: **EXTERNAL** Re: Follow-Up Request to Confer – Examining Trial Originally Filed August 26, 2025

2 messages

---

**John Amdur** <john.amdur‌▬▬▬▬▬▬‌>                                          Wed, Oct 15, 2025 at 4:35 PM
To: jim roden sr <‌▬▬▬▬▬▬‌>
Cc: Lynn Bothe <lynnb‌▬▬▬▬▬▬‌>

Mr. Roden,

Received and acknowledged. We are still processing your prior request to my office relating to declining charges. If conclusive action has not been taken by December 1st, then we anticipate being ready for the examining trial.

Respectfully,

John

John Amdur

Assistant County Attorney

Guadalupe County

---

**From:** jim roden sr <‌▬▬▬▬▬▬‌>
**Sent:** Wednesday, October 15, 2025 4:01 PM
**To:** John Amdur <john.amdur‌▬▬▬▬▬▬‌>
**Cc:** Lynn Bothe <lynnb‌▬▬▬▬▬▬‌>
**Subject:** **EXTERNAL** Re: Follow-Up Request to Confer – Examining Trial Originally Filed August 26, 2025

> **CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Mr. Amdur,

The previous attachment pertained to the *Motion to Compel Examining Trial*, which references the original filing. For your convenience, I have attached a copy of the original *Motion for Examining Trial* (filed August 26, 2025) along with the associated *Notice of Hearing* to be confirmed by the Court Administrator. Just to confirm, I am seeking to **confer specifically regarding the original Motion for Examining Trial filed on August 26, 2025**, and to coordinate a hearing date for that motion.

On Wed, Oct 15, 2025 at 3:38 PM jim roden sr <⬛⬛⬛⬛⬛⬛> wrote:

> Mr. Amdur,
>
> This email serves as an additional follow-up attempt to confer regarding my *Examining Trial request*, which was originally filed on **A**ugust 26, 2025.
>
> I previously reached out to confer regarding scheduling but received no confirmation from your office. As a result, this correspondence is another good-faith attempt to comply with Rule 191.2 of the Texas Rules of Civil Procedure and to ensure coordination on a hearing date.
>
> As of today, no examining trial has been set, despite the passage of more than six months since my April 7, 2025 arrest and continued bond restrictions with no indictment. I respectfully request that we work together to set a firm date for the examining trial in accordance with Articles 16.01–16.17 of the Texas Code of Criminal Procedure, which require that such proceedings occur without unnecessary delay.
>
> If no confirmed date is established within the next five (5) business days, I will respectfully request again that the Court Administrator place this matter on the earliest available docket for hearing.
>
> Please let me know your position or availability for scheduling. I am prepared to appear remotely under my approved ADA accommodation.
>
> Respectfully,
> **James Louis Roden Sr.**
> ⬛⬛⬛⬛⬛
> League City, TX ⬛⬛
> Phone: (417) 593-1714
> Email: ⬛⬛⬛⬛⬛

---

**jim roden sr** <⬛⬛⬛⬛⬛⬛>                                      Wed, Oct 15, 2025 at 9:00 PM
To: John Amdur <john.amdur⬛⬛⬛⬛⬛>
Cc: Lynn Bothe <lynnb⬛⬛⬛⬛⬛>



Dear Mr. Amdur,

Thank you for your acknowledgement. I understand that your office is still processing the request to decline the pending charge. However, I must express the urgency of my situation. I am seventy-seven years old, a disabled veteran with cancer, heart disease, and severe neuropathy. My health is deteriorating rapidly, and there is a real possibility that I may not live to see December 1, 2025.

I have devoted more than twenty-five years of service to this country to help guarantee the very constitutional rights that I am now pleading to have respected. I am not seeking special treatment—only a fair and timely opportunity to clear my name from these false accusations before I die. To pass with this matter unresolved would rob me of the honor and dignity that I have spent a lifetime earning.

Accordingly, I respectfully ask that your office take whatever immediate action is within its discretion to finalize the declination decision or support an expedited setting so that justice may be served while I am still alive to witness it.

May God grant each of us the wisdom to act with truth, mercy, and fairness, and may His justice prevail over the affairs of all.

Respectfully,
**James Louis Roden Sr.**
⬛⬛⬛⬛⬛
League City, TX ⬛⬛
Phone⬛⬛⬛⬛⬛
Email: ⬛⬛⬛⬛⬛

[Quoted text hidden]

 

# Texas Public Information Act Request & ADA Title II Notice – Written Declination Documentation Required (Case No. 25-2554-CV-C)

1 message



**jim roden sr** <▉▉▉▉▉▉▉▉▉▉>                                      Fri, Dec 5, 2025 at 3:29 PM
To: Jonathan Amdur <jonathan.amdur▉▉▉▉▉▉▉>, John Amdur <john.amdur▉▉▉▉▉▉▉▉>, Lynn Bothe
<lynnb▉▉▉▉▉▉▉▉▉>, Linda Balk <linda.balk▉▉▉▉▉▉▉▉▉>, Diana Alaniz <diana.alaniz▉▉▉▉▉▉▉>,
dwillborn▉▉▉▉▉▉▉▉▉▉, j.ray▉▉▉▉▉▉▉▉, kyle.kutscher▉▉▉▉▉▉▉▉, dccourts▉▉▉▉▉▉▉▉,
dwillborn@co.guadalupe.tx.us, jimb▉▉▉▉▉
Cc: Sharon.Tschoepe▉▉▉▉▉▉▉▉, patton.zarate▉▉▉▉▉▉▉▉, laura@aaabailseguin.com

Dear Mr. Willborn, Mr. Amdur and County Leadership,

After multiple attempts to obtain written confirmation of the prosecutorial decision in my case, I have received no response from the County Attorney's Office. Because both the District Clerk and the Court Coordinator have confirmed that no declination or dismissal has been filed with the court, I am left with no choice but to submit this Texas Public Information Act request. I respectfully ask that, if the required declination letter is readily available, you do not wait the full ten business days and instead provide the document promptly so I may correct my court record and bond file.

This correspondence serves as a combined request under the Texas Public Information Act (Texas Government Code Chapter 552) and a formal notice under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.) regarding necessary public records related to the prosecutorial decision in State of Texas v. James Louis Roden, Sr., Case No. 25-2554-CV-C. As a 77-year-old disabled veteran with documented mobility and medical limitations, I require clear, accessible, and timely written communication in order to understand, participate in, and navigate my legal obligations. Failure to provide such communication constitutes denial of meaningful access to a public program, prohibited by ADA Title II and its implementing regulations at 28 C.F.R. § 35.130(b)(1)(i)–(iii) and § 35.160(a)(1)–(2).

Pursuant to the Texas Public Information Act, I respectfully request the following public records:

1. A copy of the official written declination, dismissal, or other prosecutorial document issued by your office stating that prosecution has been declined in Case No. 25-2554-CV-C. This includes any declination letter, dismissal memorandum, official written communication to any agency (including AAA Bail Bonds), any document reflecting the decision date of November 30, 2025, and the verification issued on December 5, 2025 by County Attorney staff.

2. Any internal or external record discussing, authorizing, or verifying the declination decision.

3. The name, title, and signature of all individuals who authorized, approved, or verified the declination decision.

This request is necessary because the District Clerk has confirmed that no declination or dismissal has been filed in the official case record, the court docket contains no entry reflecting the prosecutorial decision, and the Jail Bonds system continues to show my status as "Posted" rather than "Released." Additionally, although your office has provided written confirmation of the declination to AAA Bail Bonds, I have received no written notice despite my disability-related need for accessible communication.

Because I am elderly and disabled, the lack of written notice creates substantial barriers to understanding the status of my case, resolving my bond, and maintaining accurate legal records. Under ADA Title II (28 C.F.R. § 35.160), public entities must ensure that individuals with disabilities receive communication that is as effective as that provided to others. Written confirmation of the declination is therefore required to ensure compliance with both due process and ADA Title II obligations.

Under Texas Government Code § 552.221, your office must produce the requested information promptly or notify me in writing within 10 business days if an exception applies. No exception appears applicable to prosecutorial declination documents, which are public records.

Please produce the written declination on official Guadalupe County Attorney letterhead, bearing the appropriate attorney's signature and date, in either PDF or hard copy format. I will provide this document to the District Clerk so that the court record and bond status may be corrected.

Thank you for your prompt attention to this matter. I respectfully request written confirmation of receipt.

Sincerely,
James Louis Roden, Sr.
Disabled Veteran Requiring Accessible Written Communication

---

**3 attachments**

 **PIA Request Guadalupe County Letter of Declination - Copy.pdf**
218K

**PIA Request Gmail - FW_ __EXTERNAL__ Request for Dismissal Order and Case Status – Case No. 25-2554-CV-C - Copy.pdf**
287K

**Gmail - Request for Written Declination Letter and Expungement Clearance - Copy.pdf**
86K

          

# Status of Internal Affairs Complaint Filed October 8, 2025

1 message

**jim roden sr** <​ ​>                                   Sun, Nov 30, 2025 at 11:03 PM
To: so.openrecords , j.ray , kelly.mann

**To:**

Guadalupe County Sheriff's Office (Sheriff Ray and Sgt. Mann)
Public Information Officer
Email: **so.openrecords**

**From:**
**James Louis Roden Sr.**

**Date:** 11/30/2025

## Status of Internal Affairs Complaint Filed October 8, 2025

Dear Sheriff Ray, Sgt. Mann and Open Record,

This is a request under the Texas Public Information Act.

I am requesting the following information regarding my Internal Affairs complaint filed on October 9th, 2025 complaint number GCI-25-10002 against Officer Reamer:

1. The current status of the IA investigation, including whether it is:

   - open,

   - active,

   - inactive,

   - pending review,

   - suspended, or

   - closed.

2. The dates of any status changes in the IA investigation (if applicable).

3. Whether the complaint has been assigned to an investigator, and if so:

   - the investigator's name, and

   - badge number.

This request is limited to status information only. No other documents are requested at this time. You may send the response by email to:

Thank you for your attention to this matter.

Respectfully,
James Louis Roden Sr.

**PIA Request November 30th 2025 IA Complaint GCI-25-10002 agaisnt Officer Reamer.pdf**
220K