# Exhibit H - Failure to Correct, Ratification, Custom/Practice

**Key Points from the Emails and Letter**

**1. May 13, 2025 Letter to Sheriff Ray**

James Roden Jr. notified Sheriff Ray that he was arrested without being interviewed, without S.J.K. being interviewed about coercion, and without his exculpatory advocacy evidence being included in the warrant. He asked why Reamer sought a first-degree felony warrant against a teacher/mandated reporter and an elderly disabled veteran without basic investigation.

**2. October 11, 2025 Formal Notice from Dolores Roden**

Dolores Roden notified Sheriff Ray, GCSO leadership, David Willborn, Jonathan Amdur, and others that she had filed a sworn criminal complaint against Cody Koelle for alleged aggravated perjury. She stated the complaint included notary verification, a notary log, Cody's affidavit, a recorded call where Cody admitted signing the affidavit, and Cody's false-report history.

**3. Failure to Investigate Cody Complaint**

Dolores stated that despite verified evidence, no investigator or prosecutor contacted her for follow-up and no meaningful response was provided beyond a receipt slip. She argued this contrasted with the rapid first-degree felony warrants issued against James Jr., James Sr., and Jamie.

**4. October 21, 2025 Follow-Up Evidence**

Dolores followed up after no response and provided additional evidence, including a signature comparison between Cody's November 2024 affidavit and a later Kansas probation document, arguing it disproved Cody's claim that he never signed the affidavit.

5. Prior Consistent S.J.K. Statements in Reamer's File

The follow-up reminded officials that S.J.K. had already told Reamer in April 2024 that

Jamie was not involved, that Jamie was afraid of Michael, and that Jamie did not know what was happening. Dolores argued this disproved the claim that James Jr. caused S.J.K.'s account.

**6. November 12, 2025 PIA Clarification Request**

Dolores challenged GCSO's classification of her sworn criminal complaint as "Civil," noting that it alleged aggravated perjury, false report, and tampering with a government record. She asked who reclassified it, whether any investigator was assigned, and whether the record would be corrected.

**7. November 13, 2025 GCSO Response**

GCSO stated that a supplemental report was located and that a packet containing the complaint and documentation had been forwarded to the Guadalupe County Attorney's Office on September 24, 2025.

**8. November 13, 2025 Follow-Up to GCSO**

Dolores asked whether the complaint had been assigned to CID, whether the classification would be corrected from civil to criminal, whether the "cleared/report taken" disposition would be corrected, and whether the forwarded packet included the key evidence.

**9. November 13, 2025 Final GCSO Response**

GCSO responded that the Guadalupe County Attorney's Office, not GCSO, would conduct the investigation into the alleged criminal offense, and that documents had been forwarded by Sgt. Reamer.

**10. Core Significance**

These records show post-arrest notice to senior officials, a sworn complaint against Cody supported by verification evidence, GCSO's classification/routing questions, and GCSO's statement that the County Attorney's Office would conduct the investigation rather than GCSO. This supports notice, failure-to-investigate, ratification, and delegation-toprosecutors theories.

**James Roden**

████████████████

League City, T████████

████████████████████████

████████████

**Date:** 05/13/2025

**Sheriff Joshua Ray**
Guadalupe County Sheriff's Office

████████████████████████

Seguin, TX ████████

**Subject: Request for a Respectful Conversation Regarding My Arrest and Advocacy Role**

Dear Sheriff Ray,

I'm writing you today not with anger, but with hope for understanding. My name is **James Louis Roden Jr.**, and I have lived a life of service—as a father, a teacher, a mandated reporter, minster and most recently, as an advocate for my niece, **Shelby**, a young woman with intellectual and developmental disabilities.

You don't know me personally, but I've worked for over 20 years in public education, coaching and mentoring students across Texas. I've raised my children with the values of responsibility, courage, and faith. I supported you when you ran for Sheriff, and I still believe that you are a leader who wants to do right by this community. That's why I'm writing to you **before I speak to anyone else beyond my legal counsel.** Because I still believe in the system—and I still believe that when something goes wrong, **a respectful adult conversation, as you've said yourself, is biblical.**

I was arrested on April 8th, 2025, for allegedly tampering with a witness—**Shelby**, the same young woman I fought to protect. No one from your department ever contacted me to ask about my role. **No one contacted Shelby** to confirm whether she had truly been manipulated or coerced. **No one in your department asked a single question of the people involved before a felony charge was filed.**

I was treated not as the **mandated reporter who filed the initial report that led to Michael Allen Walker's arrest**, but as someone to be punished—despite the fact that I had been providing evidence, affidavits, recorded interviews, and emails to support Shelby and protect her rights. I was acting under my legal rights as a **family advocate** and a

**mandatory reporter**. I was trying to help a girl who had already been hurt once—not silence her.

I'm asking you this in good faith:

- Why was there no investigation conducted before Officer Reamer filed the arrest warrant?

- Why was I not contacted—nor Shelby, nor anyone in our family—before such a serious charge was filed?

- Why was **no part of the evidence I provided included in the arrest affidavit**, even though it was reviewed and clearly shows my efforts to support Shelby, not manipulate her?

- Why would your office arrest **a career public school teacher with no criminal record** and my **terminally ill, wheelchair-bound 78-year-old grandfather**, a **30-year Vietnam veteran and retired Sergeant Major with no criminal record**, based solely on an affidavit from Cody Lane Koelle who has **pleaded guilty to making false police reports and impersonating an officer? (See attached Evidence)**

I'm not asking for special treatment. I'm asking to be **seen**, to be heard, and for someone in your position to ask the same questions I'm asking. This situation has devastated my career, my family, and our ability to survive financially. I lost my teaching job. I lost my health insurance. I lost the security I had worked my entire life to provide to my wife and children.

And all of it happened **without a single conversation**. I truly believed—up until the moment I was arrested—that I was helping your office protect Shelby. I was trying to make sure she didn't fall through the cracks. When I reported a second rape involving Shelby while she was under "protective custody," and under the care of Cody Lane Koelle and Andrea Martin Koelle and admitted in a phone conversation (submitted and reviewed by your office) that he knew the man sexually abusing Shelby was using her for sex while living in his house that resulted in another pregnancy and confirmed by your department, I never imagined that your department's response would be to arrest me six days after making that report **(See attached email/report).** As a certified public school teacher and legally protected mandated reporter, I was obligated by law to report, and I fulfilled that duty. In response, I was met with retaliation by Cody and Andrea, who submitted a sworn affidavit against me shortly after my report, despite my prior warning that I feared retaliation. Officer Reamer later stated that she reviewed that email/report as part of the evidence used to justify charging me. Cody and Andrea were made aware that I issued that report by your office even though I asked to remain anonymous and as a result your office accepted a

sworn statement from them to protect themselves from continued charges on top of the false report and impersonating a police officer Cody is now serving probation for.

Sheriff, I still believe in Guadalupe County. I still believe this may have been a mistake. But it is a mistake that is destroying lives—and one that can still be made right if someone with authority takes a second look.

I'm not asking for special treatment. And I'm **not asking you to prove my innocence**. I'm simply asking you—Sheriff Ray—to take an honest look at what happened. To ask yourself if a **good faith effort was truly made** in this investigation, and whether the manner in which it was carried out reflects the **standards you've set for your deputies and investigators**.

Because what happened here was not just a misunderstanding—it was the filing of **a 1st-degree felony charge against an entire family**. My name. My dying father's name. All without a single conversation, a single clarification, or a moment of pause.

I'm asking if **all the evidence was truly reviewed**—not just selected fragments, but the full picture. I'm asking whether the **sworn affidavits Shelby gave in her own words**, as a legally independent adult with no guardian, were acknowledged, valued, or even considered. These were documents, that told her truth—not only to me, but to **anyone who would listen**, including Officer Reamer herself back on April 4th, 2024 in her video testimony with the victim Shelby Jane Koelle where she tells the same story she tells in her affidavit a full year before my arrest. (See attached affidavit from Shelby that was notarized in Kansas over a thousand miles away and it was Cody Lane Koelle that provided that transportation and mailed it to Jamie's attorney who requested it and the independent review by a Forensic Psychologist as it relates to the interview with Officer Reamer and Shelby Jane Koelle).

If this evidence existed—if it was known—then I'm asking you, respectfully, to reflect on **why it wasn't disclosed when submitting the arrest warrant affidavit**, and why it didn't weigh into the decision before filing charges that have now shattered lives and reputations.

I ask you to take a moment to understand **what really happened**, and to ask the questions that should have come **long before** a charge was ever filed. Because somewhere along the way, I—a **mandated reporter**, a **family advocate**, a **public school teacher with no criminal record**, and an **ordained minister** who founded the **Holistic Church of Christ**—was stripped of my dignity and labeled a criminal. All because I tried to protect a young woman with intellectual disabilities who was begging to be heard.

And my father... My father, a **Retired 30-year Army veteran**, a man who gave his body for this country and is now **dying of cancer**, was arrested alongside me—not for anything he did, but because we share the same name. **James Louis Roden Sr. and Jr.** They didn't ask

who was who. They didn't ask if he could even speak. They just filed a felony charge against a man who has given everything to this country and is now **fading in silence in a bed**, his last days clouded by disgrace he never deserved.

How did this happen? How does a system arrest the man who **reported the rape** and stood up for someone vulnerable—and let the predators and manipulators go free? How does a dying veteran, who **never sent a single email, never made a single call**, get treated worse than the man who raped and abused his granddaughter?

I'm asking you—**as one Christian to another**—to ask, "**What would Jesus do?**"

That's the question I live by. And I believe, deep down, that you do too. I respectfully ask that you take a moment to consider whether this investigation was conducted with the thoroughness, fairness, and standard of integrity you expect from those under your leadership. I have great respect for you, your office, and the profession of law enforcement—and I still believe in the system you represent. I know you to be a good man, Sheriff Ray, and I would far prefer that you take the lead in looking into this matter and determining whether it was handled properly. If this is something that can be addressed internally and with integrity, then I trust you to do just that—because that's how much I believe in you, your position, and the system I've spent my entire life supporting. That's why I am coming to you first—before seeking broader support or turning to the court of public opinion.

Please, take a look.

Respectfully,

_____

**James Louis Roden Jr.**
Educator | Advocate | Mandated Reporter | Minister | Father | Son

**P.S.** I've included a photo of my family. My son, Patrick, dreams of becoming a Sheriff one day—just like you. I'm proud that he aspires to a life of service, to stand up for the innocent and protect the vulnerable. That's been my purpose, too. God bless you and your continued service to our community.

**Proverbs 31:8-9 (NIV)**
*"Speak up for those who cannot speak for themselves, for the rights of all who are destitute. Speak up and judge fairly; defend the rights of the poor and needy."*

 

 

 







**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sheriff Joshua O. Roy
2617 N. Guadalupe St
Seguin, TX 78155

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 6991 1225 0049 20

2. Article Number (Transfer from service label)

7019 1640 0000 2470 6991

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)
Jerilyn McNulty

C. Date of Delivery
5-15-25

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

 

# Formal Notice Regarding Criminal Complaint #2025-GC00208 – Failure to Investigate Perjury and Retaliation Affecting Elderly and Disabled Citizens (Evidence for Internal Affairs)
2 messages



**Jane Roden** <██████████████████████>                                    Sat, Oct 11, 2025 at 7:34 PM
To: j.ray████████████████v, tarinna.skrzycki████████████v, kelly.mann███████████████,
jonathan.amdu██████████████, dwillborn████████████, zachary███████████
Cc: jrwilsonii███████████

Dear Sheriff Ray, Mr. Willborn, Mr. Amdur, Mr. Bidner, and Agent Wilson,

I am writing as a disabled and elderly citizen of Texas, age 83, and as the complainant who filed a sworn and notarized criminal complaint against Cody Lane Koelle on June 26, 2025, which I personally resubmitted in person on August 26, 2025, and which was assigned Case Number 2025-GC00208 by the Guadalupe County Sheriff's Office.

This correspondence serves as formal notice under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Fourteenth Amendment to the United States Constitution that the County's continuing refusal to process, investigate, or respond to my complaint constitutes discrimination, retaliation, and deliberate indifference toward me as an elderly, disabled citizen and toward my intellectually disabled daughter, Jamie Renee Walker.

---

## Background

On June 26, 2025, I executed and notarized a sworn criminal complaint detailing evidence that Cody Lane Koelle committed aggravated perjury when he falsely testified during the June 18, 2025 in District Court 274 (Judge Steel) bond hearing of my daughter, Jamie Renee Walker, claiming he did not sign his November 15th, 2024 affidavit.

When Cody Lane Koelle lied about his signed affidavit and the County relied on that lie to deny Jamie Walker's bond:

- It violated her Fourteenth Amendment due-process rights to fair proceedings and liberty.

- It likely violated her Eighth Amendment rights against arbitrary detention.

- It violated her Sixth Amendment right to confront truthful witnesses.

- It potentially violated Equal Protection and ADA rights due to discriminatory treatment of an IDD individual.

Attached to my original June 26th and hand delivered August 26th, 2025 complaint were:

- A verification letter from the notary public who witnessed Cody's signature;

- Copy of original notary log bearing Cody Koelle's signed entry; and ID.

- A copy of the notarized affidavit itself.

- Recorded phone call where Cody Lane Koelle admitted signing the November 15th, 2024 affidavit. (originally provided via email on March 19th, 2025 to the County Attorney's Office)

- Cody Lane Koelle criminal record showing past false statements to police.
(originally provided via email March 21st, 2025 to County Attorney's Office)

Despite this evidence, no investigator, prosecutor, or official from the Sheriff's Office or County Attorney's Office has contacted me for follow-up or acknowledged receipt beyond a pink case-receipt slip.

Prior to my personal submission, my Public Information Act request for the case file was answered with a statement that no record of the case existed, even though the complaint had already been received by Sheriff Office administrators and County Attorney's office on June 26th, 2025.

I am a documented stroke survivor with limited mobility. My daughter Jamie is a documented intellectually and developmentally disabled (IDD) adult. Insisting on personal delivery and having me drive an eight-hour round trip to hand-deliver a notarized complaint, only to have it ignored, demonstrates disregard for the rights of elderly and disabled complainants under both state and federal law.

Assistant County Attorney Jonathan Amdur personally witnessed Cody Koelle's testimony at the June 18th, 2025 hearing in Judge Steel's courtroom. The County Attorney's Office therefore has actual knowledge that the testimony used to deny Jamie's bond was false.

---

## Legal Standards and Authorities

The County's duty to act on a sworn complaint and to provide equal access to justice for elderly and disabled persons arises under:

- **Tex. Code Crim. Proc. arts. 2.01 & 2.07**, requiring prompt investigation and prosecution of credible felony allegations.

- **Tex. Gov't Code § 552**, mandating accurate recordkeeping and disclosure under the Public Information Act.

- **42 U.S.C. § 12132** and **29 U.S.C. § 794**, prohibiting exclusion or denial of public services to qualified individuals with disabilities.

- **42 U.S.C. § 1983**, providing a civil remedy for deprivations of constitutional rights under color of law.

- **42 U.S.C. § 12203**, prohibiting retaliation against any individual who assists or advocates for a person with disabilities.

### Relevant case precedent establishes these duties:

- *Tennessee v. Lane*, 541 U.S. 509 (2004) – Title II of the ADA applies to access to courts and judicial processes.

- *Monell v. Department of Social Services*, 436 U.S. 658 (1978) – Municipalities are liable for policies or customs causing constitutional violations.

- *City of Canton v. Harris*, 489 U.S. 378 (1989) – Failure to train or supervise may constitute deliberate indifference under § 1983.

- *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959) – Prosecutors and law-enforcement officers must correct known false or exculpatory evidence.

- *Hope v. Pelzer*, 536 U.S. 730 (2002) – Officials may be held liable when deliberate indifference violates clearly established rights.

These authorities confirm that once officials have notice of credible evidence or potential false testimony involving disabled victims, they must act promptly, fairly, and consistently.

## Professional and Ethical Duties of Counsel

As members of the State Bar of Texas, both prosecuting and defense attorneys are bound by the Texas Disciplinary Rules of Professional Conduct, which mirror the American Bar Association's Model Rules. Relevant provisions include:

- **Rule 3.03(a)(5)** – A lawyer who knows that evidence offered to a tribunal is false must take reasonable remedial measures to correct the record.

- **Rule 1.01(b)(1)** – A lawyer shall not neglect a legal matter entrusted to the lawyer.

- **Rule 3.09(d)** – A prosecutor must make timely disclosure of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigate the offense.

- **Rule 8.04(a)(3) & (a)(4)** – A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, and shall not engage in conduct constituting obstruction of justice.

These duties are reinforced by established precedent:

- *Napue v. Illinois*, 360 U.S. 264 (1959) – the prosecution has an affirmative obligation to correct false testimony.

- *Brady v. Maryland*, 373 U.S. 83 (1963) – suppression of evidence favorable to the accused violates due process.

- *Strickland v. Washington*, 466 U.S. 668 (1984) – defense counsel must conduct reasonable investigation and act with diligence to protect the client's rights.

- *Kimmelman v. Morrison*, 477 U.S. 365 (1986) – failure to investigate or present known exculpatory evidence may constitute ineffective assistance of counsel.

Accordingly, once attorneys become aware of credible, verified evidence that material testimony may be false, both prosecution and defense have ethical and constitutional duties to investigate and, if warranted, to correct the record so that justice is not denied to a disabled or elderly.

---

## Observations

Cody Lane Koelle and Andrea Martin have served as key witnesses both in support of Michael Allen Walker's defense and as the State's primary witnesses against Jamie Renee Walker despite having no firsthand knowledge of what happened in Seguin between Jamie Renee Walker, Michael Allen Walker and Shelby Jane Koelle. After the report of Shelby Jane Koelle's second pregnancy and alleged exploitation while under the care of Cody Lane Koelle and Andrea Martin—both known supporters of Michael Allen Walker—it appears defense attorney's for Michael Allen Walker and the County Attorney's office worked together to shield their star witness. This sequence of events has created a reasonable concern that officials may have sought to discourage or prevent Shelby Jane Koelle from testifying, and to avoid scrutiny of Cody Lane Koelle's prior criminal convictions for making false statements to law enforcement, impersonating a police officer and the exploitation of Shelby Jane Koelle that resulted in a second pregnancy while under his care. Despite possessing extensive evidence of Cody Lane Koelle's criminal record and recorded statements demonstrating his lack of credibility, the Guadalupe County Attorney's Office, in coordination with Michael Allen Walker's defense counsel, continued to rely on Cody as a key witness. This included allowing him to testify at the June 18, 2025 bond hearing, where his statements were accepted without apparent

scrutiny, despite clear and documented evidence of prior false reports, criminal convictions, and conflicting testimony.

The rapid execution of three first-degree-felony warrants against a family consisting of a special education teacher/advocate/minister, a disabled veteran, and an IDD domestic-violence victim—without apparent investigation or evidentiary foundation—contrasts sharply with the complete inaction on a well-documented, notarized criminal complaint presenting verified evidence against Cody Lane Koelle.

Such disparity, if not corrected, raises serious questions under the Equal Protection Clause and the ADA's mandate of nondiscriminatory access to public programs (*Tennessee v. Lane*, 541 U.S. 509).

From the beginning, our family made it clear that we had no firsthand knowledge of what transpired in *Seguin* between Jamie Renee Walker, Michael Allen Walker, and Shelby Jane Koelle. Our only involvement was to relay and report the allegations as they were presented to us. Specifically, Andrea Martin made the allegation implicating *Jamie Renee Walker*, while Shelby Jane Koelle made the allegation implicating *Michael Allen Walker*. Our sole request was that investigators contact and listen directly to Shelby, allowing her voice to be heard and her experiences properly evaluated by the authorities. We completely supported the full investigation of both Michael and Jamie to protect Shelby.

Our family's reporting of *Shelby's allegations* was first made to Officer Elaine Reamer directly by Shelby on April 4, 2024, through a recorded video statement. Additional communications were sent by Shelby to Officer Reamer on April 6, 2024, in the form of text messages from *Hope House*. On April 8, 2024, James Louis Roden Jr. provided sixteen (16) preserved screenshots to Officer Reamer of Shelby's text messages from *Hope House*, each reiterating Shelby's consistent statements regarding her mother's innocence and the abuse she suffered by Michael Allen Walker. This evidence was provided to Officer Reamer a full year prior to James Sr and Jr arrest. This officially proves the narrative that Shelby's mother being innocent originated from Shelby and no one from our family. These records have been preserved as verified evidence.

When Shelby later expressed to us that her attempts to contact the Guadalupe County Attorney's Office were being ignored, our family sought help through proper channels. We asked our son, James Louis Roden Jr., to advocate for Shelby and assist her in reestablishing communication with the County Attorney's Office so that her testimony and concerns could be formally heard. Despite his transparent and good-faith efforts, all attempts at communication were disregarded. Instead of open dialogue, our family was met with retaliatory arrests designed to silence Shelby, discredit her advocates, and protect Cody Lane Koelle—a convicted felon with a documented history of making false statements to law enforcement.

This sequence of events demonstrates a complete breakdown of professional duty and public trust. Rather than ensuring a fair, thorough, and impartial investigation, the actions taken appear to have shielded individuals with known credibility issues while punishing those who sought only truth, safety, and justice for a vulnerable, intellectually disabled young woman.

The charges brought against my son, James Louis Roden Jr., and the allegation that he coerced *Shelby Jane Koelle* to state that her mother is innocent are unequivocally false. James Louis Roden Jr was the first one to insist on Jamie being investigated and demanded protection for Shelby from both Jamie and Micheal. The extensive documentation and transparency reflected in his communications—including multiple emails, formal requests for the appointment of a Guardian ad Litem for Shelby, and evidence already in the possession of Officer Elaine Reamer—clearly demonstrate that his actions were those of a lawful advocate seeking to protect Shelby's rights and safety. The decision to disregard this evidence and instead pursue unfounded criminal charges

represents a profound miscarriage of justice that has caused severe and lasting harm to his personal, professional, and family life.

**(Original attached)**

### 3. James Roden's Role as My Advocate

I asked James Louis Roden Jr. to help me because I trusted him and needed support. He acted only as my advocate, helping me express what I needed to say and guiding me through the process of submitting truthful statements.

1

 **Initial**

At no time did James Roden ever threaten, pressure, or force me to say or sign anything. He encouraged me to be honest and made sure I understood what I was signing. He acted with integrity and out of concern for my well-being and safety.

I am stating clearly that James Roden is innocent of the charge of Tampering with a Witness, and I am willing to testify under oath in court that he never committed any wrongdoing toward me.













My son, James Louis Roden Jr., is a good and honorable Christian man who seeks no retaliation or harm against Guadalupe County or any of its officials for the injustice he has endured. His only request is to be restored to the life of service and integrity he once lived. He respectfully asks that the County Attorney's Office issue a letter of consent or a certification of non-prosecution, allowing him to pursue expungement of this unjust and unsupported First-Degree Felony Tampering with a Witness arrest.

My son has dedicated his life to serving his community as an educator, mentor, and minister. The mere presence of a *first-degree felony arrest* on his record—regardless of its falsity—has made it impossible for him to secure employment and provide for his wife and children. Employers see only the severity of the charge (1st Degree Felony) and assume the worst, unaware of the truth behind the case.

Under current Texas law, he must wait three years before qualifying for expungement, and the process itself could take up to an additional year. This prolonged delay would impose devastating hardship, likely resulting in homelessness and the total financial collapse of his family. It would also rob his two young children—Patrick (age 10) and Madalyn (age 13)—of the opportunities, stability, and future their father has worked his entire life to provide.

I ask you sincerely and prayerfully to do what is right—to acknowledge the overwhelming evidence of his innocence and to take the just and compassionate step of providing the written authorization necessary for him to rebuild his life, restore his good name, and continue serving the community

he loves. Ask yourself what would you want for your son, father, close friend or family member that was unjustly accused and robbed of everything they worked for.









I, along with the rest of our family, feel a deep and lasting sorrow for encouraging my son to assist and advocate for *Shelby Jane Koelle*. My son, James Louis Roden Jr., left home at the age of seventeen and lived independently for nearly thirty years, having little to no contact or communication with his sister *Jamie Renee Walker* or niece *Shelby* during that time. My husband and I only recently reconnected with our son after many years of living abroad and traveling throughout the country.

During this time, we came to see firsthand the man he has become—a man of character, faith, and compassion. James has devoted his life to helping others, especially families struggling to find resources and justice for their children with disabilities. He has always acted with kindness, humility, and integrity. To see him now suffer because he chose to help a vulnerable young woman is heartbreaking beyond words.

The false arrest, coupled with the public exposure of his name and image through media headlines and community gossip, has shattered a reputation that took decades to build. His colleagues, students, and community members—all who once admired him as an educator, mentor, and servant leader—now see him through the distorted lens of an unjust accusation. The emotional, professional, and spiritual toll this has taken on him and our family is immeasurable.

The financial, physical, and emotional toll resulting from these false arrests of James Louis Roden Sr and Jr. has devastated our entire family. We have been left in complete ruin—watching my innocent grandchildren suffer because their father James Jr, an educator and minister with a spotless record, lost everything he worked for and is now unable to obtain employment. Both my son James and granddaughter Madalyn have ongoing medical needs, yet they have lost their essential health insurance coverage due to this injustice. The pain of witnessing their struggles, knowing they have done nothing wrong, is indescribable. The experience of being wrongfully targeted and seeing everything my son has worked for—his career, reputation, and future— stripped away, is no less painful than being victimized by a criminal act. To know that this occurred to shield and protect Cody Lane Koelle, a convicted felon with a known history of making false police reports and statements to police, is beyond comprehension. As I write these words, the heartbreak and disbelief are overwhelming

To arrest members of my family on unverified allegations—without a meaningful investigation—and then to communicate to other legal professionals that we are untrustworthy is unfounded, unethical, and injurious. Prosecutors are ethically bound under Texas Disciplinary Rule 3.09(f) and Rule 8.04(a)(3) to refrain from extrajudicial statements that heighten public condemnation or misrepresent facts, while law-enforcement officers are held to the Texas Commission on Law Enforcement Canons of Ethics, which require honesty, fairness, and respect for constitutional rights. We have provided verifiable documentation, including emails and recorded communications, demonstrating full cooperation and transparency. Nevertheless, the County Attorney's Office appears to have relied solely upon statements from Andrea Martin, Cody Lane Koelle, and Michael Allen Walker, despite their documented criminal records of making false statements to police and history of inconsistent statements, and despite our family's long standing record of integrity and professionalism.

All we have ever asked is that your investigation and reporting be conducted with fairness, honesty, and integrity. To disregard credible evidence and fail to engage with relevant parties risks concealing potential misconduct and undermines the very principles of justice and accountability that your office has sworn to uphold. Such actions not only harm those directly affected but also erode the public's trust in the institutions charged with protecting it.

Cody Lane Koelle has twice, within a span of less than six months, been arrested for criminal offenses involving false statements and reports to law enforcement. He has been found guilty of

these offenses and is currently a convicted felon. In September 2024, approximately six months before the arrests of my husband and son, Cody knowingly provided false information to police and impersonated a peace officer. He was subsequently prosecuted and found guilty of both charges, confirming a documented pattern of deception and disregard for the law. (Original court document attached)

THEREUPON, the Court finds the defendant Guilty of Interference with Law Enforcement, false report, in violation of K.S.A. 21-5904(a)(1)(C), a Class A nonperson misdemeanor; False Impersonation, in violation of K.S.A. 21-5917(a), a Class B nonperson

Six months later—only seven days after the arrests of my husband and son—Cody Lane Koelle once again made a false criminal accusation against another innocent individual, knowingly alleging conduct that never occurred. In doing so, he attempted to deprive yet another person of their freedom, reputation, and integrity, just as he had done to my husband and my son, and as he did when he provided false testimony under oath against my daughter. This ongoing pattern of deceit and misuse of the justice system underscores a deeply troubling lack of accountability and the serious consequences of allowing known offenders to manipulate legal processes for personal or retaliatory purposes. (Original Court Document Attached)

## COUNT ONE

On or about the 14th day of April, 2025, the above named defendant, within Ford County Kansas, did then and there contrary to the statutes of the State of Kansas unlawfully and knowingly falsely report to a law enforcement agency, to wit: Officer Cisco Soto of the Dodge City Police Department that a particular person has committed a crime, knowing that such information is false and intending that the officer or agency shall act in reliance upon such information. INTERFERENCE WITH LAW ENFORCEMENT ~ FELONY is a severity level 8 non-person felony in violation of the K.S.A. 21-5904(1)(A).

Section Violated: K.S.A. 21-5904(a)(1)(A)
Penalty Section: K.S.A. 21-5904(b)(2)(A)

It is deeply troubling that Cody Lane Koelle has accused my husband, a 77-year-old wheelchair-bound, physically disabled veteran who is battling cancer and confined to his bed and chair for most of the day, of being a threat. This accusation defies all logic, as my husband resides more than 700 miles away and poses no conceivable danger to anyone. Despite his age, frailty, and medical condition, he was nonetheless arrested and charged with First-Degree Felony Tampering with a Witness, a charge unsupported by any credible evidence or investigation.

Meanwhile, Cody Lane Koelle, who himself was arrested and pled guilty to a felony offense involving threats, is now an admitted and convicted felon. Yet, along with Michael Allen Walker, also a convicted felon, he appears to have been afforded extraordinary protection and credibility by the authorities—empowering both men to inflict devastating harm upon innocent individuals and our family. The stark contrast between how these known offenders have been shielded and how law-abiding, disabled, and elderly citizens have been treated raises serious concerns about fairness, accountability, and equal protection under the law. (Original Court Document Attached)

## COUNT TWO

On or about the 14th day of April, 2025, the above named defendant, within Ford County Kansas, did then and there contrary to the statutes of the State of Kansas unlawfully communicate a threat to commit violence with the intent to place another in fear, to-wit: Boot Hill Casino and Resort. **CRIMINAL THREAT** is a severity level 9 person felony in violation of K.S.A. 21-5415(a)(1).

---

## Formal Requests

1. **Written status report** on Criminal Complaint #2025-GC00208, identifying the assigned investigator, current disposition, and reason for delay.

2. **Written assurance** that the Sheriff's and County Attorney's Offices will provide ADA-compliant communication and updates accessible to both an elderly and an IDD complainant.

3. **Immediate referral** of the complaint and supporting evidence to an outside, conflict-free investigative body such as the Texas Rangers Public Integrity Unit, the Texas Department of Public Safety Criminal Investigations Division, or the FBI Civil Rights Division.

4. **Correction of the record** in my daughter's case to reflect that the testimony relied upon for her continued incarceration was materially false.

5. **Issuance of a formal letter of consent or certification of non-prosecution** from the Guadalupe County Attorney's Office for James Louis Roden Jr., confirming that no charges will be pursued and authorizing him to seek expungement of his record. This letter is requested to mitigate the irreparable professional and financial harm caused by an unjust First-Degree Felony arrest, to allow him to resume his career as an educator and community servant, and to restore his ability to provide for his wife and two children.

---

## Notice of Rights and Anti-Retaliation Protections

This communication is submitted as protected activity under federal and state law. Please note that any adverse or differential treatment in response to the filing of a complaint or request for accommodation is prohibited by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132 and § 12203), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and Texas Penal Code § 36.06 (retaliation). Federal courts have recognized that individuals are entitled to be free from retaliation for asserting statutory or constitutional rights, including in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), and *Hartman v. Moore*, 547 U.S. 250 (2006).* This notice is provided to preserve all protections available under these authorities and to ensure continued respectful, non-retaliatory communication. I ask that you please not retaliate against me, my husband, son or anyone else in my family for exercising my right to free speech.

Respectfully,
**Dolores Jane Roden**
Elderly/Disabled Complainant
Mother of Jamie Renee Walker

 League City, TX ▓▓▓

*Enclosures:*
– Sworn Criminal Complaint (June 26 2025)
– Notary Verification Letter and Log
– Proof of Case Receipt (pink slip #2025-GC00208)

*Advocate Disclaimer:*
*I am not an attorney and do not provide legal advice. I submit this correspondence solely in my capacity as a concerned mother, elderly citizen, and disabled family advocate, acting in good faith to protect the rights and welfare of my intellectually and developmentally disabled daughter and our family. I am an **e**lderly and disabled individual exercising my legal right to equal access to government programs, services, and justice under Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).*

*These laws guarantee that no qualified individual with a disability shall be excluded from participation in, denied the benefits of, or subjected to discrimination by any public entity. The U.S. Supreme Court's decision in Tennessee v. Lane, 541 U.S. 509 (2004) affirms that individuals with disabilities are entitled to equal and meaningful access to the courts and all related judicial and administrative processes. This correspondence is therefore submitted under those protections, in good faith, and for the purpose of ensuring transparency, accountability, and equal treatment under the law.*

**8 attachments**



**Case Filing Proof.jpeg**
2931K

**Exhibit A - Cody and Shelby Sworn Affidavit Nov. 2024 and Verification Letter form Notary - Copy.pdf**
983K

**Dolroes Jane Roden Criminal Complaint against Cody Lane Koelle June 26th 2025 - Copy.pdf**
13702K

**PN-2024-CR-000121 - Order of Probation.pdf**
970K

**FO-2025-CR-000203 - Information April 14t False Report of a Crime.pdf**
344K

**PN-2024-CR-000121 - Complaint - C Koelle.pdf**
746K

**PN-2024-CR-000121 - Journal Entry of Diversion Revocation - revoked placed on Probation 6 mo. (2).pdf**
125K

**Shelby AffidavitI May 29t 2025 via Kimberely Kennedy - Copy.pdf**
1332K

**Jane Roden** < ▓▓▓▓▓▓▓▓ >                                    Tue, Oct 21, 2025 at 4:11 PM
To: j.ray▓▓▓▓▓▓▓, tarinna.skrzyck▓▓▓▓▓▓▓▓, kelly.mann▓▓▓▓
jonathan.amdu▓▓▓▓▓▓▓▓, dwillbor▓▓▓▓▓▓▓, zachary▓▓▓▓
Cc: jrwilsoniii▓▓▓▓▓

Dear Sheriff Ray, Mr. Amdur, Mr. Willborn, Ms. Skrzycki, Ms. Mann, and Mr. Bidner,

On October 11, 2025, I sent the attached "Formal Notice Regarding Criminal Complaint #2025-GC00208," outlining evidence of perjury by Cody Lane Koelle and requesting (1) a written status, (2) ADA-compliant updates, (3) referral to an outside, conflict-free agency, (4) record correction in my daughter's matter as it relates to her bond hearing, and (5) a letter of consent/non-prosecution for my son. I have not received any response which is evidence of Deliberate Indifference as you have chosen not to respond or act on credible violations of civil rights and ADA violations, everyone receiving my email has a duty to respond, your failure to investigate is a violation of due process and all these ignored emails providing testimony and evidence seem to be a pattern of practice by Guadalupe County Attorney's and Sheriff's Office.

I am submitting additional evidence that further confirms Cody Lane Koelle committed aggravated perjury during the June 18, 2025 bond hearing for my daughter, Jamie Renee Walker. The following materials and facts substantiate this allegation:

1. **Signature Comparison:** The signature on Cody Koelle's Kansas probation form matches the signature on his November 15, 2024 sworn affidavit—the same affidavit now verified by notary verification letter confirming Cody personally signed it. (see attached verification letter). This comparison disproves his claim that he never signed the November affidavit that was stated under oath on June 18th, 2025 at Jamie Renee Walker bond hearing. Cody was able to convince Judge Steel that wasn't his signature, yet here he is signing exactly the same way he signed his probation notice form in Kansas that is his court record. Mr. Bidner why haven't you filed a motion to Strike Cody as a witness (Motion in Limine)?

2. **Court Transcript Evidence:** I request that the official court reporter's transcript from the June 18, 2025 bond hearing be reviewed. During this hearing, Cody Koelle made materially false statements under oath, directly contradicting his prior sworn affidavit and recorded statements which includes Cody stating that he didn't sign the November 15th, 2024 notarized sworn affidavit. Assistant County Attorney Jonathan Amdur was present and heard these false statements firsthand, satisfying the knowledge requirement for aggravated perjury under Tex. Penal Code § 37.03.  Judge Steel, Court Bailiff, Court Reporter, Sunny Middleton (Public Defender) were all present and heard it.

**Cody Signature on November 15ᵗʰ, 2024 Affidavit**





**Cody Signature on September 2025 Probation Document**



Cody pled guilty to these offenses and is currently serving a one-year term of probation for his crimes. His conduct in both the September 2024 incident—where he lied to law enforcement, obstructed justice, and impersonated a police officer—and the April 2025 incident—where he filed a false police report against an innocent citizen—demonstrates a clear pattern of deceit and manipulation. These are the very same types of offenses he has now committed against my husband and my daughter by lying under oath. Despite this

**established pattern and the existence of verifiable evidence, the Guadalupe County Sheriff's Office continues to refuse to investigate his actions.**

**Prior Evidence Provided and collected by Officer Reamer and in her case file a full year prior to false accusation against my son James Louis Roden Jr.:**

- The April 4, 2024 video interview between Shelby Jane Koelle and Officer Elaine Reamer, where Shelby stated that both she and her mother were victims of Michael Walker's abuse, long before my son's April 7th, 2025 arrest warrant by Officer Reamer.

  **This is from the Doctors Forensic report on file in Jamie Renee Walker court CASE NO. 24-1775-CR-B long before Officer Reamer's arrest warrant affidavit against my son.**

Police interview video of victim (Investigator Elaine Reamer), dated 4/4/2024, this video is of the investigator and the victim in the case. The victim stated she was threatened with physical violence by Michael Walker if she told police the two were having sex. The victim stated her mother was never involved in any sexual activity. The victim stated that Ms. Walker was afraid of Mr. Walker and that she never knew what was happening to her.

- April 6, 2024 text messages from Shelby to Officer Reamer (sent from Hope House's phone Carmen) where she independently wrote that her mother was innocent. My son forwarded these messages, along with screenshots of Shelby's texts, to Officer Reamer that same week. These materials were in Officer Reamer's possession a full year before the false tampering allegations against my son and husband.

*Text Messages from my James Louis Roden Jr (Phone and text messages preserved for evidence)*





Reamer 3.png

**This Text Message is a screen shot provided to Officer Reamer on April 8th, 2024 by James Louis Roden Jr. to Officer Reamer:**



Reamer 7.png

Reamer 8.png

On March 26, 2025, James Louis Roden Jr. sent an email to the Guadalupe County Attorney's Office, specifically addressed to Jessica Johnson (jessica.johnson████████████, Jonathan Amdur (jonathan.amdur███████.gov), Maritza Stewart (maritza.stewart█████████), Ileen Rangel (ileen.rangel█████████, and David Willborn (dwillborn███████████). In that correspondence, **my son clearly requested that the County or the Court appoint a Guardian Ad Litem for Shelby Jane Koelle**, citing her intellectual disability and need for professional representation. He also informed the recipients that he was formally stepping down from his role as family advocate to promote neutrality and to protect his family from potential retaliation by Cody Lane Koelle, whose conduct had become increasingly threatening. No reasonable officer could have concluded that an individual seeking judicial oversight, professional assistance, and a neutral guardian ad litem—while voluntarily withdrawing himself from involvement—was attempting to tamper with a witness. Rather, his actions demonstrated integrity, transparency, and concern for Shelby's well-being and in true advocate fashion. The record is clear that Shelby consistently stated to me and to multiple officials that both she and her mother were victims of Michael Walker's abuse and that they lived in fear. These were her own words, not fabricated or coerced by my son or anyone in our family, and the documentary evidence reflects exactly that.

**Clips from the March 26th, 2025 Email sent to Jonathan Amdur, Jessica Johnson, David Wilborn, Ileen Rangel and Maritz Stewart):**

March 26th Email to Guadalupe County Attorney's Office 3.jpg

**What reasonable officer would ever come to this conclusion?**

Officer Reamers credentials .jpg

Despite this record, my son (James Roden Jr.) and husband (James Roden Sr.) remain wrongfully accused. Both are men of honor—one a 20-year educator, minister, author and **country singer**, the other a disabled Army veteran, whose reputations, livelihoods, and families have been devastated by a baseless prosecution sustained through omissions, inaction and outright lies.

Disregarding the intellectual and developmental disabilities (IDD) of both Shelby and Jamie is deeply unjust **(see attached emails from June 2024)**. Shelby now faces the unbearable burden of raising two children, with one due in just a few weeks, while also battling a recent cancer diagnosis of the unborn child. I'm certain this is because of the trauma by being forced into homelessness by Cody and Andrea, after being locked out of her established residence by a protective order issued by Cody and Andrea with the help of Michael Allen Walker defense attorney's, and then placed into the care of a known drug dealer by Cody and Andrea by personally dropping her off at Jesse Cole residence.



My son, a teacher and mandated reporter, did what the law requires—on April 1st, 2025, he filed a report and provided a recorded phone call in which Cody admitted Shelby was being used for sex, by Jesse Cole. Instead of investigating and protecting Shelby, who is both IDD and a documented witness under protection by the Guadalupe County Sheriff's Office, they arrested my son on false charges. This is textbook retaliation for engaging in protected ADA activity. The system placed Shelby in harm's way, shielded Cody, a felon known for making false reports to law enforcement, and punished a veteran educator, minister, and lifelong advocate for doing what was right. I can't stop crying—the pain is unbearable. Please, stop this abuse to my innocent son and husband and recognize the fact that both Shelby and Jamie are both documented IDD individuals who should have their ADA rights protected not tarnished.

**Here are clips from my son's April 1st, 2025 mandated report.**

📷April 1st Email 1 - Copy.jpg

Shelby, who has Intellectual and Developmental Disabilities (IDD) and receives Social Security Disability benefits, has been living with her brother, Cody, and his wife, Andrea, in Kansas since August 1st, 2024. Despite knowing Shelby's condition, Cody and Andrea allowed a man named Jesse to move into their home. They permitted Jesse to sleep in the same room with Shelby, and Cody has openly stated that he was aware Jesse was using Shelby for sex, claiming that the relationship would not last long. It is now believed that Shelby is pregnant for a second time, potentially as a result of exploitation due to her disability, an issue that both Cody and Andrea had a responsibility to protect her from.

April 1st Email 3.jpg
Thank you for your attention to this serious matter.

Sincerely,
James Louis Roden Jr.

P.S. Again, I ask that my identity remain anonymous as I do not wish to expose my wife and children to retaliation or harm, and I wish to distance myself from my sister's case and her children going forward as this is beyond my ability to advocate effectively.

Six days after making this report, my son was arrested and charged with first-degree felony witness tampering. Officer Reamer alleged that he coerced Shelby into saying her mother was innocent—an accusation that defies logic and fact. Shelby had consistently stated her mother's innocence to Officer Reamer, Ileen Rangel, other members of the County Attorney's Office, and our family for over a year and prior to my son being requested to be an advocate for Shelby. How could he have coerced her into repeating a statement she had already made repeatedly and publicly long before he ever discussed it with her? My son's only action was to report Shelby's statements and urge the County Attorney's Office to speak with her directly after she reached out to him for help reestablishing contact following her failed attempts to reach Guadalupe County officials on her own. Despite the repeated emails and phone call attempts, my son was unsuccessful in getting anyone from the County Attorney's office to pick up the phone and attempt to have a discussion about the situation, instead they just arrested him. Please see this clip by Sheriff Ray where he states that having simple conversations is Biblical and that anyone can openly speak and have conversations with him and anyone in his office, yet all I get along with my son and husband is complete silence. **Click here to see Sheriff Ray make this statement.**

The arrest devastated his life—he lost his job, depleted his life savings to post bail and hire counsel, and continues to struggle to find meaningful employment to support his family. On two separate occasions, he requested that the court appoint a qualified professional to protect Shelby's rights, yet no action was taken. The County Attorney's Office remains fully aware of his ongoing suffering under this false charge but continues to ignore the evidence and refuses to correct the record, preventing him from clearing his name and providing for his family. Just more proof of retaliation and harm to my family.

To knowingly allow this injustice to continue, despite full evidentiary awareness, constitutes deliberate indifference under the Fourteenth Amendment's Due Process Clause and violates the Equal Protection Clause by selectively shielding a convicted felon (Cody Lane Koelle and Michael Allen Walker) while criminalizing two innocent men (James Louis Roden Jr and James Louis Roden Sr), one for reporting abuse, saving the life of an IDD victim and advocating for justice.

The ongoing harm continues to cause me severe emotional distress. The continued prosecution against my husband has inflicted significant emotional strain on him, diminishing his quality of life and preventing us from fully enjoying our marriage. This added stress may be the result of his death as it has exacerbated his medical condition. He remains subject to restrictive bond conditions despite the absence of an indictment and the prolonged delay in granting his requested examining trial. I implore each of you to act with integrity, correct the record, and move swiftly to give my son's life back by allowing him to apply for immediate expungement. Justice delayed is justice denied. It appears the County has established a troubling pattern of retaliating against citizens through false or exaggerated charges when they speak out against misconduct or abuse. I sincerely pray that such actions are not taken against me or anyone in my family for exercising my right to report and seek justice.

As an 83-year-old disabled complainant, I respectfully request a **written status update within three (3) business days** identifying the assigned investigator, current disposition, and reasons for delay, and confirming ADA-compliant communication going forward. Continuing to ignore me is Deliberate Indifference.

May you find the courage and faith to do what is right in the eyes of God and under the law.

Respectfully,
**Dolores Jane Roden**
Complainant / Witness
████████ | ██████████████

**Accountability & Record Preservation Notice:**

*This communication is submitted in good faith to ensure accuracy, transparency, and accountability in all official matters referenced herein. All recipients are respectfully requested to preserve this correspondence and any related materials as part of the official record, consistent with state and federal requirements for record retention, due process, and accessibility under the Americans with Disabilities Act (ADA). This notice is not adversarial in nature; it is intended solely to promote full cooperation, fair review, and the proper correction of any misunderstanding or error.*

[Quoted text hidden]

---

**6 attachments**



**November 15th, 2024 -Photo-Cody Signed Affidavit.JPG**
141K

**Notary Verification Letter Sandra Rodriguez June 23rd 2025.pdf**
294K

**EXR-MA~1.PDF**
136K

**EXT-AP~1.PDF**
200K

**EXD-JU~1.PDF**
318K

**EXC-JU~1.PDF**
315K



## RE: **EXTERNAL** PIA Request for Criminal Complaint #2025-GC00208

**Jane Roden** <████████████████████>                         Wed, Nov 12, 2025 at 1:40 PM
To: "shared-so.openrecords" <so.openrecords████████████>, j.ray███████████v, kelly.mann██████████
tarinna.skrzycki████████████v, joel.machos████████

Dear Public Information Officer, Sheriff Ray, Sgt. Mann, Captain MacHost, Chief Deputy Skrzycki-Pfiel,

Thank you for providing the offense report for Case #2025-GC00208-000. After reviewing the document, I noted that the "Nature of Complaint" field lists this matter as "Civil."

This classification appears to be incorrect. The complaint I originally submitted on June 26, 2025 and August 26th,2025 , was explicitly titled "Formal Criminal Complaint Against Cody Lane Koelle," and was sworn, signed, and notarized under penalty of perjury. The filing cited specific criminal statutes, including Texas Penal Code §§ 37.03 (Aggravated Perjury), 37.08 (False Report), and 37.10 (Tampering with Government Record), and requested an official *criminal investigation and prosecution.*

Accordingly, please confirm:

1. Whether this complaint was internally reclassified from "Criminal" to "Civil," and if so, who made that determination and on what date;

2. Whether any criminal investigator within the Guadalupe County Sheriff's Office or the Criminal Investigation Bureau was assigned to review or act upon the complaint; and

3. Whether a corrected case record will be issued reflecting its proper designation as a criminal complaint.

This misclassification directly affects how the complaint was processed, routed, and closed. Under Tex. Gov't Code §§ 552.108(c) and 552.022(a)(1), I respectfully request public documentation explaining how and when this reclassification occurred, including any internal correspondence or disposition entries that record the change.

To ensure clarity and transparency, I will be attaching the certified transcript of the June 18, 2025, bond hearing, which proves beyond any reasonable doubt that Cody Lane Koelle committed aggravated perjury by providing knowingly false testimony that falsely implicated a teacher, a disabled veteran, and an intellectually disabled domestic violence victim. His perjury on the stand and repeated false reports to law enforcement have directly caused the destruction of an entire family, the loss of professional careers, and the deprivation of liberty. The resulting economic impact from his false statements exceeds several million dollars, alongside severe emotional and physical suffering endured by those affected.

As an elderly and disabled complainant, I request reasonable accommodation under the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

Thank you for your prompt attention to this matter.

Respectfully,
Dolores Jane Roden

P.S.
You arrested my husband and my son—both law-abiding citizens with no criminal record—based solely on the words of a known criminal, Cody Lane Koelle, the same individual implicated in the April 1, 2025 mandated report of sexual exploitation filed by my son, James Louis Roden Jr. A devoted teacher, minister, author, and country music singer, James Jr. was the original reporter who exposed the second sexual exploitation of Shelby Jane Koelle and sought protection for her under the law. Yet only six days later, the very person who reported that abuse was arrested—based on the retaliatory statements of the man accused in his report and by the same officials who had allowed the exploitation to occur. My son was also the one who had previously rescued Shelby from the abuse of Michael Allen Walker. My husband, James Louis Roden Sr., is a devoted husband, father, and 25-year U.S. Army veteran who served his country honorably in Vietnam.

Despite their lifelong records of service and integrity, they were both arrested without any independent investigation or corroborating evidence—simply because Cody's false statements fit a convenient narrative. Yet no matter how much evidence is now presented proving Cody's perjury, your office continues to shield and protect him. His lies have destroyed

the lives of innocent people and appear to have been used to help an accused rapist receive a reduced sentence in the aggravated sexual assault case involving my IDD granddaughter.

In four months, Michael Allen Walker will be eligible for parole and free to walk the streets, while you continue to pursue first-degree felony charges that carry potential sentences of 99 years against my husband and son—both innocent men—based on unverified verbal accusations.

I will pray for you and your department, asking Jesus Christ to lead you toward truth and justice. I wish you good health, peace, and wisdom, and hope that you and your families never have to endure what mine has suffered through silence, false arrest, and injustice.

Sheriff Ray, you have often said that conversations grounded in Scripture can resolve most problems. Yet there has been no conversation—only silence, indifference, and the persecution of those who sought to protect the vulnerable.

**Cody Signature on November 15th, 2024 Affidavit**





**Cody Signature on September 2025 Probation Document**

**Attached:**

**L-009 June 18th, 2025 Certified Transcript of Bond Hearing (Undeniable proof of aggravated perjury)**
**E-008 June 23rd, 2025 - Notary Verification Letter and Copy of Logbook entry (proof Cody Lane Koelle signed November 2024 affidavit)**
**A-004 Arrest Charge Cody Lane Koelle April 14th, 2025 (Filed a false report to LEO against an innocent citizen attempting to deprive the citizen of their liberty along with felony threat)**
**A-005 Arrest Charge Cody Lane Koelle September 27th, 2024 (False statement to LEO, impersonating a police officer, red and blue lights on his vehicle)**
**A-006 Mugshot and Arrest of Cody Lane Koelle April 14th, 2025 in Dodge City Kansas (Ford County)**

**A-007 Police Report Pawnee County Kansas**
**L-001 June 26th 2025 Original Criminal Complaint against Cody Lane Koelle**

[Quoted text hidden]

---

**8 attachments**

 **L-009 June 18th, 2025 Bond Hearing Certified Transcript - Copy.pdf**
99K

**E-008 June 23rd 2025 - Notary Verification Letter Sandra Rodriguez and Notary Log.pdf**
294K

**A-007 Police Report Cody Lane Koelle September 27th 2024.pdf**
1024K

**A-006 Mugshot Arrest Cody Lane Koelle April 14th, 2025.pdf**
119K

**A-004 Arresting Charge Cody Lane Koelle April 14th 2025.pdf**
344K

**A-005 Arrest Charge Cody Lane Koelle September 27th, 2024.pdf**
746K

**L-001 June 26th 2025 Dolroes Jane Roden Criminal Complaint against Cody Lane Koelle.pdf**
13702K

**B-024 Apr 1, 2025 - Report of Shelby's New Exploitation Ignored by DA and CPS, Followed by Retaliatory Arrest.pdf**
200K

 Gmail

**Jane Roden** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## RE: **EXTERNAL** PIA Request for Criminal Complaint #2025-GC00208

**shared-so.openrecords** <so.openrecords▮▮▮▮▮▮▮▮▮▮▮>                    Thu, Nov 13, 2025 at 1:04 PM
To: Jane Roden ▮▮▮▮▮▮▮▮▮▮▮
Cc: Joshua Ray <j.ray▮▮▮▮▮▮▮▮▮▮▮, Tarinna Skrzycki <tarinna.skrzycki▮▮▮▮▮▮▮▮▮▮▮, Joel Machost
<joel.machos▮▮▮▮▮▮▮▮▮▮▮, Kelly Mann <kelly.mann▮▮▮▮▮▮▮▮▮▮▮

Good afternoon, Ms. Roden,

Upon further research within the new reporting database, a supplemental report was located and is attached for your
review.

Within this document is a notation that a packet including the documentation and complaint was forwarded to the
Guadalupe County Attorney's Office on Wednesday, September 24, 2025. You may contact that agency for any questions
or concerns you have regarding this case.

Thank you for your consideration.

Respectfully,

**Open Records**

Guadalupe County Sheriff's Office

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Seguin, TX ▮▮▮▮▮

**so.openrecords**▮▮▮▮▮▮▮▮▮▮▮

**From:** Jane Roden ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, November 12, 2025 1:40 PM
**To:** shared-so.openrecords <so.openrecords▮▮▮▮▮▮▮▮▮▮▮; Joshua Ray <j.ray▮▮▮▮▮▮▮▮▮▮▮; Kelly
Mann <kelly.mann▮▮▮▮▮▮▮▮▮▮▮; Tarinna Skrzycki <tarinna.skrzycki▮▮▮▮▮▮▮▮▮▮▮; Joel Machost
<joel.machost▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Re: **EXTERNAL** PIA Request for Criminal Complaint #2025-GC00208

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments
> unless you recognize the sender and know the content is safe.

Dear Public Information Officer, Sheriff Ray, Sgt. Mann, Captain MacHost, Chief Deputy Skrzycki-Pfiel,

Thank you for providing the offense report for Case #2025-GC00208-000. After reviewing the document, I noted that the "Nature of Complaint" field lists this matter as "Civil."

This classification appears to be incorrect. The complaint I originally submitted on June 26, 2025 and August 26th,2025 , was explicitly titled "Formal Criminal Complaint Against Cody Lane Koelle," and was sworn, signed, and notarized under penalty of perjury. The filing cited specific criminal statutes, including Texas Penal Code §§ 37.03 (Aggravated Perjury), 37.08 (False Report), and 37.10 (Tampering with Government Record), and requested an official *criminal investigation and prosecution.*

Accordingly, please confirm:

1. Whether this complaint was internally reclassified from "Criminal" to "Civil," and if so, who made that determination and on what date;
2. Whether any criminal investigator within the Guadalupe County Sheriff's Office or the Criminal Investigation Bureau was assigned to review or act upon the complaint; and
3. Whether a corrected case record will be issued reflecting its proper designation as a criminal complaint.

This misclassification directly affects how the complaint was processed, routed, and closed. Under Tex. Gov't Code §§ 552.108(c) and 552.022(a)(1), I respectfully request public documentation explaining how and when this reclassification occurred, including any internal correspondence or disposition entries that record the change.

To ensure clarity and transparency, I will be attaching the certified transcript of the June 18, 2025, bond hearing, which proves beyond any reasonable doubt that Cody Lane Koelle committed aggravated perjury by providing knowingly false testimony that falsely implicated a teacher, a disabled veteran, and an intellectually disabled domestic violence victim. His perjury on the stand and repeated false reports to law enforcement have directly caused the destruction of an entire family, the loss of professional careers, and the deprivation of liberty. The resulting economic impact from his false statements exceeds several million dollars, alongside severe emotional and physical suffering endured by those affected.

As an elderly and disabled complainant, I request reasonable accommodation under the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

Thank you for your prompt attention to this matter.

Respectfully,
Dolores Jane Roden

P.S.
You arrested my husband and my son—both law-abiding citizens with no criminal record—based solely on the words of a known criminal, Cody Lane Koelle, the same individual implicated in the April 1, 2025 mandated report of sexual exploitation filed by my son, James Louis Roden Jr. A devoted teacher, minister, author, and country music singer, James Jr. was the original reporter who exposed the second sexual exploitation of Shelby Jane Koelle and sought protection for her under the law. Yet only six days later, the very person who reported that abuse was arrested—based on the retaliatory statements of the man accused in his report and by the same officials who had allowed the exploitation to occur. My son was also the one who had previously rescued Shelby from the abuse of Michael Allen Walker. My husband, James Louis Roden Sr., is a devoted husband, father, and 25-year U.S. Army veteran who served his country honorably in Vietnam.

Despite their lifelong records of service and integrity, they were both arrested without any independent investigation or corroborating evidence—simply because Cody's false statements fit a convenient narrative. Yet no matter how much evidence is now presented proving Cody's perjury, your office continues to shield and protect him. His lies have destroyed the lives of innocent people and appear to have been used to help an accused rapist receive a reduced sentence in the aggravated sexual assault case involving my IDD granddaughter.

In four months, Michael Allen Walker will be eligible for parole and free to walk the streets, while you continue to pursue first-degree felony charges that carry potential sentences of 99 years against my husband and son—both innocent men—based on unverified verbal accusations.

I will pray for you and your department, asking Jesus Christ to lead you toward truth and justice. I wish you good health, peace, and wisdom, and hope that you and your families never have to endure what mine has suffered through silence, false arrest, and injustice.

Sheriff Ray, you have often said that conversations grounded in Scripture can resolve most problems. Yet there has been no conversation—only silence, indifference, and the persecution of those who sought to protect the vulnerable.

**Cody Signature on November 15th, 2024 Affidavit**





**Cody Signature on September 2025 Probation Document**

[Quoted text hidden]
[Quoted text hidden]

---

📄 **2025-GC00208 Supplemental Report.pdf**
187K

 **Gmail**                                           **Jane Roden <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>**

## RE: **EXTERNAL** PIA Request for Criminal Complaint #2025-GC00208

**Jane Roden** <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>                    Thu, Nov 13, 2025 at 4:35 PM
To: "shared-so.openrecords" <so.openrecord▮▮▮▮▮▮▮▮▮▮▮>
Cc: Joshua Ray <j.ray▮▮▮▮▮▮▮▮▮▮▮▮>, Tarinna Skrzycki <tarinna.skrzycki▮▮▮▮▮▮▮▮▮▮▮>, Joel Machost
<joel.machos▮▮▮▮▮▮▮▮▮▮▮>, Kelly Mann <kelly.mann▮▮▮▮▮▮▮▮▮▮▮>

Dear Public Information Officer, Sheriff Ray, Sgt. Mann, Captain Machost, and Chief Deputy Skrzycki-Pfiel,

Thank you for providing the recent supplemental report associated with Criminal Complaint #2025-GC00208. After reviewing the materials, I would appreciate clarification on several points to ensure the accuracy of the official record.

First, the supplemental document indicates that Sergeant Elaine Reamer "reviewed" the complaint and forwarded a "packet" to the County Attorney's Office. However, the report does not indicate whether any investigator was assigned, whether any evidence was evaluated, or whether the statutory allegations listed in my sworn and notarized complaint were examined under Texas Penal Code §§ 37.03, 37.08, and 37.10.

Because this is a formal criminal complaint supported by notarized documents, certified transcripts, and publicly verified arrest records, I want to ensure that it is being processed consistent with standard procedures for felony-level allegations. I respectfully request clarification on the following:

1. Whether the complaint has now been assigned to an investigator within the Criminal Investigation Division, and if so, the name of that investigator.

2. Whether the case classification has been corrected to reflect its status as a criminal complaint rather than a civil matter, as the misclassification appeared to affect how the report was initially routed and closed.

3. Whether the "Cleared – Report Taken" disposition date of September 13, 2025 will be corrected, given that the complaint submitted on that date contained none of the exhibits, affidavits, or evidence included in my subsequent sworn filings.

4. Whether the forwarded "packet" contained all of the attachments listed in my November 12th email, including the certified June 18, 2025 transcript showing aggravated perjury, the notarized verification letter, and the arrest records establishing prior false reports to law enforcement.

Because accurate classification and routing determine how criminal complaints are handled and preserved, it is important to me that the record accurately reflects the nature of the filing, the supporting evidence, and the investigative steps taken. As an elderly and disabled complainant, I also reiterate my request for a reasonable ADA accommodation under 42 U.S.C. § 12132 and Section 504 to ensure communication is clear and accessible.

I appreciate your time and attention to these questions and look forward to your clarification so that I may understand the current status of my sworn complaint and how it is being processed.

Respectfully,
Dolores Jane Roden

[Quoted text hidden]



**Jane Roden** ████████████████████████████████

---

## RE: **EXTERNAL** PIA Request for Criminal Complaint #2025-GC00208

---

**shared-so.openrecords** <so.openrecords█████████████████>          Thu, Nov 13, 2025 at 4:51 PM
To: Jane Roden <doloresjaneroden█████████████████>
Cc: Joshua Ray <j.ra██████████████████, Tarinna Skrzycki <tarinna.skrzycki███████████████████, Joel Machost
<joel.machos████████████████████, Kelly Mann <kelly.mann█████████████████

Ms. Roden,


The Guadalupe County Attorney's Office will be the agency to better assist with answering your questions that are listed
below. They would be conducting the investigation not the Guadalupe County Sheriff's Office for the criminal offense that
you are alleging. Any documents that you have provided have been forwarded to that office by Sgt. Reamer per her
supplement.


This request is to be closed due to the agency for this request would be the Guadalupe County Attorney's Office.



Respectfully,



**Open Records**

Guadalupe County Sheriff's Office

████████████████████████

Seguin, TX ██████

**so.openrecords**████████████████

---

**From:** Jane Roden ████████████████████████████████
**Sent:** Thursday, November 13, 2025 4:35 PM
**To:** shared-so.openrecords <so.openrecords█████████████████>
**Cc:** Joshua Ray <j.ray██████████████████>; Tarinna Skrzycki <tarinna.skrzycki███████████████████>; Joel Machost
<joel.machost████████████████████; Kelly Mann <kelly.mann█████████████████
**Subject:** Re: **EXTERNAL** PIA Request for Criminal Complaint #2025-GC00208

---

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments
> unless you recognize the sender and know the content is safe.

Dear Public Information Officer, Sheriff Ray, Sgt. Mann, Captain Machost, and Chief Deputy Skrzycki-Pfiel,



# Guadalupe County Sheriff's Office

**Incident Report**

| Incident Number: | 2025-GC00208-002 |
| Reporting Officer: | Reamer, Elaine (1301) |
| Report Time: | 08/26/2025 12:16 |

| | | | |
|---|---|---|---|
| Report Location: | **211 W COURT ST, SEGUIN TX 78155** | | |
| Incident Nature: | **Civil** | Report Date: | **9/25/2025** |
| Disposition: | **Cleared-Cleared** | Disposition Date: | **9/13/2025 12:17:15 PM -05:00** |
| Clearance: | **[RPT] Report Taken** | Report Type: | **Incident** |
| Contact: | | Received By: | **DOLRES RODENT** |
| First Approval By: | **Shockley, Robert (1300)** | First Approval Date: | **9/25/2025** |
| Second Approval By: | | Second Approval Date: | |

**Page 1**

On Friday, 9/19/12025, I was given the report by Deputy Bonner and the complaint he received from the Roden family.

I reviewed the complaint.

On Monday, 9/22/2025, I created a packet to have the reports and complaint forwarded to the lead prosecutor of the investigation.

On Wednesday, 9/24/2025, the packet was transported to the Guadalupe County Attorney's Office by Investigator Roseland. I have attached the property receipt to this supplement.

**NFAT**

**Sgt. Elaine M. Reamer #1301**

## Officers

| | |
|---|---|
| Name: | **Reamer, Elaine 1301** |
| Assigned By: | **Reamer, Elaine (1301)** |

Date: **09/25/2025**    **Primary**

Title:

Type:

Desc: