IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00081-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
| *Defendants*. | § | |

---

**DEFENDANT REAMER'S REPLY IN SUPPORT
OF THE (12)(b)(6) MOTION TO DISMISS**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant **Guadalupe County Sergeant Elaine Michelle Reamer** ("Sgt. Reamer") now

files this Reply in Support of her Motion to Dismiss Plaintiff James Louis Roden Sr.'s First

Amended Complaint (Dkt. 13). In support, Sgt. Reamer would show the Court as follows:

## I.    ARGUMENTS & AUTHORITIES

**A. Plaintiff's Response confirms that Sgt. Reamer is entitled to qualified immunity as well as the protections of the independent intermediary doctrine for all of Plaintiff's claims of false arrest or malicious prosecution.**

**a.    Plaintiff fails to plead facts that show that the arrest warrant was facially deficient under *Malley*.**

1.      Plaintiff's Response cherry picks from Texas Penal Code § 36.05 and § 1.07(9) in an effort to argue that the affidavit did not establish "coercion" or identify a threat.[1] While the elements of a statute are relevant to a probable cause determination, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."[2] An affidavit must merely present relevant "facts and circumstances" so that a judge can independently determine whether probable cause exists that a law was violated.[3]

2.      Contrary to Plaintiff's characterization, the affidavit did not merely allege that Plaintiff "ask[ed] a person to sign an affidavit" or "request that a witness provide or sign a statement."[4] Rather, Sgt. Reamer averred that: (1) she received documentation from the Guadalupe County Attorney's Office that originated from Michael Walker's attorneys; (2) in an affidavit attributed to Cody, Cody stated that Plaintiff told him that if he lost $40,000.00, "he going to come don (sic) cracking hard"; (3) Cody's wife reported that she and Cody feared retaliation from Jamie's family if they did not cooperate with the family's demands; and (4) the County Attorney's Office advised Sgt. Reamer that Cody had repeatedly reported that Plaintiff threatened to have his children removed through Child Protective Services if Cody did not side with Jamie Walker and sign the

---

[1] *See* TEX. PENAL CODE § 1.07(9).
[2] *Adams v. Williams*, 407 U.S. 143, 149 (1972).
[3] *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).
[4] Pl.'s Resp. in Opp'n to Reamer's 12(b)(6) Mot. to Dismiss, Dkt. 16, at 5.

affidavits that had been sent to him.[5] Additionally, the affidavit explained that Sgt. Reamer reviewed Cody and Andy's affidavits as well as spoke with the Guadalupe County Attorney's Office before determining that there was enough evidence for probable cause to believe Plaintiff violated Texas Penal Code § 36.05(a).[6] Given the facts in the affidavit outlined above, the affidavit is not "conclusory" or "bare bones," and contains facts from which probable cause existed.[7]

> **b. Plaintiff's purported "material omissions" and "false statements" are illusory. Plaintiff's *Franks* challenge on the truthfulness of the warrant affidavit fails to vitiate the protections of the independent intermediary doctrine.**

3.      Plaintiff's Response and Complaint assert that the affidavit supporting Plaintiff's arrest allegedly omitted or misstated numerous items of information.[8] The majority of these purported omitted items are plainly irrelevant to the magistrate's probable-cause determination.[9] For example, Plaintiff points to his disability, his alleged role as a family supporter or disability advocate, the April 1, 2025 mandated report submitted by James Jr., the defense-connected source of the allegation, later complaints about Cody's credibility, and post-arrest developments.[10]

4.      With respect to Plaintiff's remaining *Franks* arguments, Plaintiff simply offers his own account of what happened and nit-picks the evidence. For example, Plaintiff argues that Cody's

---

[5] Ex. A to Pl.'s 1st Amend. Compl., Dkt. 13.1, at 4.

[6] *Id.* at 4; *see, e.g.*, *Tinoco v. City of Hidalgo*, No. 23-40543, 2025 WL 655079, at *5 (5th Cir. Feb. 28, 2025).

[7] *See Kaley v. United States*, 571 U.S. 320, 338 (2014) ("Probable cause, we have often told litigants, is not a high bar."); *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (noting that "'[b]are bones' affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause").

[8] Pl.'s 1st Amend. Compl., Dkt. 13, ¶¶ 44–53; Pl.'s Resp. in Opp'n to Reamer's 12(b)(6) Mot. to Dismiss, Dkt. 16, at 9–12.

[9] *See, e.g.*, *Powell v. State*, No. 02-19-00206-CR, 2021 WL 5370163, at *65 (Tex. App.—Fort Worth Nov. 18, 2021, pet. ref'd) (holding plaintiff's criminal history irrelevant to the magistrate's determination of probable cause to search plaintiff's home for evidence of a gruesome murder of plaintiff's former fiancée).

[10] Pl.'s 1st Amend. Compl., Dkt. 13, ¶¶ 50–52; Pl.'s Resp. in Opp'n to Reamer's County's 12(b)(6) Mot. to Dismiss, Dkt. 16, at 9–12.

---

affidavit did not use Plaintiff's full legal name, that the March 4 petition used the word "granddad," that the petition was filed against Jamie rather than Plaintiff, that the $40,000 reference was vague, and that Cody and Andrea were unreliable[11]—all of which are merely self-serving testimony, not exculpatory evidence.[12]

5.       Putting aside these immaterial complaints, Plaintiff ignores much of the other evidence that does directly accuse Plaintiff. Cody stated that Jamie's side of the family had been "harassing" him to sign an affidavit, and specifically identified "My uncle, James, my aunt, Kimberly and my grandfather on Jamie's side" as repeatedly contacting him and his wife to sign the statement. Andrea likewise stated that Cody was being harassed to sign affidavits she believed were not true, that she believed Shelby's uncle drafted them, and that she and Cody feared Jamie's family would retaliate by calling CPS if they did not cooperate.[13] Cody further stated that his "granddad" threatened that if he lost $40,000, he was going to "come [down] cracking hard."[14] The probable cause affidavit expressly refers to those materials and stated that Sgt. Reamer had been "receiving documentation from the Guadalupe County Attorney's Office that they had received from Michael Walker's attorneys."[15]

6.       Ultimately, Plaintiff's allegations of "material omissions" and "false statements" are illusory. Neither the Complaint nor the Response plausibly alleges that Sgt. Reamer intentionally lied in her affidavit or acted with reckless disregard for the truth.[16] Plaintiff's Response merely

---

[11] Pl.'s 1st Amend. Compl., Dkt. 13, ¶¶ 5, 7, 30–33, 100.
[12] *United States v. One Fossilized Tyrannosaurus Bataar Skull*, 365 F.Supp.3d 759, 764 (N.D. Tex. 2018).
[13] *See* Reamer Mot. to Dismiss, Exhibit 1, Dkt. 14-1 at pg. 5.
[14] *Id*. at 10.
[15] *Id.*
[16] *Benfer v. City of Baytown*, 120 F.4th 1272, 1281 (5th Cir. 2024); *Laviage v. Fite*, 47 F.4th 402, 406 (5th Cir. 2022) (reciting elements of a *Franks* claim).

repackages the same self-serving allegations contained in his Complaint, not facts supporting a *Franks* violation.

7.      As the Western District has previously noted, "[t]o determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause."[17] None of Plaintiff's alleged omissions vitiated probable cause.

8.      Even if Plaintiff's preferred context were added, the corrected affidavit would still reflect that: (1) Cody reported that Jamie's side of the family repeatedly contacted him to sign affidavits he believed were false; (2) Cody identified Plaintiff as one of the family members involved by referring to "my grandfather on Jamie's side"; (3) Andrea reported that she and Cody feared retaliation, including CPS involvement, if they did not cooperate; (4) the March 4 petition reported a threat attributed to "granddad" involving a $40,000 loss and him coming down "cracking hard"; and (5) the County Attorney's Office advised Sgt. Reamer that Cody repeatedly reported Plaintiff threatened to have Cody's children removed if he did not side with Jamie and sign the affidavits.[18] Those facts still support probable cause for witness tampering.

9.      Accordingly, Plaintiff's attack on the probable cause underlying his arrest warrant fails as a matter of law under both his *Malley* challenge on the facial sufficiency of the warrant affidavit and his *Franks* challenge on the truthfulness of the warrant affidavit. Dismissal is therefore proper for Plaintiff's false arrest or malicious prosecution claims against Sgt. Reamer.

**c.      Plaintiff's Response fails to invoke the *Nieves* narrow qualification exception.**

---

[17] *Bradley v. Acuna*, No. A-21-CV-498-DII, 2024 WL 201367, at *4 (W.D. Tex. Jan. 17, 2024).
[18] Ex. A to Pl.'s 1st Amend. Compl., Dkt. 13.1, at 4.

10.    Plaintiff's reliance on the *Nieves* narrow qualification exception is misplaced. In *Nieves v. Bartlett*, the Supreme Court held that, as a general rule, a plaintiff bringing a retaliatory-arrest claim "must plead and prove the absence of probable cause for the arrest."[19] At the same time, the Court recognized a narrow exception to that rule: "[t]he existence of probable cause does not defeat a plaintiff's claim if he produces 'objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.'"[20]

11.    Plaintiff's sole purported comparator—Kimberly Kennedy—is not similarly situated. Plaintiff alleges that Kimberly Kennedy submitted an affidavit reporting Shelby's account.[21] Plaintiff does not allege that Kennedy engaged in the conduct underlying the warrant—repeatedly contacting family members as a form of coercion to get them to aver to false testimony. Because Plaintiff identifies no similarly situated individual who engaged in the same witness-tampering conduct but was not arrested, the narrow *Nieves* exception is inapplicable here.[22]

## II.    **PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendant, Sgt. Reamer, respectfully requests that this Court dismiss Plaintiff's claims against it for failure to plead a plausible claim, and for all other and further relief to which they may be justly entitled in either law or equity.

---

[19] *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019)
[20] *Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (citing *Nieves*, 587 U.S. at 407).
[21] Pl.'s 1st Amend. Compl., Dkt. 15, ¶ 102.
[22] *See, e.g.*, *Castro v. Salinas*, No. 518CV00312JKPESC, 2020 WL 3403071, at *6 (W.D. Tex. June 19, 2020).

---

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By: _____/s/ Stephen B. Barron_____
    Stephen B. Barron
    State Bar No. 24109619
    sbarron@w-g.com
    Blair J. Leake
    State Bar No. 24081630
    bleake@w-g.com

**ATTORNEYS FOR DEFENDANT
ELAINE MICHELLE REAMER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of July 2026, a true and correct copy of the foregoing document was caused to be served upon parties of record via E-File/E-Service/Email, in accordance with the Federal Rules of Civil Procedure. Additionally, a copy of this Reply has been sent by Certified Mail Return Receipt Requested to the last known address of this *pro se* plaintiff address as follows:

**James Louis Roden Sr.**
1555 Tahoe Court
League City, Texas 77573
Email: jroclcnsr@gmail.com
*Pro se Plaintiff*

        _____/s/ Stephen B. Barron_____
        Stephen B. Barron