IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 5:26-cv-00081-XR |
| | § | |
| ELAINE MICHELLE REAMER, and | § | |
| COUNTY OF GUADALUPE, TEXAS | § | |
| *Defendants*. | § | |

---

**DEFENDANT GUADALUPE COUNTY'S REPLY IN SUPPORT
OF THE (12)(b)(6) MOTION TO DISMISS**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, the **County of Guadalupe, Texas** ("the County" or "Guadalupe County") now files this Reply in Support of its Motion to Dismiss Plaintiff James Louis Roden Sr.'s First Amended Complaint (Dkt. 13). In support, Guadalupe County would show the Court as follows:

## I.   ARGUMENTS & AUTHORITIES

### A.  Count VI: Plaintiff fails to state a plausible *Monell* claim.

1.      To survive dismissal, *Pro Se* Plaintiff James Louis Roden Sr. ("Plaintiff") must plead facts showing the existence of an official policy, practice, or custom attributable to Guadalupe County that was the moving force behind the alleged constitutional violation.[1] Plaintiff does not identify an official written policy and therefore he must plausibly allege a practice that was "so persistent and widespread as to practically have the force of law."[2] Plaintiff has not done so.

#### a.  Plaintiff's failure to plead a pattern of similar, prior instances entitles Guadalupe County to dismissal.

2.      Plaintiff's Response merely repackages the same conclusory allegations contained in his First Amended Complaint (the "Complaint"). Plaintiff's Complaint alleges that Guadalupe County, through its Sheriff's Office and final policy makers, maintained an unwritten custom or practice of: (1) failing to independently investigate or verify probable cause affidavits before seeking arrest warrants; (2) failing to properly train or supervise officers regarding warrant-affidavit preparation and disclosure obligations; and (3) ratifying the allegedly unconstitutional conduct of Sheriff's Office personnel.[3]

3.      Plaintiff's Response, like his Complaint, fails to identify any prior instances indicative of a widespread or pervasive County practice beyond the circumstances of Plaintiff's own arrest or the same underlying incident, or incidents, that occurred ***after*** Plaintiff's arrest.[4] Because the

---

[1] *See Webb v. Town of St. Joseph*, 925 F.3d 209, 216 (5th Cir. 2019).

[2] *Murray v. City of Copperas Cove*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *8 (W.D. Tex. Aug. 13, 2024) (citing *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023)) ("To sufficiently plead that a practice is so persistent and widespread as to have the force of law, a plaintiff's description of the alleged policy cannot be conclusory and must contain specific facts.").

[3] Exhibit H to Pl.'s 1st Amend. Compl., Dkt. 13.8, at 1–2.

[4] *Id.* (listing incidents that occurred between May 13, 2025 and November 13, 2025); Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 17 ("Plaintiff

---

incidents Plaintiff relies on post-date the alleged constitutional violation—his arrest on April 8, 2025—he cannot demonstrate that Guadalupe County maintained a custom or practice that was the moving force behind Plaintiff's alleged constitutional violation.[5]

4.       In short, Plaintiff still identifies no written policy and no similar, specific, and sufficiently numerous prior incidents to give rise to the plausible inference of an unofficial custom or policy.

> **b. Plaintiff's attempt to avoid dismissal by invoking the "extremely narrow" single incident exception overstates what was included in Plaintiff's First Amended Complaint. This Court should ignore his improper attempt to inject a new theory of municipal liability. Regardless, he has not pleaded facts establishing he is entitled to survive dismissal under that exception under Fifth Circuit precedent.**

5.       The Defense struggles to identify any factual allegations in the First Amended Complaint supporting Plaintiff's newly asserted "single incident" theory of municipal liability.[6] Nowhere in Count VI does Plaintiff identify how a policymaker at Guadalupe County made a "single decision" that could represent a one-time policy that was the moving force of Plaintiff's alleged constitutional injury.[7] Instead, Plaintiff's Complaint alleges his arrest arose from a series of actions by multiple individuals over an extended period of time, including the prosecutor, Sgt. Reamer, unnamed sheriff personnel, County Attorney Office personnel, and even Michael Walker's criminal defense attorneys.[8] "For the single decision exception to apply, 'the constitutional harm

---

pleads the County's handling of Dolores Roden's sworn criminal complaint against Cody Koelle—a separate matter, ***filed months after the warrants*** . . . .").

[5] *Savage v. Harris County*, No. 4:24-CV-0666, 2025 WL 1697619, at \*9 (S.D. Tex. June 17, 2025) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009)) ("Defendants are correct that Plaintiff cannot rely on incidents that occurred *after* the incident involving Plaintiff. The Fifth Circuit has explained that a pattern 'requires sufficiently numerous *prior* incidents.'").

[6] *See* Pl.'s 1st Amend. Compl., Dkt. 13, ¶¶ 130–34.

[7] *Id.*

[8] *Id.*; Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 15–16.

---

in question must've been the plainly obvious consequence of the actor's *single decision*.'"[9] Plaintiff's convoluted theory, built on such a web of alleged conduct, does plausibly allege one policymaker's single decision.[10]

6.      Plaintiff's Response only compounds the problem. For the first time, Plaintiff claims that Guadalupe County's Sheriff is the purported final policymaker for purposes of his *Monell* claim and names his command staff.[11] It has long been established that facts and claims raised only in response to a dispositive motion are not properly before the Court.[12] Accordingly, "plaintiffs cannot bolster allegations of their complaints with new allegations stated in a response to a motion to dismiss."[13]

7.      In any event, like Plaintiff's pleadings regarding an unofficial policy, Plaintiff's Response fails to identify what specific decision Guadalupe County's Sheriff allegedly made, when that decision was made, what alternatives were available, what role command staff played in the alleged decision, or how that decision was the moving force of Plaintiff's alleged constitutional injury.[14] Instead, Plaintiff broadly references that the Guadalupe County Sheriff is the County's final policymaker and notes their purported receipt of communications from Plaintiff regarding his

---

[9] *Thompson v. McGehee*, 761 F. Supp. 3d 937, 944 (N.D. Tex. 2025) (quoting *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022)).

[10] *Id.*

[11] Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 13–14 (alleging that Guadalupe County acted "through the Sheriff as final policymaker for law-enforcement warrant practices").

[12] *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Calvin v. Harrington*, No. 3:19-CV-02294-G-BT, 2021 WL 932051, at *6 (N.D. Tex. Feb. 22, 2021) R&R adopted, No. 3:19-CV-2294-G (BT), 2021 WL 929103 (N.D. Tex. Mar. 11, 2021).

[13] *S.P. v. Ne. Indep. Sch. Dist.*, No. SA-21-CV-0388-JKP-RBF, 2021 WL 3272210, at *7 (W.D. Tex. July 30, 2021).

[14] *See* Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 13–15.

---

arrest and the underlying investigation months after his arrest.[15]

8.　　Neither Plaintiff's Complaint nor his Response allege any instance wherein the Guadalupe County Sheriff—or any other alleged final policymaker—made a deliberate choice among competing alternatives and thereby directed, ordered, approved, or instructed subordinates to engage in conduct that allegedly violated Plaintiff's constitutional rights.[16] The authorities cited in Plaintiff's Response require more.[17] Accordingly, this Court should disregard Plaintiff's new "single decision" theory, and grant Guadalupe County's Motion to Dismiss.

### c.　Plaintiff's ratification theory fails as a matter of law.

9.　　Plaintiff does not meaningfully dispute that this case bears no resemblance to the rare and extreme circumstances presented in *Grandstaff* and the other rare cases in which courts have found ratification claims to be viable.[18] Instead, Plaintiff asserts, without citing any authority for support, that a final policymaker's alleged knowledge of an ongoing constitutional violation and failure to correct it is itself "probative of custom and deliberate indifference, independent of whether the underlying act is 'extreme.'"[19]

---

[15] *Id.* at 14, 18.

[16] *See, e.g.*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986) (discussing situation in which supervisors of sheriff deputies, who were final policymakers, made "single decision" to tell the deputies to forcibly enter the plaintiff's clinic).

[17] *Id.* at 483 ("We hold that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Turner v. Upton County*, 915 F.2d 133, 138 (5th Cir. 1990) (holding county liable for sheriff's actions in planting evidence and coercing plaintiff to plead guilty of resulting charges despite knowledge of innocence, concluding "[w]hen the official representing the ultimate repository of law enforcement power in the county makes a deliberate decision to abuse that power to the detriment of its citizens, county liability under section 1983 must attach, provided that the other prerequisites for finding liability under that section are satisfied"); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996) (holding that municipal liability may exist for a single decision "if that decision were made by a final policymaker responsible for that activity").

[18] Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 18.

[19] *Id.*

---

10.     Defendant can only infer that Plaintiff is attempting to recast this "failure to correct" theory as evidence of an unofficial policy or custom under *Monell*, rather than a true ratification claim. But that theory fares no better. In *Milam*, the Fifth Circuit expressly held that the mere fact that policymakers failed to take disciplinary action does not prove that they knew of and approved the illegal character of the officers' actions or that the actions accorded with municipal policy.[20] The *Milam* court further observed that "it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."[21]

11.     As in *Milam*, Plaintiff's allegations concern complaints and correspondence sent months after his arrest. Under *Milam*, those allegations are insufficient as a matter of law to state a plausible ratification claim or establish municipal liability under *Monell*.[22]

### d. Plaintiff appears to abandon his failure to train and failure to supervise theories of municipal liability.

12.     Plaintiff does not meaningfully respond to the County's arguments regarding his failure-to-train and failure-to-supervise theories.[23] Plaintiff does not attempt to identify a pattern of similar constitutional violations, nor does he plead facts demonstrating deliberate indifference as required by Fifth Circuit precedent.[24] Instead, Plaintiff acknowledges the narrow nature of such claims and

---

[20] *Allen v. City of Galveston*, No. CIV.A. G-06-467, 2008 WL 905905, at *8 (S.D. Tex. Mar. 31, 2008) (citing *Milam v. City of San Antonio*, 113 Fed. Appx. 622, 626 (5th Cir. 2004)).

[21] *Milam*, 113 Fed. Appx. at 628.

[22] *Id.* at 626–28.

[23] *See* Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 19.

[24] *See Hutcheson v. Dallas County*, 994 F.3d 477, 482 (5th Cir. 2021) (explaining to show deliberate indifference in a failure to train or supervise claim, "a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees"); *see, e.g.*, *Murray*, No. 1:23-CV-541-DII, 2024 WL 3799463, at *9 (dismissing a Plaintiff's failure-to-train Monell claim when that Plaintiff similarly "largely relie[d] on the fact that the Incident occurred to suggest that [the

expressly states that his *Monell* claim purportedly survives on other theories.[25] As shown *supra*, Plaintiff's alternative theories of municipal liability fail as well. Accordingly, Plaintiff has not plausibly pleaded municipal liability under *Monell*, and Count VI should be dismissed in its entirety.

**B. Count 4: Plaintiff has not plausibly pleaded a failure-to-accommodate claim under Title II of the ADA or Section 504 of the Rehabilitation Act for the State District Court's alleged delay in permitting him to appear remotely.**

13.     "[T]he ADA and the Rehabilitation Act—unlike Title VI—impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals."[26] "To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations."[27] However, a plaintiff "may only recover compensatory damages upon a showing of intentional discrimination" by the governmental entity's employee.[28]

14.     In Response, Plaintiff primarily relies on *Strife* to argue that he was subjected to an unreasonable delay in his requested accommodations *during* the pendency of his criminal proceedings.[29] But also in his Response, Plaintiff seems to clarify that he is aiming this claim at the 25th District Court in Guadalupe County, Texas—as the only specific conduct he has identified

---

City] must have inadequate policies" or that the City "failed to train all officers involved in the Incident on lawful arrests").

[25] Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 19.

[26] *Smith v. Harris Cnty. Tex.*, 956 F.3d 311, 317 (5th Cir. 2020).

[27] *Id.*

[28] *Id.*

[29] *See* Pl.'s Resp. in Opp'n to Def. Guadalupe County's Rule 12(b)(6) Mot. to Dismiss, Dkt. 17, at 6 (citing *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 347 (5th Cir. 2025) (finding in the employment context that a public school employee plausibly stated that a 6-month interactive process with the School District to determine if an ADA accommodation for a service dog would be granted plausibly stated a claim for failure to accommodate).

as a failure to accommodate *his* disabilities revolves around his claim that he could not appear in court due to an "eight-hour round trip…".[30]

15.    To wit, on pages five through seven of the Response, Plaintiff alleges that he emailed the "Court Administrator" and requested the Court to allow him certain settings lest he be "effectively" denied access to the Courts.[31] Plaintiff further admits the Court did eventually allow him to appear remotely.[32] But the Fifth Circuit has held that "district courts are part of a statewide system" in Texas, and therefore their actions cannot impute liability on a Texas County as if they were "county officers."[33] So too here. Plaintiff's Response clarifies his claims revolve around him not timely receiving the settings he wanted in the manner he wanted in State District Court *after* his criminal proceeding began. But those decisions were ultimately up to the district judge. Any denial or delay of Plaintiff's requested settings cannot impute liability onto Guadalupe County, Texas. This failure to accommodate claim against the County should be dismissed.

### C. Count 5: Plaintiff has not plausibly pleaded a prima facie case for retaliation or interference under Title V of the ADA or Section 504 of the Rehabilitation Act.

16.    To state a prima facie case for retaliation under either Section 504 or the ADA, Plaintiff must show that (1) he was engaged in a protected activity; (2) adverse action was taken against him; and (3) a causal connection exists between the protected activity and adverse action.[34] "To

---

[30] *Id*. at 5.

[31] *Id*. at 5 – 7 (noting that he "sent a letter to the presiding judge…").

[32] *Id*. at 3.

[33] *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 540 (5th Cir. 2022).

[34] *See Kerns v. Smith County*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9 (E.D. Tex. Mar. 25, 2025), R&R adopted sub nom. *Kerns v. Smith County*, No. 6:24-CV-00427, 2025 WL 2694846 (E.D. Tex. Sept. 22, 2025).

establish a causal link between the protected conduct and the adverse action, a plaintiff must show that the defendant's decision was based in part on knowledge of the plaintiff's protected activity."[35]

### a.   Plaintiff's acts in violation of state law are not protected activities.

17.     Plaintiff offers only his own characterization of his conduct as "advocacy" to support the conclusion he was engaged in protected activity.[36] Apart from his requests for ADA accommodation,[37] Plaintiff's communications attached as exhibits to his Complaint consist of complaints about subpoenas issued to members of Plaintiff's family, criticisms of the prosecution, attempts to influence the handling of Jamie Walker's criminal case, arguments regarding witness credibility, and assertions regarding Jamie Walker's innocence.[38] Those communications are not requests for disability accommodations or efforts to secure ADA rights and cannot be transformed into protected activity simply because Plaintiff labeled himself an "advocate."[39]

18.     Other attached exhibits reveal the same and further belie Plaintiff's characterization of his conduct as "advocacy" or protected activity: Plaintiff had undertaken a substantial campaign of advocacy on his sister Jamie Walker's behalf, leading him to ultimately contact contacted Cody

---

[35] *Id.* (quoting *Bracken v. G6 Hospitality, LLC*, No. 4:14-cv-644-ALM-CAN, 2016 WL 3946791, at *7 (E.D. Tex. June 3, 2016), R&R adopted, 2016 WL 3917701 (E.D. Tex. July 20, 2016)) (cleaned up).

[36] "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Bracken*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *5 (quoting *Amos v. Palmetto Gov't Benefit Adm'r*, 122 Fed. Appx. 105, 109 (5th Cir. 2005)). Courts must disregard legal conclusions that are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[37] Making a request for reasonable accommodation under the ADA may constitute engaging in a protected activity, *Way v. City of Missouri City*, 133 F.4th 509, 522 & n.20 (5th Cir. 2025). But Plaintiff's claim with respect to his request for ADA accommodations is deficient under the third prong—Plaintiff has not pleaded any facts indicating that the County retaliated against Plaintiff because of such accommodations request—addressed *infra*.

[38] *See* Exhibits B & C to Pl. 1st Amend. Compl., Dkts. 13.2–13.3.

[39] *See Iqbal*, 556 U.S. at 678–79 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice).

---

Koelle and threatened adverse consequences if Cody did not "help Jamie" and execute affidavits favorable to her position.[40] Specifically, the affidavit states that Plaintiff told Cody that if Cody lost $40,000 "he was going to start cracking down," that Plaintiff would have Cody's children removed if he did not assist Jamie Walker, and that these statements were made with the intent to influence Cody's testimony in an official proceeding.

19.    Based on those allegations, Plaintiff was arrested for witness tampering arising from his alleged communications with Cody Koelle and efforts to influence statements and affidavits relevant to Jamie Walker's criminal case.[41] As the Eighth Circuit stated in *Bradley ex rel. Bradley*, acts taken "in violation of state law likely are not protected activities."[42] Plaintiff's retaliation claims under the ADA and Section 504 Rehabilitation Act accordingly fail at the outset because Plaintiff has failed to plead facts demonstrating he engaged in a protected activity.

> **b.    Even if the Court assumes Plaintiff engaged in protected activity, Plaintiff fails to show a genuine issue of material fact as to a causal connection between such activity and his arrest.**

20.    Defendant concedes that Plaintiff's October 8, 2025 "Request for ADA Accommodation" filed in his criminal proceedings may constitute protected activity for purposes of unlawful retaliation under the ADA.[43] However, Plaintiff stumbles at the third prong, which requires him to show a causal connection between such protected activity and any adverse action.[44]

---

[40] Exhibit A to Pl. 1st Amend. Compl., Dkt. 13.1, at 3.

[41] *See* Exhibit A to Pl. 1st Amend. Compl., Dkt. 13.1, at 3–4.

[42] *Bradley ex rel. Bradley v. Arkansas Dep't of Educ.*, 443 F.3d 965, 976 (8th Cir. 2006).

[43] Pl.'s 1st Amend. Compl., Dkt. 13.3, at 31–37; *Kerns v. Smith County*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9 (citing *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008)) (holding that it was "uncontested that Plaintiff engaged in a 'protected activity'" when plaintiff requested accommodation under the ADA including extended deadlines, oral hearings, and enhanced access to the court's filing system).

[44] *See, e.g.*, *Kerns*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *1, *9 (dismissing plaintiff's Title V retaliation claim where he failed to establish a causal link between his request

---

21.     Plaintiff has not pleaded any facts indicating that Defendant retaliated against him because of this request for accommodations. The Eastern District recently rejected a similar ADA retaliation claim in *Kerns v. Smith County*, where the plaintiff unquestionably requested ADA accommodations during his state court case but failed to plead facts connecting the protected activity and any adverse action taken by defendants.[45]

22.     The same defect exists here. Plaintiff offers only conclusory assertions of retaliation. Accordingly, even assuming Plaintiff engaged in protected activity by filing his October 8, 2025 Request for ADA Accommodation, he has failed to plead facts indicating that Defendant retaliated against him because of this accommodations request.

## II.     PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant, the County of Guadalupe, Texas, respectfully requests that this Court dismiss Plaintiff's claims against it for failure to plead a plausible claim, and for all other and further relief to which they may be justly entitled in either law or equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600
(512) 476-5382 – Fax

By:_____/s/ Stephen B. Barron_____
Stephen B. Barron
State Bar No. 24109619
sbarron@w-g.com
Blair J. Leake
State Bar No. 24081630

---

for accommodations and the Judge's actions transferring plaintiff's case into his court and scheduled seven motions in one day).
[45] *Kerns*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9.

bleake@w-g.com

**ATTORNEYS FOR DEFENDANT
COUNTY OF GUADALUPE, TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July 2026, a true and correct copy of the foregoing document was caused to be served upon parties of record via E-File/E-Service/Email, in accordance with the Federal Rules of Civil Procedure. Additionally, a copy of this Reply has been sent by Certified Mail Return Receipt Requested to the last known address of this *pro se* plaintiff address as follows:

James Louis Roden Sr.
1555 Tahoe Court
League City, Texas 77573
Email: jrodensr@gmail.com
*Pro se Plaintiff*

        /s/ Stephen B. Barron
        Stephen B. Barron