IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR.,<br>*Plaintiff,* | § § § | |
| v. | § § | Case No. 5:26-cv-00081-XR |
| ELAINE MICHELLE REAMER, and<br>COUNTY OF GUADALUPE, TEXAS<br>*Defendants.* | § § § § | |

**PLAINTIFF'S SUR-REPLY TO GUADALUPE COUNTY'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

Plaintiff files this short Sur-Reply to answer three matters that appear for the first time in Guadalupe County's Reply (Dkt. 22).

**I.  The final-policymaker route was in the Complaint from the start.**

1.      The Reply says Plaintiff first named the Sheriff as final policymaker in his Response (Dkt. 22 ¶ 6). He did not. The Complaint alleges that "Guadalupe County, through the Sheriff as final policymaker for law-enforcement warrant practices … maintained or tolerated" the challenged conduct. (Compl. ¶ 130.) Plaintiff's Response then pointed the Court to that paragraph and to the settled rule behind it. (Dkt. 17 at 12–13.)

2.      Nor was the theory confined to a single paragraph. The Complaint pleads County liability "based on sheriff-side warrant practices, failure to independently investigate prosecutor-routed accusations, failure to train and supervise, … and ratification" in its opening allegations (Compl. ¶ 16), alleges that the County is liable to the extent the injury "resulted from sheriff-side

customs, failure to investigate, failure to train, prosecutor-routed accusation processing adopted by County policymakers, and ratification after notice" (Compl. ¶ 117), and pleads the final-policymaker route by name in the municipal-liability count (Compl. ¶ 130). A theory appearing in the parties allegations, the retaliation count, and the municipal-liability count alike was not raised for the first time in the Response.

3.      The rule is not novel. A Texas sheriff is the county's final policymaker for law enforcement "by virtue of the office to which the sheriff has been elected," *Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990); accord *McMillian v. Monroe County*, 520 U.S. 781, 785 (1997), so a single decision within that sphere can bind the County. Because the theory was pleaded, the principle that a plaintiff may not amend by brief (Reply ¶ 6, citing *Cutrera*) does not apply—there is nothing to strike as new. Plaintiff does not argue the sufficiency of the route here; he asks only that it not be set aside as unpleaded, because the Complaint pleaded it.

**II.  The County's new "state-court" defense was not in its Motion and does not reach the bond-supervision claim it ignores.**

4.      The Motion challenged the failure-to-accommodate claim on one theory only—that Plaintiff had not pleaded intentional discrimination under *J.W. v. Paley*. (Dkt. 15 at 7–8.) The Reply drops that theory and raises a different one for the first time: that scheduling by a Texas state district court belongs to a "statewide system" and cannot be laid at the County's door under *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022). (Dkt. 22 ¶ 15.) A defense withheld from the opening motion and sprung in reply is not properly before the Court. *Cutrera*, 429 F.3d at 113; *Jones*, 600 F.3d at 541.

5.    Even if the Court reaches *Daves*, it answers only part of the claim. *Daves* concerns the acts of state district courts; it says nothing about bond supervision, which the County itself administers. Plaintiff's Title II claim rests substantially on that County function. The Complaint pleads bond supervision among "the County's relevant services, programs, or activities" (Compl. ¶ 16), alleges that the County "maintained or allowed … bond-supervision … processes that imposed long-distance travel for short in-person bond supervisor meetings" on a disabled, elderly veteran (Compl. ¶ 88), and pleads bond supervision as a service to which Plaintiff was denied meaningful access (Compl. ¶¶ 91, 121–123). Plaintiff's Response pressed the same point—that requiring an eight-hour round trip for brief in-person bond-supervision check-ins, when the County had and used remote means, supports deliberate indifference. (Dkt. 17 at 6–7.) The County's Reply never engages it. Whatever *Daves* may say about a state court's docket, it does not excuse the County's own bond-supervision practices.

### III.  The County's new retaliation authority does not fit this case.

6.    The Motion's only retaliation argument was that Plaintiff pleaded no protected activity, citing *K.G.S.* (Dkt. 15 at 9). The Reply adds a new authority, *Kerns v. Smith County*, 2025 WL 2946094 (E.D. Tex.), for the proposition that a comparable retaliation claim was dismissed. (Dkt. 22 ¶¶ 16, 21.) It is new to the Reply and, in any event, does not support dismissal here.

7.    *Kerns* was a disabled litigant's suit against a state district judge and a state court over accommodations in his own proceedings; his Title V claim rode on that Title II accommodation claim. The court dismissed it chiefly because Title V "alone does not abrogate Texas's sovereign immunity," and the state defendants enjoyed that immunity—so the official-capacity claims against the state-judge defendants were dismissed for want of jurisdiction. Those grounds are absent here. Plaintiff sues Guadalupe County, a local government with no Eleventh Amendment

immunity, and his retaliation claim is not a derivative accommodation claim against a court. The County itself concedes that Plaintiff's ADA accommodation request "may constitute protected activity" (Dkt. 22 ¶ 20), which is the very element *Kerns* found missing. The case does not govern this one.

For these reasons, Plaintiff asks the Court, in deciding the Motion, to treat the final-policymaker route as pleaded, to decline the County's newly raised *Daves* defense (which in any event does not reach County bond supervision), and to give *Kerns* no weight against a county defendant on these facts.

Respectfully submitted,

/s/ James Louis Roden Sr.
James Louis Roden Sr.
Plaintiff, Pro Se
1555 Tahoe Ct. League City TX 77573
(417) 593-1714 · jrodensr@gmail.com