IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LOUIS RODEN SR.,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 5:26-cv-00081-XR |
| ELAINE MICHELLE REAMER, and<br>COUNTY OF GUADALUPE, TEXAS<br>*Defendants.* | §<br>§<br>§<br>§ | |

### PLAINTIFF'S MOTION TO EXPEDITE RULING ON THE PENDING MOTIONS TO DISMISS AND TO SET AN EXPEDITED SCHEDULE

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:**

Plaintiff James Louis Roden Sr. respectfully moves the Court to expedite its consideration of the pending motions to dismiss and to set an expedited case schedule. Plaintiff is a seventy-eight-year-old disabled veteran in failing health, and the ordinary pace of litigation presents a real risk that his case will not be resolved, and his own participation preserved, within the time his health allows. In support, Plaintiff shows:

### I. GROUNDS

1.     Plaintiff is seventy-eight years old. The sworn, notarized affidavit of his treating physician, Dr. Bosley, M.D., attached as Exhibit A, confirms that Plaintiff suffers from multiple chronic conditions and functional limitations — including impaired mobility, gait and balance impairment, fall risk, chronic pain, neuropathy, chronic back and neck pain, osteoarthritis, bilateral hip pain, and reduced endurance — and that delay in obtaining his testimony may create a meaningful risk that he becomes medically unable or unavailable to testify.

2.     Plaintiff filed this action on January 5, 2026. Although more than six months have passed, the case remains at the pleading stage. Given the current pace and trajectory of the litigation, and Plaintiff's age and medical condition, it is important that Plaintiff be able to live to see a resolution

of this case. The ordinary pace of litigation presents a real risk that a resolution will not be reached within the time Plaintiff's health allows.

3.      The motions to dismiss are fully briefed and ripe. A substantial portion of the threshold question presented — whether the challenged warrant affidavit was facially sufficient — is a pure question of law resolvable on the four corners of the affidavit without discovery. Expedited resolution of that legal question would materially advance the case.

4.      Plaintiff does not seek to shorten any deadline that would prejudice Defendants' briefing, which is complete. He asks only that the Court advance its consideration and, upon ruling, set an expedited scheduling conference and case deadlines in light of his age and medical condition.

## II. RELIEF REQUESTED

5.      Plaintiff respectfully requests that the Court: (a) advance and expedite its ruling on the pending motions to dismiss; (b) upon ruling, promptly convene a scheduling conference and enter an expedited scheduling order; and (c) grant such other relief as is just, including any trial preference appropriate under the circumstances given Plaintiff's age and health.

## III. CERTIFICATE OF CONFERENCE

5.      On July 6, 2026, Plaintiff conferred in writing by email with counsel for Defendants regarding the relief requested in this motion and stated Plaintiff's position. As of the date of this filing, July 16, 2026, counsel for Defendants has not responded. Plaintiff has therefore been unable to obtain Defendants' position and presumes the motion is unopposed in light of my sworn notarized medical affidavit from my Primary Physician Dr. Bosley. M.D.

Respectfully submitted,

/s/ James Louis Roden Sr
James Louis Roden Sr.
*Plaintiff, pro se*
1555 Tahoe Ct. League City TX 77573 (417) 593-1714 jrodensr@gmail.com

## CERTIFICATE OF SERVICE

I certify that on <u>July 16th, 2026,</u> a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

<u>/s/ James Louis Roden Sr.</u>
James Louis Roden Sr.