IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LOUIS RODEN SR.,
    *Plaintiff,*

v.

ELAINE MICHELLE REAMER, and
COUNTY OF GUADALUPE, TEXAS
    *Defendants.*

§
§
§
§
§
§
§
§
§

Case No. 5:26-cv-00081-XR

---

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO TAKE AN EXPEDITED**

**DEPOSITION TO PERPETUATE HIS OWN TESTIMONY**

**TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:**

Plaintiff James Louis Roden Sr. respectfully moves, under Federal Rules of Civil Procedure 26(d), 30, and 32(a)(4), for leave to take an expedited deposition to perpetuate his own testimony for use at trial and in these proceedings. Plaintiff is a seventy-eight-year-old disabled United States Army veteran who, as confirmed by the sworn affidavit of his treating physician, suffers from multiple chronic medical conditions and functional limitations that impair his mobility, endurance, and ability to participate in extended proceedings. His physician opines that delay in obtaining his testimony may create a meaningful risk that Plaintiff becomes medically unable or unavailable to testify. There is accordingly a substantial risk that, absent preservation, Plaintiff's testimony will be lost before it can be presented. In support, Plaintiff shows the following:

**I. INTRODUCTION AND RELIEF REQUESTED**

1.    Plaintiff seeks a narrow, targeted order permitting a single deposition of himself, to be recorded by stenographic and audiovisual means, for the purpose of perpetuating his testimony under Rule 32(a)(4). Plaintiff does not, by this motion, seek to open general merits discovery, and he does not seek to depose Defendant Reamer or any other individual. The sole subject is the preservation of Plaintiff's own account before his health forecloses the opportunity.

2.      Because a motion to dismiss asserting qualified immunity is pending, Plaintiff has framed this request to avoid the concerns that ordinarily justify a stay of discovery. The perpetuation of a party's own testimony in the face of grave illness is not the merits discovery that qualified immunity is designed to defer. Plaintiff respectfully submits that this relief may be granted without disturbing the Court's consideration of the pending motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

3.      Plaintiff filed this civil-rights action on January 5, 2026, arising from his April 7, 2025 arrest on a first-degree felony witness-tampering charge that was later declined and never presented to a grand jury. Plaintiff's First Amended Complaint is the operative pleading, and Defendants' motions to dismiss have been fully briefed. Although the case was filed on January 5, 2026, it remains at the pleading stage. Given the current pace and trajectory of the litigation, it is important that Plaintiff — a seventy-eight-year-old veteran in failing health — be able to live to see a resolution of this case, and that his testimony be preserved against the risk that he cannot.

4.      Plaintiff is seventy-eight years old. The sworn, notarized affidavit of Plaintiff's treating physician, Dr. Bosley, M.D., attached as Exhibit A, confirms that Plaintiff suffers from multiple chronic conditions and functional limitations, including impaired functional mobility, gait and balance impairment, fall risk, chronic pain, neuropathy, chronic back and neck pain, osteoarthritis involving multiple joints, bilateral hip pain, and reduced physical endurance. Dr. Bosley states that, based on Plaintiff's age, chronic conditions, impaired mobility and balance, fall risk, and overall medical status, delay in obtaining Plaintiff's testimony may create a meaningful risk that Plaintiff could become medically unable or unavailable to provide testimony at a later date, and that preserving his testimony by deposition as soon as reasonably possible is medically justified.

5.      Plaintiff's testimony is central to this case. He is the affiant-target of the challenged warrant, a percipient witness to his own advocacy for two intellectually disabled family members, and the person best able to describe his conduct, his communications with County officials, his disability and medical limitations, and the absence of any threat or benefit that the charged statute requires. No other witness can supply Plaintiff's firsthand account.

## III. LEGAL STANDARD

6.     Under Rule 26(d)(1), a party may seek discovery before the Rule 26(f) conference by court order. Courts in this Circuit apply a good-cause or reasonableness standard to such requests, examining the purpose of the discovery, its narrowness, and the prejudice to the responding party. The preservation of testimony that may be lost to death or incapacity is a paradigmatic showing of good cause.

7.     Rule 32(a)(4) confirms the purpose of such a deposition: a deposition may be used at trial against a party if the witness is unavailable because of age, illness, or infirmity. Rule 30 permits the deposition itself; Rule 32(a)(4) preserves its use. Read together, these Rules authorize a party facing serious illness to perpetuate his own testimony so that the factfinder is not deprived of it by the passage of time.

8.     The purpose is remedial and forward-looking. A deposition to perpetuate testimony does not adjudicate the merits; it ensures that evidence that presently exists is not irretrievably lost. Where the witness is a party in failing health, the interest in preservation is at its strongest, and the burden on the opposing party — attending a single, noticed deposition — is slight.

## IV. ARGUMENT

### A.     Good cause exists because Plaintiff's testimony may be lost to illness.

9.     The central fact is straightforward and supported by sworn medical evidence: Plaintiff is elderly and medically compromised, and the risk of losing his testimony is real. The affidavit of Dr. Bosley, M.D. (Exhibit A) establishes Plaintiff's chronic conditions and functional limitations and states the physician's medical opinion that delay may create a meaningful risk that Plaintiff becomes medically unable or unavailable to testify, and that preserving his testimony as soon as reasonably possible is medically justified. Where a party's testimony is at genuine risk of being lost to incapacity, courts routinely permit its perpetuation. That risk is documented here, not speculative.

### B.     The request is narrow and imposes minimal burden.

10.    Plaintiff seeks to depose only himself. The deposition would be limited in duration, recorded stenographically and by audiovisual means to preserve demeanor for the factfinder, and conducted on reasonable notice at a location and in a manner accommodating Plaintiff's medical

limitations, including by remote means if his condition requires. Defendants would receive full notice and a full opportunity to cross-examine, which is precisely what Rule 32(a)(4) contemplates and what protects the deposition's later admissibility.

11.     Plaintiff will answer questions in his own words during the deposition, including on cross-examination, subject to the reasonable medical accommodations his physician has identified. As set forth in Exhibit A, Dr. Bosley states that it is medically reasonable for Plaintiff to participate remotely by video or telephone where personal attendance is not medically necessary, to take reasonable breaks as needed due to pain, fatigue, or limited endurance, and — should Plaintiff's fatigue, pain, or limited vocal endurance prevent him from reading a prepared statement aloud himself — for a designated support person to read that statement aloud for him, provided Plaintiff confirms the statement is his own, adopts it, and affirms that it accurately reflects what he wishes to communicate. Any such prepared statement is limited to Plaintiff's own statement addressing the case and does not substitute for or limit Defendants' opportunity to examine Plaintiff on any subject within the scope of the deposition. These are reasonable disability-related accommodations intended to afford Plaintiff meaningful access while reducing unnecessary medical risk.

**C.     The pending qualified-immunity motion does not bar this relief.**

12.     Qualified immunity shields officials from the burdens of broad pretrial discovery until the threshold immunity question is resolved. Those concerns are not implicated here. Plaintiff does not seek documents from Defendant Reamer, does not seek to depose her, and does not seek to develop the merits against her. He seeks only to preserve his own account. Deferring that preservation would not advance any interest qualified immunity protects; it would risk the permanent loss of a party's testimony for reasons wholly unrelated to the immunity inquiry.

13.     Moreover, Plaintiff's claims against Guadalupe County under Monell and under the disability statutes are not subject to qualified immunity at all. Preservation of Plaintiff's testimony is relevant to those claims independently of any individual-capacity defense. For both reasons, the Court may grant this narrow relief while the motion to dismiss remains under advisement, and Plaintiff respectfully requests that it do so.

**D.     The Court's Standing Order favors forward progress.**

14.     This Court's Standing Order provides that the filing of a motion to dismiss does not stay discovery or otherwise delay the progress of the case absent a separate court order. No such order has issued. Granting leave for a single preservation deposition is consistent with the Court's stated preference that cases move forward while dispositive motions are pending.

## V. CERTIFICATE OF CONFERENCE

15.     On June 17, 2026, Plaintiff conferred in writing by email with counsel for Defendants regarding the relief requested in this Motion and explained Plaintiff's position. On June 19, 2026, counsel advised that Defendants opposed the requested relief but indicated a willingness to reconsider that position upon receipt of a sworn affidavit from Plaintiff's primary care physician.

16.     On July 6, 2026, Plaintiff again contacted counsel by email and provided a notarized affidavit from Plaintiff's primary care physician, Dr. Bosley, setting forth the medical justification for the requested relief. Counsel did not respond. Accordingly, because counsel's last stated position was one of opposition, Plaintiff represents that the Motion remains opposed, notwithstanding counsel's prior indication that he would reconsider his position upon receipt of Dr. Bosley's sworn affidavit.

## VI. CONCLUSION AND PRAYER

17.     For these reasons, Plaintiff respectfully requests that the Court grant leave to take an expedited deposition of Plaintiff to perpetuate his testimony under Rules 26(d), 30, and 32(a)(4); permit the deposition to be recorded stenographically and by audiovisual means; direct that it proceed on reasonable notice at a time, place, and manner accommodating Plaintiff's medical condition, including remotely if necessary; and grant all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ James Louis Roden Sr.
James Louis Roden Sr.
*Plaintiff, pro se*
*1555 Tahoe Ct. League City TX 77573*
*(417) 593-1714 · jrodensr@gmail.com*

## CERTIFICATE OF SERVICE

I certify that on July 16th, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system *[or specify manner of service]*.

/s/ James Louis Roden Sr.
James Louis Roden Sr.